IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| COLORQUICK, L.L.C., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | No. _____ |
| v. | § | |
| | § | JURY DEMANDED |
| VISTAPRINT LIMITED, and | § | |
| OFFICEMAX INCORPORATED, | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiff ColorQuick, L.L.C. brings this action for patent infringement against Defendants VistaPrint Limited and OfficeMax Incorporated, and alleges as follows:

### I.      THE PARTIES

1.      Plaintiff ColorQuick, L.L.C. is a New Jersey limited liability company having a principal place of business at 9100 Pennsauken Highway, Pennsauken, New Jersey 08110.

2.      Upon information and belief, Defendant VistaPrint Limited is a Bermuda company having a principal place of business at Canon's Court, 22 Victoria Street, Hamilton, Bermuda HM 12.  Upon further information and belief, VistaPrint Limited is a nonresident of Texas that engages in business in Texas but does not maintain a designated agent for service of process in Texas.  VistaPrint Limited may be served with process in Bermuda pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

3.      Upon information and belief, Defendant OfficeMax Incorporated is a Delaware corporation having a principal place of business at 263 Shuman Boulevard, Naperville, Illinois

60563.  OfficeMax Incorporated is authorized to do business in Texas and may be served with process by serving its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

## II.      JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  The Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271, *et seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

4.      Personal jurisdiction exists generally over Defendants because Defendants have sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Eastern District of Texas.  Personal jurisdiction also exists specifically over the Defendants because of their conduct in making, using, selling, offering to sell, and/or importing products manufactured by an infringing process within the State of Texas and within the Eastern District of Texas including, but not limited to, through Defendant OfficeMax Incorporated's place of business at 5361 S. Broadway Avenue, Tyler, Texas 75703.

5.      Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and (d).

## III.      PATENT INFRINGEMENT

6.      Plaintiff is the owner of all rights, title, and interest in and under United States Patent No. 6,839,149 ("the '149 Patent"), which duly and legally issued on January 4, 2005.

7.      The '149 Patent describes and claims methods and apparatuses for preparation of production data for a print job using a still image proxy of a page description language image file.  A true and correct copy of the '149 Patent is attached hereto as Exhibit A.

8.      The '149 Patent is valid and enforceable.  35 U.S.C. § 287 has been satisfied.

9.      Defendant VistaPrint Limited has been infringing the '149 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products and/or processes that fall within the scope of the claims of the '149 Patent including, but not limited to, digital print services through its website at http://www.vistaprint.com.

10.     Defendant OfficeMax Incorporated has been infringing the '149 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products and/or processes that fall within the scope of the claims of the '149 Patent including, but not limited to, its ImPress digital print services.

11.     By making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products manufactured by a process that falls within the scope of the claims of the '149 Patent, Defendants have also induced infringement of the '149 Patent under 35 U.S.C. § 271(b), and have contributed to the infringement of the '149 Patent under 35 U.S.C. § 271(c).  The infringing products have no substantial non-infringing uses.

12.     As a direct and proximate result of Defendants' acts of patent infringement, Plaintiff has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known.

13.     Plaintiff has no adequate remedy at law against these acts of patent infringement. Unless Defendants are permanently enjoined from their unlawful infringement of the '149 Patent, Plaintiff will suffer irreparable harm.

### IV.     PRAYER FOR RELIEF

Plaintiff respectfully requests that judgment be entered in its favor and against Defendant VistaPrint Limited and Defendant OfficeMax Incorporated and that the Court grant the following relief to Plaintiff:

A.      Declare that the '149 Patent is valid and enforceable;

B.      Declare that Defendants have infringed the '149 Patent;

C.      Award damages to Plaintiff to which it is entitled for patent infringement;

D.      Enter a preliminary and thereafter a permanent injunction against Defendants' direct infringement of the '149 Patent;

E.      Enter a preliminary and thereafter a permanent injunction against Defendants' active inducements of infringement and/or contributory infringements of the '149 Patent by others;

F.      Award interest on Plaintiff's damages; and

G.       Such other relief as the Court deems just and proper.

## V.      JURY DEMAND

In accordance with FED. R. CIV. P. 38 and 39, Plaintiff asserts its rights under the Seventh

Amendment of the United States Constitution and demands a trial by jury on all issues.

Dated: July 21, 2009.                    Respectfully submitted,


                                          _/s/ Michael W. Shore_____
                                         Michael W. Shore, Attorney-in-Charge
                                         State Bar No. 18294915
                                         Alfonso Garcia Chan
                                         State Bar No. 24012408
                                         Justin B. Kimble
                                         State Bar No. 24036909
                                         **SHORE CHAN BRAGALONE,  LLP**
                                         901 Main Street, Suite 3300
                                         Dallas, Texas 75202
                                         (214) 593-9110 Telephone
                                         (214) 593-9111 Facsimile

                                         ATTORNEYS FOR PLAINTIFF
                                         COLORQUICK, L.L.C.