IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| COLORQUICK, L.L.C., | § | |
| | § | |
| v. | § | NO. 6:09-cv-323 |
| | § | |
| VISTAPRINT LIMITED, et al. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendants Vistaprint Limited ("Vistaprint") and OfficeMax Incorporated's ("OfficeMax") (collectively, "Defendants") motion to transfer this action to the District of Massachusetts (Doc. No. 27). The matter is fully briefed (Doc. Nos. 33, 35, 38). Having considered the parties' submissions, the Court **DENIES** Defendants' motion.

## BACKGROUND

Plaintiff ColorQuick, L.L.C., ("Plaintiff") has accused Defendants of infringing U.S. Patent No. 6,839,149 ("the '149 Patent"). Plaintiff is a New Jersey limited liability company having a principal place of business in Pennsauken, New Jersey, a suburb of Philadelphia, Pennsylvania. Vistaprint is a company organized under the laws of and having a principal place of business in Bermuda.[1] OfficeMax is a Delaware corporation having a principal place of business in Naperville, Illinois.

This Court previously presided over *Colorquick, L.L.C. v. Eastman Kodak Company*, No. 6:06-cv-390, which also involved the '149 Patent. In that case, the Court reviewed technical tutorials, familiarized itself with the patented technology at issue, held a *Markman* hearing, and

---

[1] Plaintiff believes Vistaprint may have moved its corporate headquarters from Bermuda to the Netherlands. PL.'S RESP. at 4 n.1. Although Vistaprint admitted in its answer that it was organized under the laws of Bermuda, it has not confirmed or denied this relocation.

1

issued a thirty-one page claim construction opinion. *See Colorquick L.L.C. v. Eastman Kodak Co.*, No. 6:06-cv-390, 2008 WL 5771324 (E.D. Tex. June 25, 2008). That case was ultimately settled by the parties.

## PARTIES CONTENTIONS

Plaintiff contends judicial economy weighs strongly against transfer. PL.'S RESP. at 12. Plaintiff explains this Court has invaluable familiarity with the asserted patent and the underlying technology based on its involvement in a previous case involving the '149 Patent.. *Id.* at 1, 13. Plaintiff further notes this Court's significant investment in the previous case included holding a *Markman* hearing and issuing a claim construction opinion. *Id.* at 13. Plaintiff argues transfer would unnecessarily cause a new Court to familiarize itself with the patent-in-suit, thereby wasting judicial resources and risking inconsistent adjudication. *Id.* at 13-14. Plaintiff urges the Court to find judicial economy determinative in this case. PL.'S SUR-REPLY at 3.

Defendants argue this Court's previous experience with the '149 Patent is of minimal importance and should not control the disposition of its transfer request. DEFS.' MOT. at 13. Defendants note this case involves different defendants and different accused products. *Id.* Defendants argue the proposed transferee district can refer to this Court's prior claim construction opinion to mitigate the risk of inconsistent rulings. *Id.* at 14. Moreover, Defendants contend promotion of judicial economy is relevant only when there may be simultaneous proceedings. DEFS.' REPLY at 8-9. Thus, Defendants conclude any judicial economy gained by retention of this case will be minimal at best. DEFS.' MOT. at 14.

## LEGAL STANDARD

When determining whether the proposed transferee venue is "clearly more convenient," the

Federal Circuit has held that the "existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice." *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). Courts in this district have consistently recognized the pronounced significance of judicial economy in patent cases, where judicial economy "is of particular importance and may be determinative even if the parties' considerations call for a different result." *Invitrogen Corp. v. General Electric Co.*, No. 6:08-cv-112, 2009 WL 331891, at *4 (E.D. Tex. Feb. 9, 2009) (quoting *Regents of Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997)); *J2 Global Commc'ns, Inc. v. Proctus IP Solutions, Inc.*, No. 6:08-cv-211, 2009 WL 440525 at *5–6 (E.D.Tex. Feb. 20, 2009) (denying transfer in four related infringement cases regarding the same patent to a district with related actions because the transferee forum had stayed the related actions and had not issued a claim construction ruling); *Zoltar Satellite Sys., Inc. v. LG Electronics*, 402 F. Supp. 2d 731, 736–37 (E.D. Tex. 2005) (transferring case to court which had previously construed three of the four patents at issue and presided over a three week jury trial). Where a court has before it a related lawsuit involving the same patent, the same plaintiff, and similar technology, a court's familiarity with the issues and facts is a consideration that weighs against transfer. *Medidea, LLC v. Zimmer Holdings, Inc.*, 2010 WL 796738, at *4 (E.D. Tex. March 8, 2010) (citing *In re Vtech Commc'ns*, 2010 WL 46332, at *2 (Fed. Cir. 2010)).

**DISCUSSION**

Under the circumstances, the Court finds denying transfer promotes judicial economy and increases the efficiency of the judiciary. The Court is intimately familiar with the asserted patent and the related technology. The Court has previously reviewed related technology tutorials, held a *Markman* hearing, and issued an extensive claim construction opinion construing several claim

3

terms. As this Court previously observed when denying a motion to transfer, "[i]f the overlap between cases is substantial, then transferring the cases to a single judge may increase judicial economy and decrease the risk of inconsistent claim constructions." *J2 Global*, 2008 WL 5378010, at *5. Here, these gains will be realized by retaining the case and are sufficient to override other factors regarding transfer. *See Regents of Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) ("Consideration of the interest of justice, which includes judicial economy, 'may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result.'" (quoting *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220-21 (7th Cir. 1986)).

This is not a case where "a court has had limited involvement with the case and the technology, no claim construction opinion has issued, and the cases involve different defendants with different products." *Invitrogen*, 2009 WL 331891, at *4. Rather, this is a case where the Court has had significant involvement with the underlying technology and has previously issued a claim construction opinion related to the one and only patent asserted in this case. Transferring this case would, "prevent the parties from taking advantage of the built-in efficiencies that result from having related cases before the same judge," *Medidea, LLC v. Zimmer Holdings, Inc.*, 2010 WL 796738, at *4 (E.D. Tex. March 8, 2010), and require a duplication of this Court's efforts that "would be wasteful of judicial resources and detrimental to judicial economy." *Zoltar Satellite Sys.*, 402 F. Supp. 2d at 737; *see also Jackson v. Intel Corp.*, No. 2:08-cv-154, 2009 WL 749305, at *4 (E.D. Tex. March 19, 2009) (transferring case because "the knowledge and experience that the judges of [the transferee district] have developed with respect to the [patent-in-suit] cannot easily be replicated in this district without a substantial duplication of effort"). Thus, the interest of judicial economy

weighs heavily against transferring this case.  Any convenience gained in transferring this action would be offset by the loss in judicial efficiency.

## **CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendants' motion.

**So ORDERED and SIGNED this 23rd day of March, 2010.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE