IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| COLORQUICK, L.L.C., | § | |
| | § | |
| v. | § | NO. 6:09-cv-323 |
| | § | |
| VISTAPRINT LIMITED, et al. | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Before the Court is Colorquick, L.L.C.'s ("Plaintiff") motion to dismiss and/or strike Defendant Vistaprint Limited's ("Defendant") affirmative defense and counterclaim of patent unenforceability (Doc. No. 62). Defendant filed a response (Doc. No. 70). Having considered the parties' pleadings, the Court recommends Plaintiff's motion be **GRANTED-IN-PART** and **DENIED-IN-PART**.

Defendant's First Amended Answer and Counterclaims (Doc. No. 57) ("Answer") alleges inequitable conduct based on the Chase reference, ANSWER at 6-7, 13-15, the magSend™ reference, *id.* at 7-8, 15-16, the Seybold 2001 exhibition, *id.* at 8-9, 16-17, and the Seybold 2002 exhibition. *Id.* at 9-10, 17-18. Relying on *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1325-31 (Fed. Cir. 2009), Plaintiff challenges the sufficiency of these allegations. PL.'S MOT. at 1.

The Court is persuaded by Defendant's response that its allegations based on the Chase and magSend™ references sufficiently identify the "who, what, when, where, and how" as required by Federal Rule of Civil Procedure 9(b). *See Exergen*, 575 F.3d at 1327 (holding "the pleading requirement of Rule 9(b) warrants the identification of the who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." (quotation omitted)). Defendant

1

did not respond to Plaintiff's challenges of the Seybold 2001 and 2002 exhibitions. Accordingly, the Court finds those allegations insufficient. The Court recommends Defendant's affirmative defenses and counterclaims based on the Seybold exhibitions be stricken and dismissed, respectively.

For the foregoing reasons, the Court recommends Plaintiff's motion be **GRANTED-IN-PART** and **DENIED-IN-PART**.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 20th day of May, 2010.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE