IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| COLORQUICK, L.L.C., | § § § | |
| *Plaintiff,* | § § | No. 6:09-CV-323 |
| v. | § § | JURY DEMANDED |
| VISTAPRINT LIMITED, and OFFICEMAX INCORPORATED, | § § § | |
| *Defendants.* | § | |

**PLAINTIFF COLORQUICK, LLC'S MOTION TO STRIKE
IMPROPER SUMMARY JUDGMENT EVIDENCE**

Plaintiff ColorQuick, L.L.C. respectfully urges that the Court should strike certain evidence provided in support of Vistaprint Limited's Motion for Summary Judgment of Invalidity because, *inter alia*, the evidence was not timely produced during discovery.

## I. Introduction

Unfortunately, Vistaprint's untimely disclosures have been addressed in earlier briefs.[1] The latest untimely disclosure is Vistaprint's submission of evidence not previously disclosed in support of its Motion for Summary Judgment of Invalidity. Particularly, Vistaprint submitted an alleged list of customer orders from Vistaprint.com generated through a query of Vistaprint's database. This list was not previously produced, even though it was under Vistaprint's exclusive control. Having submitted this information as part of the summary judgment record, Vistaprint apparently contends it is relevant. Thus, it should have been voluntarily produced under the disclosure requirements of the federal rules and the rules of this Court. Vistaprint cannot excuse

---

[1] (*See, e.g.,* Dkts. 116, 137, 138, 140).

**PLAINTIFF'S MOTION TO STRIKE IMPROPER SUMMARY JUDGMENT EVIDENCE          PAGE 1**

its conduct, and thus the Court should strike this information from the summary judgment record under Federal Rule of Civil Procedure 37(c)(1).

## II. Background

Vistaprint filed its Motion for Summary Judgment of Invalidity on March 14, 2011.[2] Included with the Motion for Summary judgment was the Declaration of Martijn Stevenson, executed on March 11, 2011.[3] Stevenson declares that he "was asked to run a query in Vistaprint's database of historic sales data to identify all paid orders from U.S. customers that included at least one customer-uploaded image file received by Vistaprint.com from the time period February 26, 2001 through March 21, 2001."[4] Stevenson declares that he ran the query and exported the data into an Excel spreadsheet attached as Exhibit 1 to his declaration.[5] Vistaprint does not even claim that the information contained in Exhibit 1 to the Stevenson Declaration (the pages of Exhibit 1 have no Bates numbers) was produced during discovery, which closed on January 24, 2011.[6] Stevenson was deposed by ColorQuick on September 8, 2010.[7] There is no excuse for Vistaprint's failure to earlier produce and identify this information, and so under the following authorities the Court should strike this evidence from the summary judgment record.

## III. Argument and Authorities

The Court's Discovery Order provides that "documents relevant to any claim or defense are to be produced pursuant to the Patent Rules and paragraphs one and two of this Order."[8] And the Local Civil Rules provide that relevance is to be construed liberally to include, *inter alia*,

---

[2] (*See* Dkt. 135).
[3] (*See* Dkt. 136-11).
[4] (*Id.* at ¶2).
[5] (*See id.* at ¶¶4-6; *see* Dkt. 136-12).
[6] (*See* Dkt. 105).
[7] (*See* Dkt. 118, Ex. 6 at 1).
[8] (*See* Dkt. 45 at ¶1).

"persons who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness," and "information that deserves to be considered in the preparation, evaluation or trial of a claim or defense."[9] "The Local Rules 'exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush.'"[10] Under the federal rules, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, or at a trial, unless the failure was substantially justified or is harmless."[11]

A.  **The Stevenson Declaration and Exhibit 1 Should Be Stricken Because the Information Was Not Produced in Discovery.**

As "evidence" that Vistaprint.com purportedly practiced the limitations of the asserted claims of the '149 patent before March 21, 2001, Vistaprint recently had its employee Martijn Stevenson "run a query in Vistaprint's database of historic sales data."[12] The information that Stevenson describes in paragraphs 2-6 of his declaration and, in particular, the information contained in the attached Exhibit 1, was not produced in discovery.[13] This evidence should be stricken from the summary judgment record and not considered in determining Vistaprint's Motion for Summary Judgment.[14]

---

[9] Local Rule CV-26(d)(2)&(3).
[10] *See Anascape, Ltd. v. Microsoft Corp.*, No. 9:06-CV-158, 2008 WL 7180756, *4 (E.D. Tex. May 1, 2008) (quoting *IXYS Corp. v. Advanced Power Techn., Inc.*, 2004 WL 1368860, at *3 (N.D.Cal. June 16, 2004)).
[11] FED. R. CIV. P. 37(c)(1).
[11] FED. R. CIV. P. 37(c)(1).
[12] *Supra* n. 4.
[13] *See supra* n. 6.
[14] *See Montes v. Phelps Dodge Industries, Inc.*, 481 F. Supp. 2d 700, 701 (W.D. Tex. 2006).

