**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| COLORQUICK, L.L.C., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | No. 6:09-CV-323 |
| v. | § | |
| | § | JURY DEMANDED |
| VISTAPRINT LIMITED, and | § | |
| OFFICEMAX INCORPORATED, | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS *DAUBERT* MOTION TO STRIKE PORTIONS OFTHE INVALIDITY OPINIONS OF DAVID L. ZWANG**

Michael W. Shore
State Bar No. 18294915
Alfonso Garcia Chan
State Bar No. 24012408
Patrick J. Conroy
State Bar No. 24012448
Justin B. Kimble
State Bar No. 24036909
Derek N. Johnson
State Bar No. 24060027
Timothy T. Wang
State Bar No. 24067927
**SHORE CHAN BRAGALONE
DEPUMPO LLP**
901 Main Street, Suite 3300
Dallas, Texas 75202
(214) 593-9110 Telephone
(214) 593-9111 Facsimile

ATTORNEYS FOR PLAINTIFF
COLORQUICK, L.L.C.

## I.    INTRODUCTION

Vistaprint's response offers no remedy for the lack of a reliable foundation for Zwang's opinions on Release 5.1 of the Vistaprint.com system. Zwang's opinions are based on an unsubstantiated assumption that someone used Vistaprint.com to practice the claimed methods. Absent from his *ipse dixit*, however, is any evidence that anyone, including Vistaprint, ever used Vistaprint.com prior to the filing date of U.S. Patent No. 6,839,149 ("the '149 patent"). Even Vistaprint's most recent production shows how deficient Zwang's basis is. On March 11, 2011, three months after the Zwang Invalidity Report, Vistaprint produced a spreadsheet which purports to show that it received customer orders before the critical date.[1] But this spreadsheet does not even allege that the customer order included PDL image files that were electronically manipulated, as required by the '149 patent.[2]

Further, there is no basis for Zwang to rely on U.S. Patent No. 6,650,433 ("the Keane patent") to support his opinions about the functionality of the Release 5.1 of Vistaprint.com. The disclosure of the Keane patent claims priority to a date more than one year before Release 5.1 of the Vistaprint.com system, and there is nothing in the Keane patent mentioning the new functionality, such as the PAPICS module, that Zwang claims made Release 5.1 anticipatory.

To address the lack of any description of qualifications to interpret software code in the Zwang Invalidity Report, Vistaprint submitted an untimely declaration from Zwang that provides additional information on Zwang's alleged experience in source code.[3] Vistaprint's last-minute attempt to qualify Zwang is untimely and improper, and consistent with Vistaprint's well-documented rolling production of theories, opinions, and evidence.

---

[1] (*See* Dkt. 135 (Declaration of Martijn Stevenson at ¶6, Ex. 1)). ColorQuick has moved to strike this untimely summary judgment evidence. (*See* Dkt. 151).
[2] (*See* Dkt. 151).
[3] (*See* Dkt. 148).

Vistaprint attempts to pin the blame for Zwang's improper and unsupported opinions on ColorQuick, claiming that ColorQuick's decision not to depose Zwang demonstrates a "failure to pursue its case."[4] This gratuitous comment is all-the-more reprehensible given that Vistaprint also decided not to depose either of ColorQuick's experts. A party should not be penalized for prosecuting its case in an efficient manner.

## II. ARGUMENTS AND AUTHORITIES

### A. Zwang's Conclusory Opinions Must Be Struck for the Lack of an Reliable Foundation.

"The district court is 'to ensure that the expert testimony rests upon a reliable foundation.'"[5] Zwang's conclusory opinions should be struck for lack of any foundation in several aspects. Zwang's report presented no evidence that anyone, including Vistaprint, ever used Vistaprint.com in a way that may anticipate all asserted claims of the '149 patent. Because his opinions relate to Vistaprint.com as a system, as opposed to a publication or patent about Vistaprint.com, Zwang's opinions are based on the notion that someone *used* Vistaprint.com to practice the claimed methods. Absent from his report, however, is any evidence that anyone, including Vistaprint, used Vistaprint.com in such a way that may anticipate the '149 patent.

Further, Zwang does not provide sufficient facts to support his reliance on the Keane patent as a disclosure of the functionality of Release 5.1 of Vistaprint.com. In fact, in his report, Zwang does not contend that Release 5.1 is an embodiment of the Keane patent. Instead, Zwang only generally claims that "the Vistaprint.com system is also described in Vistaprint's own U.S.

---

[4] (Dkt. 145 at 10).
[5] *Primrose Operating Co. v. National American Ins. Co.*, 382 F.3d 546, 561 (5th Cir. 2004) (quoting *Guillory v. Domtar Indus., Inc.*, 95 F.3d 1320, 1331-32 (5th Cir. 1996)).

**PLAINTIFF'S *DAUBERT* MOTION TO STRIKE PORTIONS OF THE
INVALIDITY OPINION OF DAVID L. ZWANG - Page 3**

Patent No. 6,650,433."[6] Zwang does not even contend that Keane itself anticipates the asserted claims, so Keane could only, at most, disclose certain aspects of the Vistaprint.com system.

