**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| COLORQUICK, L.L.C., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | No. 6:09-CV-323 |
| v. | § | |
| | § | JURY DEMANDED |
| VISTAPRINT LIMITED, and | § | |
| OFFICEMAX INCORPORATED, | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO STRIKE,
IN PART, THE OPINIONS OF DAVID L. ZWANG**

Michael W. Shore
State Bar No. 18294915
Alfonso Garcia Chan
State Bar No. 24012408
Patrick J. Conroy
State Bar No. 24012448
Justin B. Kimble
State Bar No. 24036909
Derek N. Johnson
State Bar No. 24060027
Timothy T. Wang
State Bar No. 24067927
**SHORE CHAN BRAGALONE
DEPUMPO LLP**
901 Main Street, Suite 3300
Dallas, Texas 75202
(214) 593-9110 Telephone
(214) 593-9111 Facsimile

ATTORNEYS FOR PLAINTIFF
COLORQUICK, L.L.C.

## I. INTRODUCTION

ColorQuick sued Vistaprint for infringing U.S. Patent No. 6,839,149 (the "'149 patent") because it believed Vistaprint's recent success was due in large part to its use of ColorQuick's technology that allows customers to quickly customize uploaded image files for printing. ColorQuick believed, but could not know, that Vistaprint only began infringing after the disclosure of the '149 patent. This belief was validated when Vistaprint vaguely contend in its Invalidity Contentions "*on information and belief*" that its website "included" certain aspects of the asserted claims. ColorQuick reasonably believed that, if Vistaprint.com had always embodied the claimed features of the '149 patent, Vistaprint would know that and make it clear from the outset of the case. It did not do so.

Nonetheless, ColorQuick diligently sought to determine the first point at which Vistaprint infringed the asserted claims. But Vistaprint's witnesses were unable to confirm this. ColorQuick did not require source code to prove infringement, and thus sought to avoid the great expense in having an expert spend countless hours unnecessarily pouring over thousands of lines of code. And, Vistaprint had only made available its code for the current version of Vistaprint.com, so a review could not have put ColorQuick on notice that any previous version invalidated the asserted claims. Thus, it could not have clarified Vistaprint's Invalidity Contentions.

Then, after ColorQuick had concluded its depositions, Vistaprint's expert David Zwang opined, for the first time, that Release 5.1 of Vistaprint.com anticipated the asserted claims as of February 2001. Zwang's opinions did not merely provide more detail about Vistaprint's Invalidity Contentions, but impermissibly changed the fundamentals of the contentions. Vistaprint attempts to excuse its conduct by claiming that its eleventh-hour disclosure gave ColorQuick enough notice. But this is just the sort of "litigation by ambush" that is rejected by

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO STRIKE,
IN PART, THE OPINIONS OF DAVID L. ZWANG- Page 1**

the Patent Local rules. It is particularly egregious because it is Vistaprint's own system that is in issue, so Vistaprint cannot claim that it required discovery to properly disclose its theory. Thus, ColorQuick respectfully urges the Court to hold Vistaprint accountable by striking Zwang's invalidity opinions regarding Vistaprint.com.

## II. ARGUMENTS AND AUTHORITIES

### A. ColorQuick Did Not Accuse Every Version of Vistaprint.com of Infringement.

Vistaprint attempts to excuse presenting its new invalidity theory through Zwang's Invalidity Report by arguing that "[t]he Vistaprint.com prior art system is well known to plaintiff, as it is the accused system."[1] As Vistaprint knows, this argument is specious. At issue in this case are methods for preparing production data for a print job.[2] ColorQuick contends that Vistaprint infringes the asserted claims by practicing those methods in specific circumstances in which a customer uploads a graphic design and wishes to manipulate the image before printing.[3] ColorQuick *does not* contend, and has never contended, that all of Vistaprint.com infringes, that all services provided through Vistaprint.com infringe, or that every version of the Vistaprint.com software through its 11-year history infringes. More specifically, ColorQuick does not contend that Release 5.1 of Vistaprint.com infringes the asserted claims.[4] Thus, the Court should disregard Vistaprint's attempt to obfuscate this reality by falsely arguing that ColorQuick has "remorse in bringing a suit against the very system that invalidates the patent in suit."[5]

### B. Vistaprint Did Not Make Source Code for Release 5.1 of Vistaprint.com Available Until After Expert Reports.

Another excuse that Vistaprint offers is that ColorQuick had access to the source code

---

[1] (*See* Dkt. 150 at 3).
[2] (*See* Dkt. 142 at 2-3).
[3] (*See id.*).
[4] (*See* Dkt. 141 at 2).
[5] (*See* Dkt. 150 at 2).

