IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ColorQuick, L.L.C., | |
| Plaintiff, | Civil Action No. 6:09-cv-323-LED |
| v. | |
| Vistaprint Limited, and OfficeMax Incorporated, | |
| Defendants. | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT VISTAPRINT LIMITED'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY**

**SUMMARY OF REPLY**

"That which infringes if later, anticipates, if earlier." *Peters v. Active Mfg. Co.*, 129 U.S. 530 (1889). ColorQuick has accused the prior art of infringement; its case against Vistaprint cannot stand. There is no legitimate issue for a jury concerning the validity of the '149 patent. Clear and convincing evidence, in the form of documents, source code, witness testimony, and expert opinion conclusively establish that the same Vistaprint.com system that ColorQuick has accused of infringement predates the '149 patent by more than a year. ColorQuick's opposition raises no genuine issues concerning the foundational facts of Vistaprint's motion: (1) that Release 5.1 of the accused Vistaprint.com system was in public use in the United States before the critical date of the '149 patent; and (2) that Release 5.1 discloses each and every limitation of the asserted claims.

ColorQuick can change neither facts surrounding the February 2001 launch of Release 5.1 of Vistaprint.com nor that it has accused Vistaprint of infringement the relevant functionality contained therein. Unable to raise a factual issue justifying a trial, ColorQuick instead attempts to defeat Vistaprint's motion by manufacturing prejudice[1] and arguing a hodgepodge of irrelevant facts and inapplicable law. But, ColorQuick's efforts cannot change history— Vistaprint.com was made in the United States and publicly available via the Internet before the critical date of the '149 patent. And, ColorQuick's own infringement contentions and expert opinion admit the alleged operation of the prior use Vistaprint.com system invalidates the asserted claims. Vistaprint is entitled to summary judgment of invalidity.

---

[1] For example, ColorQuick regurgitates arguments from its Motion to Strike (Dkt. 137) that Vistaprint "rolling production" and timely disclosure of Vistaprint.com as a prior art system *more than a year ago* somehow raises a genuine issue of material fact. (Opp'n § III.B). Vistaprint previously addressed ColorQuick's baseless prejudice arguments in its opposition (Dkt. 150), the relevant portions of which are incorporated herein by reference.

## I. REPLY TO ARGUMENTS AND AUTHORITIES

### A. There Is No Genuine Issue of Material Fact that Vistaprint.com Is a Prior Art System that Discloses Each and Every Limitation of the Asserted Claims.

ColorQuick raises no genuine dispute that Vistaprint.com meets all claim limitations. Unable to escape the binding effect of its own infringement allegations, ColorQuick now argues that "Vistaprint admits that the Vistaprint.com system consistently changed since its first release." (Opp'n at 11). ColorQuick's argument is a red herring. Regardless of alleged changes to Vistaprint.com, ColorQuick provides no evidence (or attorney argument) suggesting that Vistaprint.com has changed in any way relevant to its infringement allegations. Because ColorQuick has accused *all versions* of Vistaprint.com of infringing all asserted claims of the '149 patent (including versions comprising the Old Studio present in Release 5.1), the '149 patent is invalid as a matter of law. *See Vanmoor v. Wal-Mart Stores, Inc.*, 201 F.3d 1363, 1366 (Fed. Cir. 2000); *Evans Cooling Sys., Inc. v. Gen. Motors Corp.*, 125 F.3d 1448, 1451 (Fed. Cir. 1997).

ColorQuick's attempt to distinguish this precedent is unavailing. Just as in *Vanmoor* and *Evans Cooling*, ColorQuick's sole allegation is that Vistaprint.com, both in its current (i.e., using Advanced SSR Studio) and pre-critical date (i.e., Old Studio) form, infringes. (Mot. at 12) (citations omitted). ColorQuick's most recent infringement contentions point to both pre- and post-critical date documents as evidence that Vistaprint.com infringes the claimed method. (*Id.* at 13). And, ColorQuick's expert has opined that the differences between pre- and post-critical date Vistaprint.com system are inconsequential for purposes of ColorQuick's infringement claims. (Wikner Decl., Ex. 14 (Wong Rebuttal Report ¶ 42) ("On the basis of my review of Mr. Zwang's report, it is my opinion that Vistaprint.com in February 2001 … does not raise a

genuine issue as to whether the asserted claims of the '149 patent are anticipated or rendered obvious.")).

