IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| COLORQUICK, L.L.C., | § |
| | § |
| *Plaintiff,* | § |
| | § No. 6:09-CV-323 |
| v. | § |
| | § JURY DEMANDED |
| VISTAPRINT LIMITED, and | § |
| OFFICEMAX INCORPORATED, | § |
| | § |
| *Defendants.* | § |

**PLAINTIFF COLORQUICK L.L.C.'S SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY**

ColorQuick has addressed and disposed of Vistaprint's allegation that Release 5.1 of Vistaprint.com invalidates any claim of the '149 patent in multiple briefs.[1] ColorQuick files this surreply, however, to briefly clarify the record in view of Vistaprint's misleading reply in support of its Motion for Summary Judgment of Invalidity. In short, Vistaprint's motion should be denied because it provides no evidence that the claimed methods *were used* before the critical date of the '149 patent.

**A.    ColorQuick Does Not Accuse All Versions of Vistaprint.com of Infringement.**

Vistaprint's entire invalidity case relating to Vistaprint.com revolves around Vistaprint's false proclamation that "[b]ecause ColorQuick has accused *all versions* of Vistaprint.com of infringing all asserted claims of the '149 patent (including versions comprising the Old Studio

---

[1] (*See, e.g.,* Dkt. Nos. 137, 138, 140, 141, 152, 154, and 155).

**PLAINTIFF COLORQUICK L.L.C.'S SURREPLY IN OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY                                   Page 1**

present in Release 5.1), the '149 patent is invalid as a matter of law."[2] But ColorQuick asserts *method claims* against Vistaprint. In its First Amended Complaint, ColorQuick alleges that:

> "Defendant Vistaprint Limited has been directly infringing the '149 Patent, literally or under the doctrine of equivalents, under 35 U.S.C. § 271 (g) by importing into, and selling or offering for sale within, the United States products (e.g., brochures, flyers, business cards) which are made by processes that fall within the scope of claims 1-5, 7, and 9-12 of the '149 Patent."[3]

ColorQuick has not accused the Vistaprint.com system, but rather, only certain methods that are now performed through it. In support of its false construct that ColorQuick accused the system (including each and every version), Vistaprint repeatedly and implausibly argues that ColorQuick has conceded that Vistaprint.com is prior art. For example, in its reply, Vistaprint quotes ColorQuick's expert out of context to suggest that he believes Vistaprint.com is prior art.[4] Vistaprint quotes the first sentence below but omits the following sentence in which Dr. Wong makes his opinion expressly clear:

> On the bases of my review of Mr. Zwang's report it is my opinion that Vistaprint.com in February 2001 ("Vistaprint.com") does not raise a genuine issue as to whether the asserted claims of the '149 patent are anticipated or rendered obvious. ***Mr. Zwang's conclusion that the 2001 version [sic] Vistaprint.com practiced the asserted claims is defective in several respects***.[5]

ColorQuick and its expert have consistently maintained that Vistaprint's current use of its system infringes the methods of the '149 patent, but it did not (and could not) use the 2001 system in that way.

### B.   Vistaprint Has Not Demonstrated Pre-Critical Date <u>Use</u> of the Claimed Methods.

Vistaprint attempts to focus the Court on the website instead of the methods because Vistaprint has no evidence of any pre-critical date *use* of the claim methods. Setting aside the

---

[2] (Dkt. 155 at 3).
[3] (Dkt. 111 at ¶10).
[4] (*See* Dkt. 155 at 3).
[5] (Dkt. 155 at 3, Wikner Decl., Ex. 14 (Wong Rebuttal Report at ¶42)).

**PLAINTIFF COLORQUICK L.L.C.'S SURREPLY IN OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY**               Page 2

fact that Vistaprint also cannot show evidence that its website was even *capable* of performing all of the steps of the claimed methods prior to the filing of the '149 patent, the failure to provide evidence of *use* is fatal to Vistaprint's summary judgment, and its entire validity case as it relates to Vistaprint.com. The very cases that Vistaprint relies upon demonstrate that this is fatal to its invalidity argument. In *New Railhead Mfg., L.L.C. v. Vermeer Mfg. Co.*, the claimed method was for horizontal directional drilling in rock, and the Federal Circuit held that the undisputed evidence demonstrated that method was in public and commercial use because a third party performed it at a public job site.[6] The court said "there is no suggestion whatsoever that [the third party's pre-critical date] use of the patented method did not meet each and every claim limitation of the '743 patent."[7] Here, Vistaprint has made no showing that anyone performed the claim limitations before the critical date, much less publicly. Similarly, in *AdvanceMe Inc. v. RapidPay, LLC*, Judge Davis determined that the method claims were anticipated only after analyzing extensive evidence of use of each claimed element.[8] This evidence is missing from the record, and thus Vistaprint's Motion for Summary Judgment must be denied as to public use under § 102 (b).

And further, for § 102(g), in the case of a method claim, the alleged prior inventor must show that the method was "successfully performed" before the filing date of the patent.[9] "Under section 102(g), any anticipatory process must have complete identity with [the claimed method]."[10] Vistaprint does not even attempt to meet this burden. Instead, Vistaprint falsely

---

[6] 298 F.3d 1290, 1293 (Fed. Cir. 2002).
[7] *Id.* at 1299.
[8] 509 F. Supp. 2d 593, 617-621 (E.D. Tex. 2007).
[9] *See Levi Strauss & Co. v. Golden Trade, S.r.L.*, Nos. 92 Civ. 1667, 90 Civ. 6291, 90 Civ. 6292, 1995 WL 710822, at *19 (S.D.N.Y. Dec. 1 1995)(quoting *Corona Cord Tire Co. v. Dovan Chemical Corp.*, 276 U.S. 358, 383 (1928)).
[10] *Id.* at *20.

**PLAINTIFF COLORQUICK L.L.C.'S SURREPLY IN OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY**        Page 3

contends—as explained above—that ColorQuick accused the Vistaprint.com system of infringement, and simply concludes that "no further showing" is necessary.[11]

**C. Conclusion**

Vistaprint's Motion for Summary Judgment should be denied as a matter of law because it offers no evidence of public use or any performance of the claimed methods before the critical date. At minimum, there are genuine issues of material fact regarding whether any alleged use was public, suppressed or concealed, or in the United States.

Dated: April 11, 2011

Respectfully submitted,

*/s/ Justin B. Kimble*
Michael W. Shore
State Bar No. 18294915
Alfonso Garcia Chan
State Bar No. 24012408
Patrick J. Conroy
State Bar No. 24012448
Justin B. Kimble
State Bar No. 24036909
Derek N. Johnson
State Bar No. 24060027
Timothy T. Wang
State Bar No. 24067927
**SHORE CHAN BRAGALONE DEPUMPO LLP**
901 Main Street, Suite 3300
Dallas, Texas 75202
(214) 593-9110 Telephone
(214) 593-9111 Facsimile

ATTORNEYS FOR PLAINTIFF
COLORQUICK, L.L.C.

---

[11] (Dkt. 155 at 9).

**CERTIFICATE OF SERVICE**

       I hereby certify that on this date I electronically filed **PLAINTIFF COLORQUICK L.L.C.'S SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY** with the clerk of court for the United States District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.


April 11, 2011                                    /s/ Justin B. Kimble
Date