IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| COLORQUICK, L.L.C., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | No. 6:09-CV-323-LED |
| v. | § | |
| | § | JURY DEMANDED |
| VISTAPRINT LIMITED, and | § | |
| OFFICEMAX INCORPORATED, | § | |
| | § | |
| *Defendants.* | § | |

---

## [PROPOSED] JOINT PRE-TRIAL ORDER

---

Plaintiff ColorQuick, L.L.C. ("ColorQuick") and Defendant Vistaprint Limited ("Vistaprint") (collectively, the "Parties"), pursuant to the February 27, 2010 Order Granting Joint Motion to Amend Docket Control Order (Dkt. 125) and Local rule CV-16(b) and Rule 16 of the Federal Rules of Civil Procedure, hereby submits the Joint Pre-Trial Order.

### A.     COUNSEL FOR THE PARTIES

**Attorneys for Plaintiff ColorQuick, L.L.C.:**

Patrick J. Conroy (**Lead Attorney**)
State Bar No. 24012448
Michael W. Shore
State Bar No. 18294915
Alfonso Garcia Chan
State Bar No. 24012408
Justin B. Kimble
State Bar No. 24036909
Derek N. Johnson
State Bar No. 24060027
Timothy T. Wang
State Bar No. 24067927

SHORE CHAN BRAGALONE DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
(214) 593-9110 Telephone
(214) 593-9111 Facsimile

**Attorneys for Defendant Vistaprint Limited**:

Thomas J. Friel
Matthew P. Gubiotti
Brian P. Wikner
COOLEY LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
(650) 843-5000

Christopher Campbell
COOLEY LLP
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, Virginia 20190
(703) 456-8553

Charles Ainsworth, Esq.
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Ste. 1114
Tyler, TX 75702
Tel: (903) 531-3535
Fax: (903) 533-9687

## B.    STATEMENT OF VENUE AND JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to the patent laws of

the United States, Title 35 of the United States Code.  The Court's jurisdiction over this action is

proper under the above statutes, including 35 U.S.C. § 271, *et seq.*, and 28 U.S.C. §§ 1331 and

1338(a).

Venue and personal jurisdiction are no longer in dispute.

## C.      NATURE OF ACTION

Trial in the above-captioned action is scheduled to commence on June 13, 2011.  This is a patent infringement case wherein Plaintiff ColorQuick seeks damages for the alleged infringement of U.S. Patent No. 6,839,149 ("the '149 patent").

Plaintiff ColorQuick alleges that Defendant Vistaprint has been and is directly infringing United States Patent No. 6,839,149 ("the '149 Patent"), literally or under the doctrine of equivalents, under 35 U.S.C. § 271(g) by importing into, and selling and offering for sale within, the United States products (*e.g.*, brochures, flyers, business cards) that are made by processes that fall within the scope of claims 1-3, 7, and 9-12 of the '149 Patent since January 4, 2005.

ColorQuick seeks pre-verdict and post-verdict damages up to the time of judgment to compensate it for Vistaprint's alleged acts of infringement, but in no event less than a reasonable royalty, as well as permanent injunctive relief against future acts of infringement by Vistaprint. ColorQuick also seeks prejudgment and post-judgment interests and costs. If a permanent injunction should be denied, ColorQuick alternatively seeks payment of reasonable royalties for future infringement.

Vistaprint denies that it has infringed the '149 patent.  Vistaprint further contends that the '149 patent is invalid.  Vistaprint disputes ColorQuick's claims for damages.  Vistaprint also disputes ColorQuick's claim for an injunction.   Further, Vistaprint seeks a declaratory judgment of non-infringement and invalidity of the '149 patent.  Vistaprint further seeks its attorneys' fees pursuant to 35 U.S.C. § 285, as well as its costs.  ColorQuick denies Vistaprint's counterclaims.

## D.      CONTENTIONS OF THE PARTIES

### ColorQuick Contends:

By providing these Contentions, ColorQuick does not concede that all of these issues are appropriate for trial. In addition, ColorQuick does not waive any of its motions *in limine*, objections to evidence that Vistaprint may offer, *Daubert* motions, motions for summary judgment, and/or any and all motions for pretrial and post-trial relief.

1.      ColorQuick contends that the inventions of the '149 patent were conceived at least as early as May 2001 and that diligence was used from that point forward to reduce the inventions to practice by at least August 2001. Thus, ColorQuick contends that the '149 patent is entitled to a priority date of at least May 2001.

2.      ColorQuick holds all rights, title, and interest in and under the '149 patent. Accordingly, ColorQuick possesses all rights of recovery under the '149 patent.

