IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

DATE: 5/13/11

| JUDGE<br>JOHN LOVE | REPORTER: Carla Sims<br>LAW CLERK: Anna Phillips |
|---|---|
| COLORQUICK, LLC<br>Plaintiff | CIVIL ACTION NO: 6:09cv323 |
| vs.<br>VISTAPRINT LIMITED, ET AL<br>Defendant | Motions Hearing<br>(Documents #132, 135, 137-140 & 151) |
| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |
| Refer to Attorney Sign-In Sheet | Refer to Attorney Sign-In Sheet |

On this day, came the parties by their attorneys and the following proceedings were had:

**OPEN:** 9:06 am  **ADJOURN:** 11:16 am

| TIME: | MINUTES: |
|---|---|
| 9:06 am | Case called. Parties announced ready to proceed. |
| | The Court greeted the parties and stated we are here for a hearing on multiple motions. The Court will hear argument on motions for summary judgements first, then the remainder of motions with the remaining time. The Court shoots to finish around 11:00 today. The Court asked if Office Max is still in the case. |
| | Mr. Conroy stated they are not. |
| | Mr. Campbell began argument on defendant's motion for summary judgement #132. The Court gave brief summary on how Vistaprint works. Discussion made on the background of the case. There are 8 asserted claims, 1 independent claim and 7 defendants. He gave a summary of Vistaprint's and Colorquick's position. The claimed method is performed as to the same PDL image file. Colorquick's proposed construction is it still performed as to the same "one or more PDL image files". The specification discloses only revising the original PDL image file. User-initiated manipulations are the only disclosed embodiment. |

FILED: 5/13/11

DAVID J. MALAND, CLERK

BY: *Mechele Morris*, Courtroom Deputy

PAGE 2 - Proceedings Continued

| TIME: | MINUTES: |
|---|---|
| 9:28 am | The Court asked about actions being taken by a user and manipulation. As the Court reads the claim, nothing jumps out at him that would prevent this being read as being performed by Vistaprint system. |
| | Mr. Campbell responded. We took Colorquick at its face value at the outset of this case that the manipulations were being performed by the user. It was later in the case that Colorquick decided to change its position. Further discussion on manipulations. Plaintiff has decided to change courses when they came to the Court to consider invalidity. Plaintiff realizes they have a problem now with the joint infringement argument. They have created a lot of inconsistencies. |
| | The Court will ask plaintiff about what their theories are. The Court further asked for explanation on Vistaprint's manipulation on joint infringement idea. What about the allegation that Vistaprint is solely doing the manipulation and infringing the claim? |
| 9:33 am | Mr. Campbell responded. There is no description that it is the software that performs the manipulations. Reference made to clause b in the '149 patent, claim 1, regarding the manipulations. The software itself cannot perform the manipulations. There is nothing to record. There is nothing in this patent that describes a situation where the software automatically performs manipulation. |
| 9:36 am | The Court asked about the recording of the information about the manipulations or matching image to the manipulations. How is the user recording this and matching? Is some of this done by a human user and some by the system or software itself? The Court needs feedback on the joint infringement idea. |
| | Mr. Campbell responded. Vistaprint's position is that the user is performing the manipulation. His position is supported. Vistaprint system does not manipulate, only the user. Any other construction is unsupported. |
| | The Court will now hear from the plaintiff on the motion. |
| 9:39 am | Mr. Kimble responded and argued motion. In general, the facts are not disputed. They key facts are disputed, one being, the fact that is it undisputed that Vistaprint software is what manipulates the still image proxy. It is not user software. The whole point of patent is that they didn't want to require users to have to use proprietary expensive software to manipulate print jobs. Vistaprint provides the software that makes the manipulations. Discussion made on the revision of the PDL image. Discussion made on Vistaprint's two non-infringement argument regarding alleging that users perform step b and the allegation that it does not "revise the PDL image file". They are inconsistent with plain claim language. |
| | The Court stated this is a method, its not logic. He questioned Mr. Kimble about the dispute of is this a software case or not? Is the evidence going to be software code or more of broad brush with steps being performed. Is it a software they are accusing or the broad brush that steps are performed here? |