Because the information was not timely produced, the burden is on Vistaprint to demonstrate that its failure to produce was harmless.[15] Courts evaluate four factors in determining whether the failure was harmless: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing the prejudice by granting a continuance; and (4) the explanation for the party's failure to exclude.[16]

The Stevenson declaration and Exhibit 1 are not case-dispositive, which weighs in favor of striking them.[17] Stevenson claims that Exhibit 1 lists Vistaprint orders that "included at least one customer-uploaded image file," but does not suggest and the exhibit does not represent that those orders involved PDL image files that were electronically manipulated, as required by all of the asserted claims.[18] Thus, though Exhibit 1 is misleading, it is not dispositive of Vistaprint's motion. The first factor favors striking the Stevenson declaration and Exhibit 1.

The Stevenson declaration and Exhibit 1 prejudice ColorQuick, because they misleadingly suggest that Vistaprint accepted orders resulting from use of the claimed methods in 2001, even though a close inspection reveals there is no evidence of any such thing. ColorQuick is further prejudiced because it is not allowed to examine Stevenson about the query he ran or the information contained in the spreadsheet attached as Exhibit 1. ColorQuick deposed Stevenson on September 8, 2010, six months before Vistaprint produced Exhibit 1. Thus, the second factor also weighs in favor of striking the Stevenson declaration and Exhibit 1.

Vistaprint's failure to produce the information during discovery is not excusable and cannot be cured by a continuance. Stevenson declares that he ran a query in Vistaprint's own database to find the information contained in Exhibit 1. As the information is under Vistaprint's

---

[15] *See Texas A & M Research Foundation v. Magna Transp., Inc.*, 338 F. 3d 394, 402 (5th Cir. 2003).
[16] *See id.*
[17] *See U.S. v. Filson,* 347 Fed. Appx. 987, 990 (5th Cir. 2009).
[18] (*See* Dkt. 136-11 at ¶2 and Dkt. 136-12).

sole control, there is no excuse for Vistaprint not producing it earlier. Further, the Joint Pretrial Order, Joint Proposed Jury Instructions, and the Proposed Findings of Fact and Conclusions of Law are due on April 8, 2011, less than two weeks from the date of this submission, and trial is set to begin on June 13, 2011. There is no time for a continuance. Accordingly, the third and fourth factors weigh in favor of striking the Stevenson declaration and Exhibit 1.

Vistaprint's failure to timely produce this information violates the local rules, federal rules, and the Court's Discovery Order. Further, as all of the factors weigh against Vistaprint, the Court should strike paragraphs 2-6 of the Stevenson declaration and Exhibit 1 to the Stevenson declaration under Rule 37(c)(1) and not consider them in deciding Vistaprint's Motion for Summary Judgment of Invalidity.

### IV. Conclusion

The Court has the authority under Rule 37(c)(1) to strike the "evidence" Vistaprint submitted for the first time with its Motion for Summary Judgment of Invalidity. The Court should exercise its authority as an appropriate sanction to stem the tide of Vistaprint's pattern of untimely disclosures. Specifically, ColorQuick respectfully submits that the Court should strike paragraphs 2-6 of the Declaration of Martijn Stevenson In Support of Defendant Vistaprint Limited's Motion for Summary Judgment of Invalidity of U.S. Patent No. 6,839,149, and Exhibit 1 thereto.

Dated: March 29, 2011.  Respectfully submitted,

                                                            */s/ Justin B. Kimble*
Michael W. Shore
State Bar No. 18294915
Alfonso Garcia Chan
State Bar No. 24012408
Patrick J. Conroy
State Bar No. 24012448
Justin B. Kimble
State Bar No. 24036909
**SHORE CHAN BRAGALONE DEPUMPO LLP**
901 Main Street, Suite 3300
Dallas, Texas 75202
(214) 593-9110 Telephone
(214) 593-9111 Facsimile

ATTORNEYS FOR PLAINTIFF
COLORQUICK, L.L.C.

## CERTIFICATE OF CONFERENCE

I hereby certify that I and Pat Conroy (lead counsel) conferred with Defendants' counsel about the subject matter of this motion on March 29, 2011, and that the parties were unable to resolve the dispute. Thus, the matter is ripe for the Court's determination.

                                                            */s/ Justin B. Kimble*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-f(a)(3) on March 28, 2011.

                                                            */s/ Justin B. Kimble*