Now, in its response to the *Daubert* Motion, Vistaprint implausibly states that "Release 5.1 of Vistaprint.com is an embodiment of the Keane patent."[7] And in his untimely declaration, Zwang now says that he "confirmed the relationship between the Keane patent and the pre-critical date Vistaprint.com (particularly the PAPICS system) in conversation with Sebastien Coursol."[8] The PAPICS system, which Vistaprint and Zwang contend was first introduced over a year after the Keane patent was disclosed, does not appear anywhere in the Keane patent.

Further, Vistaprint's attempt to manufacture a connection between the Keane patent and PAPICS is supported only by the recently submitted declaration of Sebastien Coursol, in which he improperly opines that PAPICS was disclosed in the Keane patent.[9] Vistaprint cites to inapposite deposition testimony from Coursol to attempt to support his new and improper expert testimony, in which Coursol did not address the PAPICS system at all.[10] Mr. Coursol was not disclosed as an expert at the appropriate time, and Vistaprint should be prohibited from relying on his unqualified and previously undisclosed opinions about what is an embodiment of the Keane patent. In addition, Mr. Coursol's new declaration in which he expressly testified that the Keane patent was not about uploading files (which is what PAPICS is about).[11]

---

[6] (Dkt. 138, Kimble Decl. at Ex. C at 32 (Zwang Invalidity Report)).
[7] (Dkt. 145 at 5).
[8] (Dkt. 148 at ¶14).
[9] (*See* Dkt. 147 at ¶3).
[10] (*See* Dkt. 146 at ¶2, Ex. A).
[11] (*See* Dkt. 146 at Ex. A (Coursol Dep. at 117:21-118:4)).

**PLAINTIFF'S *DAUBERT* MOTION TO STRIKE PORTIONS OF THE
INVALIDITY OPINION OF DAVID L. ZWANG - Page 4**

## B. Vistaprint's Last-Minute Attempt to Qualify Zwang Is Untimely and Completely Improper

It is ironic that Vistaprint identifies Zwang's prior relationship with ColorQuick as his evidence of his qualification to testify about source code.[12] If anything, that Zwang consulted with ColorQuick about the '149 patent and now intends to testify against ColorQuick about the very same patent surely undermines his credibility.[13] Notwithstanding, whether Zwang was qualified to consult with ColorQuick does not at all inform whether he is qualified to interpret source code for the Court or a jury.

Zwang's original eight-page *curriculum vitae* does not show any qualification in computer programming.[14] Now, in a last-minute attempt to qualify him, Vistaprint's response references a new declaration from Zwang, which provides additional information about his alleged experience with software code.[15] Even if this Court accepts this untimely declaration, having experience in computer software, however, does not itself qualify one for source code analysis.[16] In *Veritas Operating Corp. v. Microsoft Corp.*, Dr. Iansiti, an expert for defendant Microsoft, claimed that "I spent an awful lot of my life in the computer industry to begin with."[17] He further claims that he "taught classes in the computer science department …. [A] lot of my physics Ph.D. was in computer programming and simulation."[18] While the court acknowledged his "significant amount of experience in, and knowledge of, the computer software industry," Dr. Iansiti was not permitted to testify as to whether Veristas' LDM code as a delivered to Microsoft

---

[12] (*See* Dkt. 145 at 2).
[13] (*See generally* Dkts. 94 and 102).
[14] (Dkt. 138 Kimble Decl. at ¶ 3, Ex. C (Zwang Invalidity Report, Appx. A).
[15] (*See* Dkt. 148 at ¶¶4-13).
[16] *See, e.g., Veritas Operating Corp. v. Microsoft Corp.*, No. C06-0703-JCC, 2008 WL 687118, at *3-4 (W.D. Wash. Mar. 11, 2008) (finding that expert, despite extensive experience in the software industry, should not be permitted to rebut opinions as to source code analysis).
[17] *Id* at *3.
[18] *Id.*

was "severely buggy."[19] The court finds "it is not a proper area of testimony for Dr. Iansiti" for his apparent lack of qualification to evaluate source code.[20]

Similarly, here, Zwang should not be allowed to opine about whether source code evidences practice of the claimed features of the '149 patent.

### III. CONCLUSION

Vistaprint's response offers no remedy for the lack of a reliable foundation for Zwang's opinions on Release 5.1 of the Vistaprint.com system. Therefore, this Court should strike Zwang's testimony about the Vistaprint.com system.

Dated: April 4, 2011

Respectfully submitted,

/s/ Justin B. Kimble
Michael W. Shore
State Bar No. 18294915
Alfonso Garcia Chan
State Bar No. 24012408
Patrick J. Conroy
State Bar No. 24012448
Justin B. Kimble
State Bar No. 24036909
Derek N. Johnson
State Bar No. 24060027
Timothy T. Wang
State Bar No. 24067927
**SHORE CHAN BRAGALONE DEPUMPO LLP**
901 Main Street, Suite 3300
Dallas, Texas 75202
(214) 593-9110 Telephone
(214) 593-9111 Facsimile

ATTORNEYS FOR PLAINTIFF
COLORQUICK, L.L.C.

---

[19] *Id.*
[20] *Id.*

## CERTIFICATE OF SERVICE

   I hereby certify that on this date I electronically filed **PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS DAUBERT MOTION TO STRIKE PORTIONS OF THE INVALIDITY OPINIONS OF DAVID L. ZWANG** with the clerk of court for the United States District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

April 4, 2011                */s/ Justin B. Kimble*
Date