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO STRIKE,
IN PART, THE OPINIONS OF DAVID L. ZWANG- Page 2**

since March 22, 2010, and that ColorQuick did not inspect the code until after Zwang's Invalidity Report.[6] This is both false and irrelevant.

Vistaprint admits that it did not make the source code for Release 5.1 of Vistaprint.com available for inspection until *after expert reports were disclosed.* Initially, ColorQuick knew that Vistaprint had offered for inspection "a copy of the source code that [currently] runs Vistaprint's website" earlier in the case,[7] but decided that it could glean the information necessary to prove its case without inspecting that code at great expense. Vistaprint required that ColorQuick inspect the code either at its counsel's office in Boston or at a document escrow facility, both of which were clearly intended to cause undue burden and expense. Regardless, a review of that code could not have assisted ColorQuick's investigation of Vistaprint's vague Invalidity Contentions because the code only related to the current version of Vistaprint.com.

However, after receiving the Zwang Invalidity Report on December 10, 2010, and learning that Vistaprint contended that Release 5.1 of Vistaprint.com anticipated the asserted claims, ColorQuick decided to inspect the source code. On January 15, 2011, ColorQuick's counsel asked Vistaprint's counsel to "[p]lease confirm that the source code that you'll be making available is the same code that [Vistaprint's counsel] referenced her [sic] March 22, 2010 letter to [ColorQuick's counsel] . . . . If there will be any more or less code or information than what Vistaprint offered at that time, please identify such code or information."[8] Vistaprint's counsel responded that, in addition to the code previously offered, Vistaprint's "source code computer will include the website code for the earlier Release 5.1, which is discussed in Mr. Zwang's report on invalidity."[9] Thus, Vistaprint's repeated assertions that ColorQuick had

---

[6] (*See id.* at 10).
[7] (*See id.* at 11).
[8] (Dkt. 120, Ex. C).
[9] (*Id.*).

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO STRIKE,
IN PART, THE OPINIONS OF DAVID L. ZWANG- Page 3**

access to the source code at issue—that which ran Release 5.1—are false.

Furthermore, even if the code had been available for ColorQuick to inspect (at great expense), this would not have excused Vistaprint's failure to clearly identify its contention that Release 5.1 anticipated the asserted claims of the '149 patent at the required time. Vistaprint suggests that it could vaguely contend that *its own system* invalidated the asserted claims and force ColorQuick to dig through enormous amounts of code, entailing numerous versions of the accused software, looking for evidence of anticipation. In fact, Vistaprint was obligated under Patent Rule 3-3 to "specify the item offered for sale or publicly used or known" and chart its contentions as to Vistaprint.com early in the case to avoid that very type of fishing expedition. Vistaprint should have identified Release 5.1 of Vistaprint.com to guide discovery in the case, but elected not to.

C.  **Zwang's Report Did Not Merely Provide More Detail About Existing Contentions.**

ColorQuick has not suggested, as Vistaprint disingenuously argues, that Vistaprint was required to marshal all of its proof in its Invalidity Contentions.[10] Of course, an expert report will provide more detail about invalidity theories that *were disclosed at the appropriate time*. But here Zwang added, or at best modified, Vistaprint's Invalidity Contentions by alleging that an earlier, previously undisclosed version of its own website invalidated the asserted claims. This is not permitted under the Patent Rules.[11]

Vistaprint's Invalidity Contentions never specified the version of Vistaprint.com that allegedly invalidates the accused claims. Further, instead of "identifying where specifically in [Vistaprint.com] each element of each asserted claim is found," Vistaprint merely restated the

---

[10] (*See* Dkt. 150 at 5-6).
[11] *See Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-CV-144, 2009 WL 4782062, at *3 (E.D. Tex. Dec. 8, 2009); *Anascape, Ltd. v. Microsoft Corp.*, No. 9:06-CV-158, 2008 WL 7180756, at *4 (E.D. Tex. May 1, 2008).