In a confused attempt to argue that Vistaprint.com cannot anticipate, ColorQuick muddles case law on inapplicable sections of 35 U.S.C 102 in an attempt to conjure up a material issue of fact. For the avoidance of doubt, Vistaprint asserts in its Motion that its accused system (*i.e.,* Vistaprint.com) invalidates the asserted claims because it was in ***public use*** in the United States more than one year prior to the filing date of the '149 patent. (Mot. at 11-13) (discussing 35 U.S.C. 102(b)). Vistaprint further asserts that the same system constitutes an invalidating ***prior invention***, made in the United States, that was neither abandoned, suppressed, nor concealed. (*Id.* at 13-15) (35 U.S.C. 102(g)(2)). To evidence its allegations that Vistaprint.com is an invalidating prior art system under these subsections, Vistaprint relies on undisputed witness testimony collaborated by numerous documents, source code, and the opinion of a qualified expert. (*See id.* at 2-7).

In response to this plethora of evidence establishing the public use of the Vistaprint.com system, ColorQuick cites distinguishable case law concerning prior art publications to argue that the Vistaprint.com system cannot anticipate under 35 U.S.C. 102(b) and (g)(2). (Opp'n at 5). In *Atlas Powder*, the Federal Circuit affirmed the district court's determination that ***two prior art publications*** both anticipated the patentee's asserted claims. *Atlas Powder Co. v. Ireco Inc.*, 190 F.3d 1342 (Fed. Cir. 1999). The defendant in *Atlas Powder* successfully argued that the claims were adequately described in the printed publications. *Atlas Powder* is silent on evidence of prior use systems and not remotely instructive on Vistaprint's prior use and prior invention defenses under 102(b) and 102(g)(2). The *Verisign* opinion relied upon by ColorQuick is also not applicable. *Net MoneyIN, Inc. v. Verisign, Inc.*, 545 F.3d 1359 (Fed. Cir. 2008). In the

underlying opinion, the district court granted summary judgment under 35 U.S.C. 102(a) that the asserted claim was invalid because it was disclosed in a single *prior art publication*. *Id.* at 1371. The Federal Circuit reversed, concluding the court had applied an incorrect standard of law in finding the asserted claim anticipated by the publication under 35 U.S.C. § 102(a). *Id.* at 1369-71. The *Verisign* holding stands for the unremarkable proposition that—under 35 U.S.C. 102(a)—a prior art publication must disclose all elements of a claim within the four corners of the document. ColorQuick fails to even suggest how the holding is applicable to Vistaprint's prior use and prior invention defenses concerning the accused prior art system.

### B. There Is No Genuine Issue of Material Fact that Vistaprint.com Was In Public Use in the United States Before March 21, 2001.

The undisputed facts establish that Vistaprint.com was online and in public use in the United States before the March 21, 2001 critical date. (Mot. at 11-12). Between the launch of Release 5.1 and the critical date, over 2,000 customer orders that included uploaded images were received by Vistaprint.com. (Stevenson Decl. ¶¶ 5-6, Ex. 1). These orders, placed using Vistaprint's publicly accessible website under no obligation of confidentiality, prove that Release 5.1 of the Vistaprint.com system was in public use. *See Invitrogen Corp. v. Biocrest Mfg., L.P.*, 424 F.3d 1374, 1380 (Fed. Cir. 2005) (commercial exploitation is "a clear indication of public use"); *see also, Cummings v. Adidas USA*, 716 F. Supp. 2d 323, 334 (S.D.N.Y. 2010) (denying motion to strike declaration authenticating and explaining spreadsheets evidencing sales of accused product prior to critical date).

#### 1. Vistaprint.com was in pubic use even if certain steps of the claimed method were performed by Vistaprint's servers.