3.      ColorQuick alleges that Vistaprint has been and is directly infringing the '149 patent, literally or under the doctrine of equivalents, under 35 U.S.C. § 271(g) by importing into, and selling and offering for sale within, the United States products (*e.g.*, brochures, flyers, business cards) that are made by processes that fall within the scope of claims 1-3, 7, and 9-12 of the '149 Patent, including digital print services offered through websites, since January 4, 2005.

4.      ColorQuick contends that Vistaprint imports, sells, or offers for sale products in the United States products made by processes that fall within the scope of claims 1-3, 7, and 9-12 of the '149 Patent.

5.      ColorQuick contends that it has been damaged by Vistaprint's conduct and seeks pre-verdict and post-verdict damages up to the time of judgment adequate to compensate for the infringement by Vistaprint, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest and costs as fixed by the Court. ColorQuick contends that it is entitled to damages in an amount consistent with the opinions of its expert.

6.      ColorQuick contends that ColorQuick and all predecessors in interest have complied with 35 U.S.C. § 287.

7.      ColorQuick reserves the right to contend that this case is exceptional and that ColorQuick is entitled to reasonable attorneys' fees and costs (and consultant fees and costs) pursuant to 35 U.S.C. § 285.

8.      ColorQuick contends that it is entitled to a permanent injunction against Vistaprint. ColorQuick also contends that it is entitled to an injunction prohibiting Vistaprint from offering for sale, selling, and/or importing products made by processes that infringe claims of the '149 patent as plead herein. In the alternative, ColorQuick contends that any denial of a permanent injunction should be conditioned on payment of reasonable royalties for future infringement.

9.      ColorQuick denies each and every one of Vistaprint's defenses and declaratory judgment claims, including, but not limited to, that the '149 patent is invalid or not infringed by Vistaprint.

10.     ColorQuick denies that Vistaprint is entitled to its costs and its attorneys' fees.

**Vistaprint Contends:**

By providing these contentions, Vistaprint does not concede that all of these issues are appropriate for trial.  In particular, Vistaprint does not waive any of its motions *in limine*, motions for summary judgment, or other pending motions that, if granted, would render some or all of these issues moot.

1.      The alleged invention of the '149 patent was conceived no earlier than May 2001. The invention was reduced to practice as a prototype no earlier than August 2001 and was refined into a commercial product no earlier than October 2001.

2.       ColorQuick's sole allegation is that Vistaprint infringes claims 1-3, 7, and 9-12 of the '149 patent under 35 U.S.C. § 271(g) because it imports into, sells, and offers for sale within the United States products (*e.g.*, brochures, flyers, business cards), which are made by the processes of one or more asserted claims.

3.       ColorQuick is estopped from contending that Vistaprint infringes each of the asserted claims under the doctrine of equivalents because of amendments and arguments made to the U.S. Patent and Trademark Office ("PTO") during prosecution of the application that led to issuance of the '149 patent.

4.       Vistaprint has not infringed any of the asserted claims of the '149 patent.

5.       Vistaprint cannot directly infringe each of the asserted claims because it does not "revise the PDL image file" according to the Court's claim construction.

6.       Vistaprint cannot directly infringe each of the asserted claims because it does not "manipulat[e] an image display of the still image proxy" according to the Court's claim construction.

7.       Vistaprint cannot directly infringe each of the asserted claims because it neither practices each step recited in the claims nor controls or directs the activities of its customers performing steps recited in the claims.

8.       The asserted claims of the '149 patent are invalid under 35 U.S.C. § 102.[1]

9.       The asserted claims of the '149 patent are invalid because they are obvious under 35 U.S.C. § 103.

10.       The asserted claims of the '149 patent are invalid due to lack of enablement, an inadequate written description, and indefiniteness under 35 U.S.C. § 112.

---

[1] Vistaprint incorporates by reference Defendants' Amended Joint P.R. 3-3 Invalidity Contentions and the Appendices thereto (Oct. 28, 2010).

11.     Vistaprint is entitled to a declaratory judgment that Vistaprint has not infringed any claim in the '149 patent.

12.     Vistaprint is entitled to a declaratory judgment that the '149 patent, and each claim thereof, is invalid.

13.     ColorQuick should take no damages.

14.     Even if infringement of the asserted claims of the '149 patent is found, ColorQuick's proposed damages award is excessive and unsupported.  Vistaprint contends the maximum amount it would pay in damages is approximately $200,000— the cost of a noninfringing alternative. ColorQuick contends it is entitled to damages totaling $3.7 million.