PAGE 3 - Proceedings Continued

| TIME: | MINUTES: |
|---|---|
| | Mr. Kimble responded and stated it is a software case and there will testimony of a collections of things. It is not a line in the sand. Its either a software case or it is not a software case. Vista Studio is the module where it enables manipulation to occur. Without Vistaprint, the manipulation cannot occur. His position is Vistaprint directly infringes these claims. Vistaprint electronically manipulates the image display. Their argument that customers initiate the electronic manipulation of the image display, and performs step b, has been rejected. Reference made to Fantasy Sports Props vs. Sportline.com. Discussion made on Vistaprint revising the PDL image file. Vistaprint revises the PDL image file in step c. They claim that the PAPICs PDF file is "read only". Further discussion made on this. |
| | The Court asked if there is agreement between the parties as to PDL file being referred to in step a? |
| | Mr. Kimble responded. There should be. The PDL image file that is created by PAPICs is the PDL image file. This goes to the pics that was granted leave to file earlier this year. There should not be a dispute. |
| | The Court asked if the issue comes down to they content that image file is the one that referred to as step a, that it is not manipulated because it is "read only"? Is this is a equivalence issue? |
| 9:58 am | Mr. Kimble does not think so. Further arguments made on this. The inventor confirmed that he did not intend his invention to be limited to the original file. He does not think it is an equivalence issue. He thinks this is a semantical issue really. He thinks that it is clear that Vistaprint revises the PDL image file. |
| | The Court asked Mr. Campbell about the position about PDL "read only" and image being manipulated. |
| | Mr. Campbell responded. Discussion made on the original uploaded PDL file. The file in draw docs and file is never revised. It redraws using the XML instructions an entirely new PDL file. Discussion made the "read only" aspect. At best, what this raises is an issue for doctrine of equivalence. With respect to literal infringement, there is never a revision that occurs off that originally uploaded PDL file. The file is locked down and never changes. This is a software case. The software is just a tool that users employ to electronically manipulate. They are relying on functionality. |
| | The Court asked Mr. Kimble about contenting a problem with prior art assertions because of not showing use by customers. He asked about infringement. |
| | Mr. Kimble responded. With respect to validity, these are method claim that allege a prior use and they have to show use of the method to invalidate. That is not inconsistent with the claim that step b does not require a user to electronically manipulate. Those are different issues. Vistaprint did not attempt to construe these claims to include the original PDL image file. Discussion made on source code. |
| | The Court will move on to the validity motions. |

PAGE 4 - Proceedings Continued

| TIME: | MINUTES: |
|---|---|
| 10:11 am | Mr. Friel began argument on the motion for summary judgement of invalidity. He gave a summary of Vistaprint's and colorquick's position. They understand that Vistaprint has the burden to prove its use of the Vistaprint.com system before the critical date anticipates. Discussion made on how they can satisfy that burden. Further argument made on the motion. |
| 10:19 am | The Court asked what the accused infringing system is? Mr. Friel responded. Further argument made on motion. Discussion made on the supplemental report of Dr. Wong. Discussion made on the precritical date. The accused functionality has not changed. Discussion made on Colorquick pleading on the prior art. Colorquick cannot have it both ways. Discussion made on infringement and on validity. Broad disclosures of invalidity contentions is not enough to provide notice to the parties. |
| 10:35 am | Recess for 10 minutes and then hear from the plaintiff. The Court will hear brief argument on the Bakewell motion, #139. He will rule the papers on the other motions. |
| 10:42 am | Court resumed. The Court will hear from plaintiff on the validity issue. |
| 10:43 am | Mr. Kimble made comments in response to Mr. Friel. They cannot prove that anyone used the system in the way they alleged infringes. This should be the end of it. His motion should be granted on this alone. Vistaprint cannot invalidate any asserted claim. Vistaprint must prove commercial use of the claimed methods by clear and convincing evidence. They have not, and cannot do this. They cannot show release 5.1 of vistaprint.com was even capable of infringing. Their motion should be denied and his granted. Discussion made on Vistaprint's evidence of prior use. Colorquick does not accuse all of Vistaprint.com. Vistaprint has no evidence of prior use. They do not offer uncorroborated testimony of use with its summary judgement briefing. Any prior use was not public use. Vistaprint's processes are performed confidentially in a black box. Their summary jdugement evidence confirms the secrecy of its operation. |
| 10:55 am | Mr. Friel responded. Further arguments made on motion. Discussion made on the issue of 102. |
| 11:01 am | The Court questioned Mr. Friel about the evidence they have that the 5.1 version in 01 operates in the same way? Is it through Expert testimony? |
| | Mr. Friel responded. Discussion made on how they will prove that 5.1 would have infringed if it came after the critical date. They do not have to. It is enough that the plaintiff has accused that product of infringing. The evidence corroborated that 5.1 functionally anticipates. |
| 11:10 am | The Court asked if this case has been mediated. |
| | Parties stated yes. Judge Faulkner is their mediator. They are willing to talk. |
| 11:11 am | The Court urged parties to keep lines of communication open. The Court asked about the damages model that plaintiff is going to put on. |
| | Mr. Conroy stated $3.6 million for past damages. |
| | Mr. Friel stated $200,00 one time payment is their damages model. There will not be an injunction. |

PAGE 5 - Proceedings Continued

| TIME: | MINUTES: |
|---|---|
| | The Court hopes a demand is put forward and on the table. |
| | Mr. Conroy stated they have been open. The offer they have gotten is nothing. |
| | The Court wanted parties to make best efforts brought out. Use the mediator to the upmost. Pretrial will be next week on the 19th. Jury selection is June 13. |
| | Mr. Friel responded. |
| | The Court will look at all of this and take the other motions on the papers. |
| 11:16 am | There being nothing further, Court is adjourned. |