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO STRIKE,
IN PART, THE OPINIONS OF DAVID L. ZWANG- Page 4**

claim language[12] and cited, for some elements, but not all, to U.S. Patent No. 6,650,433 ("Keane").[13] Vistaprint then suggested that Vistaprint.com could be combined with four other references.[14] For example, for step (a) of claim 1 ("creating a still image proxy of the PDL image file"), the totality of Vistaprint's contention was as follows:

> *On information and belief, Vistaprint.com included a method for creating a still image proxy of a PDL image file. For example, as disclosed in Keane '433:*
>
> The Design Studio features in-place editing, i.e., the customer can double-click on an item and change it directly. While in the Design Studio, the customer can make as many modifications to the fonts, colors, card layout, etc., as desired. The customer can also choose to view the design at low resolution, medium resolution or high resolution. (Keane '433, 12:5-11.)
>
> *In addition, Crosby '248 discloses creating a low-resolution proxy image from a PDL image file. See Crosby '248 Chart, Claim 1(a). In addition, Wilkins '583 discloses creating a low-resolution proxy image from a PDL image file. See Wilkins '583 Chart, Claim 1(a). In addition, Porter discloses creating a still image proxy of the PDL image file. See Porter Chart, Claim 1(a).*[15]

This contention does not describe, even via Keane, how Vistaprint.com created a still image proxy of a PDL image file. Then Zwang, in describing how Vistaprint.com allegedly practiced this element before the critical date, did not cite to Keane or the other patents at all, and instead focused on the operation of Release 5.1 of Vistaprint.com, which was ***never*** disclosed in Keane or the Invalidity Contentions.[16]

### III. CONCLUSION

ColorQuick respectfully urges the Court to enforce the Patent Rules and deter the type of litigation by ambush that Vistaprint employed in this case.

---

[12] It is well settled that mimicking the claim language does not comply with the Patent Rules. *See, e.g., Connectel, LLC v. Cisco Systems, Inc.*, 391 F. Supp. 2d 526, 528 (E.D. Tex. 2005) ("PICs that provide vague, conclusory language or simply mimicking the language of the claims when identifying infringement fail to comply . . .").
[13] (*See* Dkt. 137, Declaration of Justin B. Kimble ("Kimble Decl.") at Ex. B (App. A to Invalidity Contentions)).
[14] (*See id.* (asserting combinations with U.S. Patent No. 6,850,248 to Crosby et al. ("Crosby"), U.S. Patent No. 7,042,582 to Wilkins et al. ("Wilkins"), James E. Porter, *Why We Still Need OPI*, GATFWorld, Nov.-Dec. 1999 ("Porter"), and ColorQuick's magSend product ("magSend"))).
[15] (*See id.* at 6).
[16] (*See* Dkt. 137, Kimble Decl. at Ex. F (Zwang Invalidity Report at 43-45)).

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO STRIKE,
IN PART, THE OPINIONS OF DAVID L. ZWANG- Page 5**

Dated: April 4, 2011          Respectfully submitted,

         */s/ Justin B. Kimble*
         Michael W. Shore
         State Bar No. 18294915
         Alfonso Garcia Chan
         State Bar No. 24012408
         Patrick J. Conroy
         State Bar No. 24012448
         Justin B. Kimble
         State Bar No. 24036909
         Derek N. Johnson
         State Bar No. 24060027
         Timothy T. Wang
         State Bar No. 24067927
         **SHORE CHAN BRAGALONE**
         **DEPUMPO LLP**
         901 Main Street, Suite 3300
         Dallas, Texas 75202
         (214) 593-9110 Telephone
         (214) 593-9111 Facsimile

         ATTORNEYS FOR PLAINTIFF
         COLORQUICK, L.L.C.

## CERTIFICATE OF SERVICE

    I hereby certify that on this date I electronically filed **PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO STRIKE, IN PART, THE OPINIONS OF DAVID L. ZWANG** with the clerk of court for the United States District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

April 4, 2011          */s/ Justin B. Kimble*
Date