ColorQuick cites *no law* supporting its position that Vistaprint.com was not in public use because certain steps of claim 1 were performed by Vistaprint servers. (Opp'n at 8-9). Nor does ColorQuick attempt to distinguish the above decisions or other binding precedent directly

5

contrary to its position. (Mot. at 8-9) (discussing *AdvanceMe Inc. v. RapidPay, LLC*, 509 F. Supp. 2d 593, 608 (E.D. Tex. 2007) (Davis, J.); *New Railhead Mfg., L.L.C. v. Vermeer Mfg. Co.*, 298 F.3d 1290, 1297-1300 (Fed. Cir. 2002) ("The statutory phrase 'public use' does not necessarily mean open and visible in the ordinary sense; it includes any use of the claimed invention by a person other than the inventor who is under no limitation, restriction, or obligation of secrecy to the inventor."); *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1570 (Fed. Cir. 1997); *Adenta GMBH v. OrthoArm, Inc.*, 501 F.3d 1364, 1371 (Fed. Cir. 2007)). ColorQuick's interpretation of 35 U.S.C. 102(b) is contrary to legal precedent and invites error.

*Even if* the law supported ColorQuick's elevated standard for public use—which it does not—ColorQuick fails to put forward evidence to credibly dispute that the relevant portions of the Vistaprint.com system were in the public's possession prior to the critical date. *See Lockwood*, 107 F.3d at 1570; *Iovate Health Scis., Inc.*, 2008 WL 7842052, at *4-5. For example, concerning step (a) of claim 1, ColorQuick points to a 2005 document as its sole evidence that the creation of a still image proxy of the PDL image file was not in public use in February 2001. (Opp'n at 8). ColorQuick utterly fails to establish a nexus between its "evidence" and Release 5.1 of Vistaprint.com. Yet, assuming the 2005 document is applicable to the 2001 prior art system, the undisputed facts establish that the public release of Vistaprint.com in February 2001 was sufficient to enable one of ordinary skill to practice this step. (Dkt. 148 [Zwang Decl.] ¶ 20). Indeed, the '149 patent itself admits that step (a) of claim 1 is "conventional." (col. 6, ll. 23-24) ("This step [of creating a proxy from a PDL image file] is conventional and not described in further detail."). ColorQuick's unsupported arguments concerning steps (b) and (c) of claim 1 are equally flawed.[2]

---

[2] Concerning step (b), the very same passage cited by ColorQuick to support that step (b) is performed by Vistaprint in "secrecy" in fact demonstrates that step (b) has been in public use and performed by Vistaprint's customers since

### 2. Vistaprint.com was in pubic use because the system was on the Internet and commercially exploited in the United States.

The relevant facts concerning the extensive public use of Visatprint.com are not disputed. Vistaprint.com has been in continuous commercial use on the Internet since May 2000, and was used by over 50,000 paying customers in its first six months of operation. (Mot. at 11). Release 5.1 of Vistaprint.com in February 2001 included the PAPICS software module, which allowed customers to upload their own PDL-type files, including PDF and PostScript files. (*Id.* at 3-4). Between the launch of Release 5.1 and the critical date that Vistaprint.com received over 2,000 orders including a customer uploaded image from customers in United States. (*Id.* at 11). The undisputed evidence further demonstrates that Release 5.1 of Vistaprint.com was developed and operated in Massachusetts (Wikner Decl.[3], Ex. A (Coursol Dep.) at 19:14-25) and that, at the time Vistaprint put Release 5.1 of Vistaprint.com into production, all of the hardware and software for operation of the Vistaprint.com website was located in Waltham, Massachusetts. (Coursol Decl. ¶ 11).[4]

ColorQuick cites *no law* supporting its assertion that the expansive commercial use of Vistaprint.com by U.S. customers is insufficient to establish "public use" under 35 U.S.C 102(b). (Opp'n at 9-10). And, ColorQuick fails to distinguish binding precedent establishing that such extensive commercial exploitation of its own U.S. based system constitutes a "public use" as a

---

February 2001. (Dkt. 140, Ex. E [Zwang Invalidity Report] ¶ 164) ("Vistaprint source code from February 2001 **includes JavaScript that allowed for** the electronic manipulation of objects, including the web preview image, in association with the template presented to the customer within VistaStudio.")(emphasis added). Moreover, it is Mr. Zwang's undisputed opinion that that Release 5.1 of Vistaprint.com was sufficient to enable one of ordinary skill to practice steps (b) and (c). (Opposition to ColorQuick's Mot. for Partial Summary Judgment of Validity (Dkt. 146) at 11-14; Zwang Decl. (Dkt. 148) ¶¶ 21, 22).