15.     Even if infringement of the asserted claims of the '149 patent is found, ColorQuick is not entitled to an injunction because, among other reasons, ColorQuick has shown a willingness to non-exclusively license the '149 patent, and damages are adequate to compensate ColorQuick for any infringement of the '149 patent.

16.     This is an exceptional case entitling Vistaprint to an award of its cost, expenses, and attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285. ColorQuick is not entitled to its costs and its attorneys' fees.


**E.      STIPULATIONS AND UNCONTESTED FACTS:**

**Stipulations Agreed to by the Parties:**

1.     The parties will exchange copies of all demonstratives they plan to use at trial in opening, closing or direct examination – but not for cross-examination – by 8:00 p.m. the night before their intended use.  In other words, if a demonstrative will be used on a Wednesday, it must be exchanged or made available by 8:00 p.m. on the previous Tuesday. The parties shall

exchange objections to these demonstratives by 10:00 p.m. on the day the exhibits are received. Demonstratives exchanged will not be used by the receiving party prior to being used by the disclosing party.

2.      The parties will make available for inspection all non-documentary demonstratives or live product demonstrations, such as physical exhibits, physical prior art or physical products, they plan to use at trial for use during direct examination – but not for cross-examination – by 8:00 p.m. two nights  before their intended use. In other words, if a demonstrative will be used on a Wednesday, it must be exchanged or made available by 8:00 p.m. on the previous Monday. The parties shall exchange objections to these non-documentary demonstratives or live product demonstrations by 7:00 p.m. the night before their intended use. Demonstratives exchanged will not be used by the opposing party prior to being used by the disclosing party.

3.      The parties will exchange lists of exhibits they intend to use during direct examination by 8:00 p.m. the night before their intended use.

4.      The parties agree that they may use each other's exhibits listed on the parties' respective exhibit lists (on direct, cross, redirect, etc.), subject to the Court's rulings on the parties' pending objections, motions in limine, dispositive motions, objections to exhibits, etc.

5.      The parties will continue to meet and confer in good faith in attempt to resolve all of their objections to the other party's deposition designations, exhibits, demonstratives, motions in limine, etc.

6.      Unless the parties agree otherwise, the parties will identify witnesses to be called live and by deposition, in the anticipated order of call, by 10:00 a.m., 48 hours in advance of the day of trial during which the witnesses will testify.

7.      The parties agree to exchange lists of "Admitted Exhibits" by 10:00 p.m. the night before the lists are to be submitted to the Court.

**Statement of Uncontested Facts:**

1.      ColorQuick is the owner of all right, title, and interest in the '149 patent, which issued on January 4, 2005, and is  entitled "Preparation of Production Data For A Print Job Using A Still Image Proxy of a Page Description Language Image File."

2.      The sole named inventor of the '149 patent is Jeremy C. Herr.

3.      .PDF, .PS, and .EPS were known image file types in the art prior to the filing date of the application that issued as the '149 patent.

4.      Certain methods of converting .PDF, .PS, and .EPS image files to .JPG, .GIF, or .PNG were known in the art prior to the filing date of the application that issued as the '149 patent.

5.      ColorQuick, L.L.C. is a New Jersey limited liability company having a principal place of business at 9100 Pennsauken Highway, Pennsauken, New Jersey 08110.

6.      Vistaprint Limited is an entity organized and existing under the laws of Bermuda with a principal place of business located at Canon's Court, 22 Victoria Street, Hamilton, HM 12 Bermuda.

7.      Claims 1-3, 7, and 9-12 of the '149 patent are at issue in this case.

## F.      CONTESTED ISSUES OF FACT AND LAW

**ColorQuick's Contested Issues of Fact and Law:**

ColorQuick identifies the following issues of fact and law that remain to be litigated.  To the extent any issue of law discussed below is deemed to be an issue of fact, it is incorporated

into this section.  The parties reserve the right to identify additional factual or legal issues that may arise, including issues raised in any motion for summary judgment or motion *in limine*.

1.      Whether Vistaprint directly infringes claims 1-3, 7, and 9-12 of the '149 patent, either literally or under the doctrine of equivalents.

2.      Whether ColorQuick is entitled to damages to compensate for Vistaprint's infringement, and if so, the dollar amount of pre-verdict and post-verdict damages to the time of judgment adequate to compensate for the infringement of the '149 patent, including a reasonable royalty.

3.      Whether ColorQuick is entitled to costs, and if so, the dollar amount of those costs.

4.      Whether ColorQuick is entitled to prejudgment and post-judgment interest, and if so, the dollar amount of prejudgment and post-judgment interest.

5.      Whether ColorQuick is entitled to a permanent injunction against Vistaprint, requiring Vistaprint to refrain from directly infringing the '149 patent.