[3] Declaration of Brian Wikner In Support of Vistaprint's Opposition to ColorQuick's Motion for Partial Summary Judgment on Validity (Dkt. 149) ("Wikner Decl.").

[4] Declaration or Sebastien Coursol In Support of Vistaprint's Opposition to ColorQuick's Motion for Partial Summary Judgment on Validity (Dkt. 147) ("Coursol Decl."). ColorQuick's exclusive reliance on Vistaprint's response to Interrogatory No. 1, which is directed at the *infringing* system (*i.e.,* Vistaprint.com after the '149 patent issued in January 2005) cannot raise a factual question concerning where Vistaprint.com was used in February 2001. Release 5.1 of Vistaprint.com was operated by software and hardware located in the United States. (*Id.* ¶ 11).

matter of law. *See Invitrogen*, 424 F.3d at 1380 (commercial exploitation is "a clear indication of public use"); *see also, Cummings*, 716 F. Supp. 2d at 334 (denying motion to strike declaration authenticating and explaining spreadsheets evidencing sales of accused product prior to critical date). There is no genuine issue of material fact that Vistaprint.com was in public use in United States before the priority date.

      **C.    There Is No Genuine Issue of Material Fact that Vistaprint.com Is a Prior Invention that Discloses Each and Every Limitation of the Asserted Claims.**

ColorQuick raises no genuine dispute that Vistaprint.com is a prior invention. The undisputed facts demonstrate that Vistaprint.com was "made in [the United States] by another inventor who had not abandoned, suppressed, or concealed it." 35 U.S.C. § 102(g)(2). ColorQuick makes several arguments aimed at cultivating material facts. None have merit.

First, ColorQuick challenges the *situs* of the invention. Yet, the testimony allegedly supporting ColorQuick's position discusses only the origins of Vistaprint Limited—it is silent on the development of Vistaprint.com. (Opp'n at 15, n.71). And, ColorQuick's passing reference to the *current* location of Vistaprint's servers is entirely irrelevant to the relevant question: Where did Vistaprint make Vistaprint.com? The answer to that question is not in dispute.[5] Vistaprint.com and its subsequent releases (up to and including Release 5.1) were developed in the United States. (Coursol Decl.[6] ¶ 5). Specifically, Vistaprint.com was first developed at Vistaprint's offices in Framingham, Massachusetts before a move to Waltham, Massachusetts. (*Id.*) Indeed, the record demonstrates that, since 2000, the research, design, and development work relating to Vistaprint.com has taken place in Massachusetts. (Declaration of Donald Nelson In Support of Defendants' Joint Motion to Transfer Venue (Dkt. 27-19) ¶ 9).

---

[5] Coursol Decl. ¶ 11 ("At the time Vistaprint put Release 5.1 of Vistaprint.com into production, all of the hardware and software for operation of the Vistaprint.com website was located in Waltham, Massachusetts.").
[6] Declaration of Sebastien Coursol In Support of Vistaprint's Motion for Summary Judgment of Invalidity (Dkt. 135).

8

Second, ColorQuick challenges the applicability of Vistaprint.com to the asserted claims. But, because the sole basis of ColorQuick's complaint is that Vistaprint.com infringes the claims of the '149 patent, the law requires "no further showing of identify of the patented and accused products." *Benedict v. Gen. Motors Corp.*, 184 F. Supp. 2d 1197, 1200 (N.D. Fla. 2002). Just as in the Section 102(b) context, *Evans Cooling* and *Vanmoor* apply with equal weight to Section 102(g) defenses. *See Teva Pharm. Indus. Ltd. v. Astrazeneca Pharms. LP*, No. 08-cv-4786, 2010 WL 4139043, at *8 (E.D. Penn. Oct. 20, 2010); *Benedict*, 184 F. Supp. 2d at 1200 ("Although *Vanmoor* and *Evans* involved § 102(b), their logic is equally applicable to claims of invalidity under § 102(g)."). ColorQuick neither introduces case law supporting its position nor distinguishes Vistaprint's cited cases that strongly counsel toward judgment as a matter of law.