6.      Whether any denial of a permanent injunction should be conditioned on payment of reasonable royalties for future infringement, and if so, the royalty amount set for future infringement and a means or mechanism to account for future royalty payments.

7.      Whether Vistaprint has proven by clear and convincing evidence that the doctrine of prosecution history estoppel precludes ColorQuick's claims of infringement under the doctrine of equivalents that ColorQuick maintained as an alternative to its literal infringement positions.

8.     Whether Vistaprint has proven by clear and convincing evidence that the claims of the '149 patent are invalid because they are anticipated by Vistaprint's prior art references under 35 U.S.C. § 102.

9.     Whether Vistaprint has proven by clear and convincing evidence that the claims of the '149 patent are obvious under 35 U.S.C. § 103 in view of Vistaprint's prior art references.

10.    Whether Vistaprint has proven by clear and convincing evidence that ColorQuick has an adequate remedy at law and that injunctive relief is not proper.

11.    Whether, pursuant to 35 U.S.C. § 285 and/or other applicable laws, Vistaprint's conduct in defending and pursuing its claims of invalidity and non-infringement render this an exceptional case, and whether ColorQuick should be awarded their attorneys' fees in connection with this action.

12.    Any issues of fact that are determined to constitute issues of law are hereby designated as such, and vice versa. ColorQuick also incorporates by reference the contested issues raised in its pending motions.  *See* Section I, *infra*.

ColorQuick objects to Vistaprint's attempt to raise new issues of claim construction or other issues not pleaded in their Contested Issue of Fact and Law.

**Vistaprint's Contested Issues of Fact and Law**:

Vistaprint identifies the following issues of fact and law that remain to be litigated.  To the extent any issue of law discussed below is deemed to be an issue of fact, it is incorporated into this section.  The parties reserve the right to identify additional factual or legal issues that may arise, including issues raised in any motion for summary judgment or motion *in limine*.

NONINFRINGEMENT AND CLAIM CONSTRUCTION

1.     Whether Vistaprint has directly infringed claims 1-3, 7, and 9-12 of the '149 patent under 35 U.S.C. § 271(g) by importing into, selling, or offering for sale within the United

States products (*e.g.*, brochures, flyers, business cards), which are made by the processes of one or more asserted claims.

2.     If and only if ColorQuick is allowed to argue Vistaprint infringes under the doctrine of equivalents, whether Vistaprint has infringed, under the doctrine of equivalents, claims 1-3, 7, and 9-12 of the '149 patent under 35 U.S.C. § 271(g) by importing into, selling, or offering for sale within the United States products (*e.g.*, brochures, flyers, business cards), which are made by the processes of one or more asserted claims.

3.     Whether products that Vistaprint prints outside of the United States are products made using a patented process under 35 U.S.C. § 271(g).

4.     Whether products that Vistaprint prints outside of the United States are products made using the process of the asserted claims of the '149 patent under 35 U.S.C § 271(g).

5.     Whether "production data" is the product of the process claimed by the '149 patent.

6.     Whether "production data" generated by Vistaprint is either materially changed by later processes, or a trivial or non-essential part of another product.

7.     Whether ColorQuick has accused Release 5.1 of Vistaprint.com of infringement.

8.     Whether ColorQuick is estopped from contending that Vistaprint infringes each of the asserted claims under the doctrine of equivalents because of amendments and arguments made to the U.S. Patent and Trademark Office ("PTO") during prosecution of the application that led to issuance of the '149 patent.

9.     Whether Vistaprint cannot directly infringe each of the asserted claims because it neither practices each step recited in the claims nor controls or directs the activities of its customers performing steps recited in the claims.

10.     Whether claim 1 of the '149 patent requires the independent action of two or more parties to perform the recited method.

11.     Whether Vistaprint controls or directs the actions of its customers such that every step of the method is attributable to Vistaprint.

12.     Whether there is an agency relationship between Vistaprint and its customers such that  one party is contractually obligated to the other to perform steps of the recited method.

13.     Whether Vistaprint cannot directly infringe the asserted claims because one or more steps of the recited methods are performed outside of the United States.

<u>CLAIM CONSTRUCTION</u>

14.     Whether "the PDL image file" revised in step (c) of claim 1 is the same "PDL image file" of which a "still image proxy" is created in step (a).

15.     Whether Vistaprint cannot directly infringe each of the asserted claims because it does not "revise the PDL image file" according to the Court's claim construction.

16.     Whether Vistaprint cannot directly infringe each of the asserted claims because it does not "manipulat[e] an image display of a still image proxy" according to the Court's claim construction.