Third, ColorQuick asserts (without legal support) that Vistaprint.com was intentionally suppressed or concealed. Yet, Vistaprint undisputedly made the invention publicly known and caused the public to benefit from the products produced using the process. (Mot. at 11-12). By using the claimed process, as asserted by ColorQuick, in offering and preparing print products for sale on Vistaprint.com, Vistaprint made the invention publicly known and caused the public to benefit from the products produced using the process. (Mot. at 14-15). That is all the law requires. *Friction Div. Prods., Inc. v. E. I. Du Pont de Nemours & Co.*, 658 F. Supp. 998, 1013-14 (D. Del. 1987); *Dunlop Holdings Ltd. v. RAM Golf Corp.*, 524 F.2d 33, 37 (7th Cir. 1975).

ColorQuick's out-of-context reliance on a single vague page from Vistaprint's production is not evidence Vistaprint concealed its invention of Vistaprint.com. (Opp'n at 13). With neither testimony nor other discovery to provide context, it is not clear how the referenced page is relevant. On its face, the page describes Vistaprint's innovative back-end production methods for "packaging and publishing" printed products. (Wang Decl., Ex. H.) There is no reference to

the Old Studio or the publicly available functionality of Vistaprint.com. But, elsewhere in *the same document* Vistaprint.com's "feature rich, scalable, [What-You-See-Is-What-Get] Web Application" is described and an illustration shows the functionality on the public website, including the option to upload images and add text to a design. (Attached hereto as Ex. A [VP-CQ0019634-35]). If it has any relevance at all, ColorQuick's "evidence" actually supports the conclusion that Vistaprint.com was available to the public and not concealed.

Nor does ColorQuick's reliance on *Apotex* support its claim that Vistaprint.com was concealed from the public. *Apotex USA, Inc. v. Merck & Co.*, 254 F.3d 1031 (Fed. Cir. 2001). In *Apotex*, the Federal Circuit affirmed the district court's grant of summary judgment. The patents-in-suit related to the manufacture of a drug tablet and were held invalid under 102(g) because of defendant's own prior invention. *Id.* at 1040. Defendant established, through expert testimony, that the public disclosure of facts concerning the manufacturing process was sufficient to enable one of ordinary skill to practice the invention. *Id.* Accordingly, the court concluded defendant "made the knowledge of its invention available to the public." *Id.* As in *Apotex,* the record contains publicly available documents and undisputed expert testimony establishing that the public release and commercialization of Release 5.1 of Vistaprint.com enabled one of ordinary skill to practice the claimed invention. (Opp'n at 13-14; Zwang Decl. ¶¶ 20-22). Thus, the facts here are within the four corners of *Apotex*. The same result, a finding of prior invention, is equally appropriate here.

## II. CONCLUSION

ColorQuick's opposition raises no factual dispute that Vistaprint.com was made in the United States prior to the invention by Mr. Herr or that Release 5.1 of Vistaprint.com practiced the method of the claimed invention and was commercialized and publicly used prior to the critical date. Vistaprint is entitled to summary judgment of invalidity as a matter of law.

| | |
|---|---|
| DATED: April 4, 2011 | COOLEY LLP |
| | */s/ Brian P. Wikner* |
| | Thomas J. Friel |
| | Matthew P. Gubiotti |
| | Brian P. Wikner |
| | Five Palo Alto Square |
| | 3000 El Camino Real |
| | Palo Alto, CA 94306 |
| | tfriel@cooley.com |
| | mgubiotti@cooley.com |
| | bwikner@cooley.com |
| | (650) 843-5000 |
| | |
| | Christopher Campbell |
| | One Freedom Square |
| | Reston Town Center |
| | 11951 Freedom Drive |
| | Reston, Virginia 20190 |
| | ccampbell@cooley.com |
| | (703) 456-8553 |
| | |
| | Charles Ainsworth, Esq. |
| | Parker, Bunt & Ainsworth, P.C. |
| | 100 E. Ferguson, Ste. 1114 |
| | Tyler, TX 75702 |
| | charley@pbatyler.com |
| | Tel: (903) 531-3535 |
| | Fax: (903) 533-9687 |
| | |
| | **ATTORNEYS FOR DEFENDANT AND COUNTERCLAIMANT VISTAPRINT LIMITED** |

929715/HN

**CERTIFICATE OF SERVICE**

      I hereby certify that on this date I electronically filed this REPLY BRIEF IN SUPPORT OF VISTAPRINT LIMITED'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY with the clerk of court for the United States District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

      /s/ Brian P. Wikner