<u>INVALIDITY</u>

17.     Whether each of the asserted claims of the '149 patent are invalid under 35 U.S.C. § 102.

18.     Whether each of the asserted claims of the '149 patent are invalid as obvious under 35 U.S.C. § 103.

19.     Whether the asserted Vistaprint.com Release 5.1 prior art system was publicly used in the United States before March 21, 2001.

20.     Whether the asserted Vistaprint.com Release 5.1 prior art system was publicly used in the United States before May 2001.

21.     Whether the asserted Vistaprint.com Release 5.1 prior art system was sold or offered for sale in the United States before March 21, 2001.

22.     Whether the asserted Vistaprint.com Release 5.1 prior art system was sold or offered for sale in the United States before May 2001.

23.     Whether the asserted Vistaprint.com Release 5.1 system is prior art to each asserted claim under 35 U.S.C. § 102(b).

24.     Whether the asserted Vistaprint.com Release 5.1 system was publicly known in the United States before March 21, 2001.

25.     Whether the asserted Vistaprint.com Release 5.1 system was publicly known in the United States before May 2001.

26.     Whether the asserted Vistaprint.com Release 5.1 system is prior art to each asserted claim under 35 U.S.C. § 102(a).

27.     Whether the asserted Vistaprint.com Release 5.1 prior art system was made in the United States no later than the conception date of the '149 patent.

28.     Whether the asserted Vistaprint.com Release 5.1 prior art system was abandoned, suppressed, or concealed.

29.     Whether the asserted Vistaprint.com Release 5.1 system is prior art to each asserted claim under 35 U.S.C. § 102(g)(2).

30.     Whether the asserted Vistaprint.com Release 5.1 system is prior art to each asserted claim under 35 U.S.C. § 103.

31.     Whether Vistaprint.com Release 5.1 is an embodiment of U.S. Patent No. 6,650,433 to Keane et al.

32.     Whether Vistaprint.com Release 5.1 was publicly available for use on February 26, 2001.

33.     Whether Vistaprint.com Release 5.1 was capable of accepting uploads of files in .PDF and PostScript format.

34.     Whether Vistaprint.com Release 5.1 was capable of converting uploaded files to a high-resolution Encapsulated PostScript (.EPS) file format.

35.     Whether .PDF, .PS and .EPS are kinds of computer files containing page description language (PDL) code that define the appearance of an electronic document when printed.

36.     Whether the critical date of the '149 patent is March 21, 2001.

37.     U.S. Patent No. 6,650,433 to Keane et al. was filed on April 25, 2000, and was issued on November 18, 2003.

38.     U.S. Patent No. 6,650,433 to Keane et al. is prior art to at least one asserted claim of the '149 patent under 35 U.S.C. § 102(e).

39.     U.S. Patent No. 5,930,810 to Farros et al. was filed on August 9, 1995, and issued on July 27, 1999.

40.     U.S. Patent No. 5,930,810 to Farros et al. is prior art to at least one asserted claim of the '149 patent under 35 U.S.C. §§ 102(a) and/or 102(b).

41.     U.S. Patent No. 6,717,686 to Farros et al. was filed on May 10, 2000, and was issued on April 6, 2004.

42.     U.S. Patent No. 6,717,686 to Farros et al. is prior art to at least one asserted claim of the '149 patent under 35 U.S.C. § 102(e).

43.     U.S. Patent No. 6,717,686 to Farros et al. and U.S. Patent No. 5,930,810 to Farros et al. constitute a single prior art reference because U.S. Patent No. 6,717,686 to Farros et al. incorporates by reference U.S. Patent No. 5,930,810 to Farros et al.

44.     U.S. Patent No. 6,529,214 to Chase et al. was filed on May 14, 1999, and issued on March 4, 2003.

45.     U.S. Patent No. 6,529,214 to Chase et al. is prior art to at least one asserted claim of the '149 patent under 35 U.S.C. § 102(e).

46.     Apple Computer, Inc., *OPI White Paper* (1995) was published by Apple Computer, Inc. in 1995.

47.     Apple Computer, Inc., *OPI White Paper* (1995) is prior art to at least one asserted claim of the '149 patent under 35 U.S.C. §§ 102(a) and (b).

48.     U.S. Patent No. 6,522,418 to Yokomizo et al. was filed on May 12, 1998, and issued on February 18, 2003.

49.     U.S. Patent No. 6,522,418 to Yokomizo et al. is prior art to at least one asserted claim of the '149 patent under 35 U.S.C. § 102(e).

50.     U.S. Patent Application No. 2003/0140315 A1 by Blumberg et al. was filed on June 7, 1999, and was published on July 24, 2003.

51.     U.S. Patent Application No. 2003/0140315 A1 by Blumberg et al. is prior art to at least one asserted claim of the '149 patent under 35 U.S.C. § 102(e)

52.     Whether U.S. Patent No. 6,650,433 to Keane et al. renders at least one asserted claim of the '149 patent invalid under 35 U.S.C. § 103.

53.     Whether U.S. Patent No. 6,522,418 to Yokomizo et al., in light of the knowledge of one of ordinary skill in the art, renders at least one claim of the '149 patent invalid for obviousness under 35 U.S.C. § 103.

54.     Whether U.S. Patent No. 6,650,433 to Keane et al., in view of U.S. Patent Application No. 2003/0140315 to Blumberg et al., renders the asserted claims of the '149 patent invalid under 35 U.S.C. § 103.

55.     Whether U.S. Patent No. 6,717,686 to Farros et al., in view of U.S. Patent Application No. 2003/0140315 to Blumberg et al., renders the asserted claims of the '149 patent invalid under 35 U.S.C. § 103.

56.     Whether each of the asserted claims of the '149 patent are invalid as not providing an enabling written description as required under 35 U.S.C. § 112.

57.     Whether each of the asserted claims of the '149 patent are invalid as indefinite under 35 U.S.C. § 112.

### DAMAGES AND INJUNCTIVE RELIEF

58.     Whether ColorQuick and Vistaprint are not, or ever have been, competitors.

59.     Whether ColorQuick is entitled to damages to compensate for Vistaprint's alleged infringement and, if so, the dollar amount adequate to compensate for the infringement of the '149 patent. Vistaprint contends the maximum amount it would pay in damages is approximately $200,000— the cost of a noninfringing alternative. ColorQuick contends it is entitled to damages totaling $3.7 million.

60.     Whether any damages are a lump sum paid through the expiration date of the '149 patent or a running royalty.

61.     Whether ColorQuick has met its burden to establish that it is entitled to injunctive relief by proving (1) that it has suffered an  irreparable injury; (2) that remedies available at law,

such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships  between the plaintiff and defendant, a remedy in equity is  warranted; and (4) that the public interest would not be disserved by a permanent injunction.

POST-TRIAL ISSUES

62.     Whether, pursuant to 35 U.S.C. § 285 and/or other applicable laws, Vistaprint's conduct in defending and pursuing its claims of invalidity and non-infringement render this an exceptional case, and whether ColorQuick should be awarded their attorneys' fees in connection with this action.

63.     Whether, pursuant to 35 U.S.C. § 285 and/or other applicable laws, ColorQuick's conduct in commencing and pursuing its claims of patent infringement render this an exceptional case, and whether Vistaprint should be awarded their attorneys' fees in connection with their action.

64.     Whether ColorQuick is entitled to costs and, if so, the amount in dollars.

65.     Whether Vistaprint is entitled to costs and, if so, the dollar amount of costs.

66.     Any issues of fact that are determined to constitute issues of law are hereby designated as such, and vice versa. Vistaprint also incorporates by reference the contested issues raised in its pending motions, including issues concerning claim construction and prosecution history estoppel.  *See* Section J, *infra*.

67.     Vistaprint objects to ColorQuick's attempt to raise new issues of fact or law not addressed in their Contested Issue of Fact and Law.

**ColorQuick's Statement Regarding Issues to be Decided by the Court:**

1.     ColorQuick reserves the right to object to the language and substance of any proposed instructions and questions on the issues of obviousness.

2.      ColorQuick reserves the right to object to the language and substance of any proposed jury instructions, verdict form, pretrial order, jury questionnaires, and related information.

3.      ColorQuick contends that the limitations on direct infringement under the doctrine of equivalents require determination by the Court, should not be submitted to the jury, and the jury should not be advised of the defense.

4.      ColorQuick contends that all issues related to ColorQuick's claim for injunctive relief require determination by the Court, should not be submitted to the jury, and the jury should not be advised of the defense.

**<u>Vistaprint's Statement Regarding Issues to be Decided by the Court</u>:**

1.      Vistaprint reserves the right to object to the language and substance of any proposed jury instructions, verdict form, pretrial order, jury questionnaires, and related information.

**G.      LIST OF WITNESSES[2]**

- ColorQuick's list of witnesses is attached as Exhibit A.

- Vistaprint's list of witnesses is attached as Exhibit B.

- Deposition Designations will be exchanged on April 19, 2011 in accordance with the Amended Docket Control Order (Dkt. 160).

- Objections to Deposition Designations and Rebuttal Deposition Designations will be exchanged on April 26, 2011 in accordance with the Amended Docket Control Order (Dkt. 160).

- Objections to Rebuttal Deposition Designations will be exchanged on April 29, 2011 in accordance with the Amended Docket Control Order (Dkt. 160).

---

[2] The parties note that two depositions of Vistaprint witnesses remain,.  ColorQuick reserves the right to add to its witness list, exhibit list, and deposition designations following those depositions and to file any motions in limine, discovery motions, and related pleadings related thereto.  Vistaprint reserves the same rights.

**H.      LIST OF EXHIBITS**

- Exhibit lists will be exchanged on April 19, 2011 in accordance with the Amended Docket Control Order (Dkt. 160).

**I.      JURY INSTRUCTIONS & VERDICT FORMS**

The parties' proposed preliminary jury instructions are attached hereto as Exhibit C, the parties' proposed final jury instructions are attached hereto as Exhibit D.

ColorQuick's proposed jury instructions are submitted without waiver of their pending motions, anticipated motions *in limine*, and objections to Vistaprint's proposed instructions, which, if granted or sustained, will likely render portions of the attached instructions unnecessary.  ColorQuick's proposed instructions are not an admission that any of Vistaprint's theories are part of the case.  ColorQuick further reserves the right to amend, supplement, or modify these instructions in light of further developments, including the pre-trial conference, any remaining fact or expert discovery, and based on evidence and arguments presented at trial. ColorQuick also reserves the right to raise objections, including written objections, to any jury instructions proposed by Vistaprint.

Vistaprint's proposed jury instructions are submitted without waiver of their pending motions, anticipated motions in limine, and objections to ColorQuick's proposed instructions, which, if granted or sustained, will likely render portions of the attached instructions unnecessary.  Vistaprint's proposed instructions are not an admission that any of ColorQuick's theories are part of the case.  Vistaprint further reserves the right to amend, supplement, or modify these instructions in light of further developments, including the pre-trial conference, any remaining fact or expert discovery, and based on evidence and arguments presented at trial. Vistaprint also reserves the right to raise objections, including written objections, to any jury instructions proposed by ColorQuick.

ColorQuick's proposed verdict form is attached hereto as Exhibit E.

Vistaprint's proposed verdict form is attached hereto as Exhibit F.

**J.     LIST OF PENDING MOTIONS**

The following motions are currently pending before the Court:

| Date | Dkt. | Event |
|---|---|---|
| 03/14/2011 | 132 | SEALED MOTION *for Summary Judgment of Non-Infringement* by Vistaprint Limited. (Attachments: # 1 Declaration of Martijn Stevenson, # 2 Exhibit 1 to Stevenson Declaration, # 3 Exhibit 4 to Stevenson Declaration, # 4 Declaration of Anatoliy Tsykora, # 5 Exhibit 1 to Tsykora Declaration, # 6 Exhibit 1 to Wikner Declaration, # 7 Exhibit 2 to Wikner Declaration, # 8 Exhibit 3 to Wikner Declaration, # 9 Exhibit 4 to Wikner Declaration, # 10 Exhibit 7 to Wikner Declaration, # 11 Exhibit 8 to Wikner Declaration, # 12 Exhibit 9 to Wikner Declaration, # 14 Text of Proposed Order) (kls, ). Modified on 3/15/2011 (kls, ). (Entered: 03/14/2011) |
| 03/14/2011 | 135 | MOTION for Summary Judgment *of Invalidity* by Vistaprint Limited. (Attachments: # 1 Declaration of Seb Coursol, # 2 Exhibit 1 to Coursol Declaration, # 3 Exhibit 2 to Coursol Declaration, # 4 Declaration of Sven Ripper, # 5 Exhibit 1 to Ripper Declaration, # 6 Exhibit 2 to Ripper Declaration, # 7 Declaration of Brian P. Wikner, # 8 Exhibit 6 to Wikner Declaration, # 9 Exhibit 10 to Wikner Declaration, # 10 Exhibit 11 to Wikner Declaration, # 11 Exhibit 13 to Wikner Declaration, (Additional attachment(s) added on 3/15/2011: # 13 Text of Proposed Order) (kls, ). Modified on 3/15/2011 (kls, ). (Entered: 03/14/2011) |
| 03/14/2011 | 137 | SEALED MOTION *of Plaintiff Colorquick, LLC to Strike, In Part, The Opinions of David L. Zwang on the Purported Invalidity of U.S. Patent No. 6,839,149* by Colorquick, LLC. (Attachments: # 1 Affidavit of Justin B. Kimble, # 2 Text of Proposed Order)(Kimble, Justin) (Entered: 03/14/2011) |
| 03/14/2011 | 138 | SEALED MOTION *of Plaintiff ColorQuick L.L.C.'s Daubert Motion to Strike Portions of The Invalidity Opinion of David L. Zwang* by Colorquick, LLC. (Attachments: # 1 Affidavit of Justin B. Kimble - Ex. A-D, # 2 Affidavit Justin B. Kimble - Ex. E-H, # 3 Text of Proposed Order)(Kimble, Justin) (Entered: 03/14/2011) |
| 03/14/2011 | 139 | SEALED MOTION *of Plaintiff ColorQuick L.L.C's Daubert Motion to Strike Damages Opinion of W. Christopher Bakewell* by Colorquick, LLC. (Attachments: # 1 Affidavit of Derek Johnson - Exhibits A and B, # 2 Text of Proposed Order)(Kimble, Justin) (Entered: 03/14/2011) |
| 03/14/2011 | 140 | SEALED MOTION *of Plaintiff ColorQuick L.L.C.'s Motion for Partial Summary Judgment on Defendant's Vistaprint.com Invalidity Defense and Brief in Support* by Colorquick, LLC. (Attachments: # 1 Affidavit of Timothy Wang - Exhibits A-C, # 2 Affidavit of Timothy Wang - Exhibits |

| | | D-F, # 3 Affidavit of Timothy Wang - Exhibits G-K-, # 4 Text of Proposed Order)(Kimble, Justin) (Entered: 03/14/2011) |
| --- | --- | --- |
| 03/29/2011 | 151 | MOTION to Strike *Improper Summary Judgment Evidence* by Colorquick, LLC. (Attachments: # 1 Text of Proposed Order)(Kimble, Justin) (Entered: 03/29/2011) |

The Court has set oral arguments for Docket Nos. 132, 135, 137, 138, 139, and 140 for May 13, 2011 at 9:00 a.m.

## K.     PROBABLE LENGTH OF TRIAL

The parties estimate the probable length of trial will be 5 days.   Each party requests 12 hours for direct, cross, and rebuttal examination.   ColorQuick further requests 30 minutes for *voir dire*, 30 minutes for its opening statement, and 45 minutes for its closing argument.   Vistaprint further requests 30 minutes for *voir dire*, 45 minutes for its opening statement and one hour for its closing statement.

## K.     MANAGEMENT CONFERENCE LIMITATIONS

None.

## L.     CERTIFICATIONS

The undersigned counsel for each of the parties to this action do hereby certify and acknowledge the following:

1.     Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

2.     The parties have complied with the discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders.[3] To the extent that the Court has made further orders with deadlines after the date of the submission of this Pretrial Order, the parties are in the process of complying with same.   The parties have stipulated and moved this

---

[3] ColorQuick makes the representation except for any matters addressed in pending motions.

Court on various issues altering discovery limitations, which have all been approved by this

Court.

Dated: April 13, 2011                              Respectfully submitted,


                                                    /s/ Patrick J. Conroy
                                                   Patrick J. Conroy
                                                   State Bar No. 24012448
                                                   Michael W. Shore
                                                   State Bar No. 18294915
                                                   Alfonso Garcia Chan
                                                   State Bar No. 24012408
                                                   Justin B. Kimble
                                                   State Bar No. 24036909
                                                   Derek N. Johnson
                                                   State Bar No. 24060027
                                                   Timothy T. Wang
                                                   State Bar No. 24067927
                                                   **SHORE CHAN BRAGALONE
                                                   DEPUMPO  LLP**
                                                   901 Main Street, Suite 3300
                                                   Dallas, Texas 75202
                                                   (214) 593-9110 Telephone
                                                   (214) 593-9111 Facsimile

                                                   ATTORNEYS FOR PLAINTIFF
                                                   COLORQUICK, L.L.C.


                                                    /s/ Christopher Campbell (w/permission)
                                                   Thomas J. Friel
                                                   Matthew P. Gubiotti
                                                   Brian P. Wikner
                                                   COOLEY LLP
                                                   Five Palo Alto Square
                                                   3000 El Camino Real
                                                   Palo Alto, CA 94306
                                                   (650) 843-5000

                                                   Christopher Campbell
                                                   COOLEY LLP
                                                   One Freedom Square
                                                   Reston Town Center
                                                   11951 Freedom Drive
                                                   Reston, Virginia 20190
                                                   (703) 456-8553

                                                   ATTORNEYS FOR DEFENDANT
                                                   VISTAPRINT LIMITED

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-f(a)(3) on April 13, 2011.


_/s/ Justin B. Kimble_