**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| ColorQuick, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> Vistaprint Limited, and <br> OfficeMax Incorporated, <br><br> Defendants. | Civil Action No. 6:09-cv-323-LED |

**VISTAPRINT LIMITED'S OBJECTIONS TO THE MAY 16, 2011 MAGISTRATE
JUDGE'S REPORT RECOMMENDING DENYING ITS
MOTION FOR SUMMARY JUDGMENT OF INVALIDITY**

Vistaprint Limited ("Vistaprint") hereby objects to the Magistrate Judge's Report and Recommendation, dated May 16, 2011 (Dkt. 196) (the "Report") denying Vistaprint's Motion for Summary Judgment of Invalidity (Dkt. 135) ("Motion"). FED. R. CIV. P. 72(b)(2). The Report lacks any reasoning for the Court's recommendation and provides no guidance for the parties concerning the correct legal standard for "public use," prior invention, and factual issues remaining for trial.

It is critical that the Court resolve the parties' disputes over the appropriate legal standard for anticipation under §§ 102(b) and (g)(2) before trial. The parties dispute whether a *device*, used and known publicly, that practices a method constitutes a public use. The parties dispute whether Vistaprint's commercialization of its prior art system and filing of its own patent application are sufficient to rebut any inference that Vistaprint's prior invention was suppressed or concealed. Importantly, none of the facts relevant to these issues are the subject of a genuine

dispute, and summary adjudication of whether Vistaprint.com Release 5.1 qualifies as prior art under either subsection of § 102 is proper. Absent resolution by the Court, the arguments and evidence presented at trial will risk juror confusion, potential legal error, and the necessity to revisit these same issues on JMOL.

Whether Vistaprint.com Release 5.1 qualifies as prior art is of even greater significance in view of the Magistrate's Report and Recommendation Granting-in-Part Vistaprint's Motion for Summary Judgment of Non-Infringement. (Dkt. 202.) ColorQuick's sole remaining infringement theory, infringement under the doctrine of equivalents, will be limited as a matter of law to those equivalents that do not "ensnare" the prior art. *See Wilson Sporting Goods Co. v. David Geoffrey & Assocs.*, 904 F.2d 677, 684 (Fed. Cir. 1990) *overruled in part on other grounds, Cardinal Chem. Co. v. Morton Int'l,* 508 U.S. 83 (1993). That Vistaprint.com—the very system that ColorQuick accuses of infringement—is prior art that limits the scope of equivalents available to ColorQuick thus bears significantly on ColorQuick's only remaining infringement theory.[1]

### A.  Procedural History

ColorQuick asserts infringement of the '149 patent as its sole claim. On January 8, 2010, ColorQuick served its P.R. 3-1 Disclosure identifying "Vistaprint.com" as the accused product. On March 22, 2010, Vistaprint served its P.R. 3-3 Disclosure, identifying, *inter alia*, the pre-critical "Vistaprint.com" system as anticipating and/or rendering obvious the '149 patent.

On March 14, 2011, Vistaprint filed motions for summary judgment of invalidity and non-infringement. (Dkt. Nos. 132 & 135.) ColorQuick filed a motion for summary judgment as

---

[1] Determining that Vistaprint.com Release 5.1 qualifies as prior art in advance of ColorQuick presenting its case is particularly important because ColorQuick, as plaintiff, will have the burden of proving as part of its case-in-chief that any proposed equivalents do not ensnare the prior art. *See Streamfeeder, LLC v. Sure-Feed Sys., Inc.*, 175 F.3d 974, 983 (Fed. Cir. 1999).

to Vistaprint's invalidity defense based on Vistaprint.com. (Dkt. No. 140.) The Court heard oral argument on the motions on May 13, 2011, and on May 16, 2011, the Magistrate issued, without opinion, the Report recommending that the parties' motions for summary judgment as to invalidity be denied. The following day, the Magistrate issued his Report and Recommendation that Vistaprint's motion for summary judgment of non-infringement be granted-in-part, finding that Vistaprint did not literally infringe any claim of the '149 patent.

In light of the Magistrate's Report and Recommendation regarding non-infringement, ColorQuick's only remaining claim is infringement under the doctrine of equivalents based on importation of a product made by a patented process pursuant to 35 U.S.C. § 271(g). Trial is scheduled to begin June 13, 2011.

**B.      Issues Raised by Vistaprint's Motion**

Vistaprint's motion for summary judgment of invalidity raised the following three issues for decision:

1.  Whether the public availability and use of the accused Vistaprint.com system as of February 26, 2001, constitutes a public use under 35 U.S.C. § 102(b);

2.  Whether the invention claimed in U.S. Patent No. 6,839,149 ("the '149 patent") was, prior to invention by the named inventor, made by Vistaprint in the United States and not suppressed, or concealed.

3.  Whether all asserted claims of the '149 patent are invalid under 35 U.S.C. § 102(b) and 35 U.S.C. § 102(g)(2) because ColorQuick alleged that functionality present in the pre-critical date version of Vistaprint.com infringes.

The first two issues address the question of whether Vistaprint.com Release 5.1 *qualifies* as prior art under either 35 U.S.C. §§ 102(b) or (g)(2), and the third issue concerns whether, to the extent

3

Vistaprint.com Release 5.1 is prior art, the allegations of infringement in ColorQuick's complaint meet Vistaprint's burden of *proving all limitations* are met based on the Federal Circuit's decisions in *Evans Cooling Systems, Inc. v. General Motors Corp.*, 125 F.3d 1448, 1451 (Fed. Cir. 1997) and *Vanmoor v. Wal-Mart Stores, Inc.*, 201 F.3d 1363, 1366 (Fed. Cir. 2000).

### C. Whether Vistaprint.com Release 5.1 Was Publicly Used Before the Critical Date Is a Dispute of Law

The parties' briefing shows that there is a fundamental dispute of law over how a "public use" under § 102(b) is determined. Vistaprint's position, supported by Federal Circuit precedent, is that determining an anticipating public use under § 102(b) requires answering two discrete questions:

1. Was the product that allegedly practiced the claimed method in public use before the critical date; and

2. If so, was that product capable of performing all steps of the claimed method?

*See Zenith Elecs. Corp. v. PDI Commc'n Sys., Inc.*, 522 F.3d 1348, 1356 (Fed. Cir. 2008) (determining first whether a combination was publicly used together prior to the critical date, and secondly whether the combination met each claim limitation); *see also* Motion (Dkt. No. 135) at 8-9 ("Mot.").

ColorQuick rejects this legal framework and argues that the correct legal inquiry is whether there is evidence that *each step* of the method was performed *publicly* (i.e., was accessible to the public) prior to the critical date. (*See* ColorQuick Opp'n to Mot. for Summ. J. of Invalidity ("CQ Opp'n") (Dkt. No. 141) at 7.) ColorQuick's view of the law gives no effect to Federal Circuit precedent that makes clear it is the public use and availability of the *device*

capable of practicing the method, and not the public accessibility of the details of the method itself, that invalidates under § 102(b). *See Zenith Elecs.*, 522 F.3d at 1356 (indicating the inquiry is whether the public use or sale "relate[s] to a device that embodie[s] the invention"); *J.A. LaPorte, Inc. v. Norfolk Dredging Co.*, 787 F.2d 1577, 1583 (Fed. Cir. 1986). ColorQuick effectively collapses the public use analysis into a single question of whether there is evidence of actual public use of each step of the claimed method. This is not the law, and the Report should have resolved this dispute.

There is no dispute of material fact that Vistaprint.com Release 5.1 was in public use prior to the critical date of March 21, 2001. (*See* CQ Opp'n at 2-4 (disputing whether evidence showed public use of the method, not the system).) ColorQuick does not dispute that Release 5.1 was in public use prior to the critical date; rather, ColorQuick alleges an absence of evidence that specific method steps were performed publicly by Release 5.1 during that time period. (*Id.*) But ColorQuick's alleged fact disputes are (1) made in the context of an erroneous legal standard and (2), in any event, directed not at whether Release 5.1 was in public use, but rather whether Release 5.1 performed each step of the method. Because ColorQuick disputed only the issue of whether Release 5.1 performed the claim limitations, the Report should have recommended granting summary adjudication on the issue of whether Release 5.1 of the Vistaprint.com system was in public use prior to the critical date.

Notwithstanding that the only fact dispute ColorQuick raised was directed to whether Vistaprint.com Release 5.1 practiced all steps of the method, summary adjudication of that issue should also have been granted based on the Federal Circuit's decisions in *Vanmoor* and *Evans Cooling*. As set forth in the Motion, any alleged disputes of fact as to whether Vistaprint.com performed the method are irrelevant in view of those decisions, which establish that ColorQuick,

as the party *accusing the prior art of infringement*, satisfies Vistaprint's burden of proof by such allegation. (*See* Mot. at 8, 12-13.) By categorically accusing Vistaprint.com of performing the claimed method, without limitation as to any past version, ColorQuick pled on the prior art and, in doing so, itself stated that all limitations of the claim are met. *Cf. Cummings v. Adidas USA*, 716 F. Supp. 2d 323, 331-32 (S.D.N.Y. 2010).

Even if *Vanmoor* and *Evans Cooling* did not resolve the issue as a matter of law, ColorQuick's proposed heightened standard for determining whether Vistaprint.com practiced all steps of the method is legally incorrect. ColorQuick contends, without any authority, that Vistaprint must prove that each step of the method must have been performed publicly to invalidate. (*See* CQ Opp'n at 7-10.) That Vistaprint.com included server-side software that performed certain functions is irrelevant if the *claimed features* of the invention were embodied in a system that was publicly accessible. *See Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1570 (Fed. Cir. 1997); *Zenith Elecs.*, 522 F.3d at 1356.

### D.  Whether Vistaprint.com Release 5.1 Was a Prior Invention Is a Dispute of Law

The Report likewise fails to provide guidance on the parties' conflicting interpretations as to the legal requirements for establishing the elements of anticipation under § 102(g)(2). As with § 102(b), discussed above, the question of whether Vistaprint.com Release 5.1 *qualifies* as prior art under § 102(g)(2) involves no genuine disputes of fact. In its briefing, ColorQuick again attempts to create the appearance of a fact dispute by arguing, without authority, the existence of an artificially high legal standard, then suggesting Vistaprint cannot meet it. (*See* CQ Opp'n at 12-14.)

There is no dispute of fact that Vistaprint.com Release 5.1 was made in the United States prior to the invention disclosed in the '149 patent, which occurred after the critical date. (Mot. at 3-4, 6 (¶¶ 5, 13, 21-22); CQ Opp'n at 12 (raising no dispute that Vistaprint.com was in use prior to the invention of the '149 patent).) Vistaprint.com Release 5.1 was developed and put into production in Massachusetts. (Mot. at 13-14.) Vistaprint.com was commercialized and made available for use to the public in the United States both before and after Release 5.1, and the details of the system were disclosed publicly in Vistaprint's own patent application, filed before the date of the '149 invention. (Mot. at 14-15.)

In the face of undisputed facts evidencing prior invention, ColorQuick was required to come forward with evidence supporting an inference that Vistaprint abandoned, suppressed, or concealed the invention. *See Flex-Rest, LLC v. Steelcase, Inc.*, 455 F.3d 1351, 1358 (Fed. Cir. 2006) ("If prior invention has been established, the burden shifts to the patentee to produce sufficient evidence to create a genuine issue of material fact as to whether the prior inventor abandoned, suppressed, or concealed the invention."). ColorQuick relied instead on the same artificially high standard of public disclosure it advocated under § 102(b) (without legal support) to suggest that Vistaprint intentionally suppressed or concealed the invention because details about the operation of software on its servers could not be determined by the public. (*See* CQ Opp'n at 13-14.) ColorQuick's argument failed to raise any genuine issue that Vistaprint.com was suppressed or concealed because Vistaprint (a) commercialized and publicly used a system embodying the claimed features of the '149 patent prior to its invention, and (2) filed its *own* patent application disclosing the operation of Vistaprint.com system in April 2000 – over one

year before the '149 patent inventor conceived of the invention.[2]  (*See* Mot. at 15.)  Vistaprint's diligence in commercializing and disclosing the operation of its system is the *opposite* of abandonment, suppression, or concealment.  The Report should have resolved this issue as a matter of law.

As with § 102(b), the parties' dispute over § 102(g)(2) thus reduces to legal interpretations of the law as to suppression or concealment, and <u>not</u> the underlying facts.  The Report is silent on these issues and offers no guidance to the parties on these disputes of law.  Without resolution by the Court prior to trial, the parties will be left to present evidence in conflicting legal frameworks.

### E. Conclusion

The Report lacks any justification for its recommendation and leaves in the air several disputed issues of law that should properly be resolved before trial.  No genuine fact issues exist as to whether Vistaprint.com Release 5.1 qualifies as prior art under §§ 102(b) or (g)(2), and under *Vanmoor* and *Evans Cooling*, ColorQuick's accusing the same prior art system of infringement meets Vistaprint's burden as a matter of law.  Accordingly, Vistaprint's motion for summary judgment of invalidity should have been granted.

---

[2] ColorQuick states that Vistaprint's decision not to patent the PAPICS image conversion component of the Vistaprint.com system indicates intentional suppression or concealment.  This argument fails to acknowledge that the '149 patent itself characterized image conversion of PDL image files to other file formats as "conventional" and well-known in the art.  (*See* '149 Pat., col. 6:20-30.)  Vistaprint could not suppress or conceal what was already publicly known and unpatentable.

DATED: May 27, 2011                COOLEY LLP

*/s/ Thomas J. Friel*
Thomas J. Friel
Matthew P. Gubiotti
Brian P. Wikner
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
tfriel@cooley.com
mgubiotti@cooley.com
bwikner@cooley.com
(650) 843-5000

Christopher Campbell
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA 20190
ccampbell@cooley.com
(703) 456-8133

Charles Ainsworth, Esq.
Parker, Bunt & Ainsworth, P.C.
100 E. Ferguson, Ste. 1114
Tyler, TX 75702
charley@pbatyler.com
Tel: (903) 531-3535
Fax: (903) 533-9687

**Attorneys for Defendant Vistaprint Limited**

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Defendants has conferred with Plaintiffs' counsel about the subject matter of this motion on May 26, 2011 and May 27, 2011 and that the parties were unable to resolve the dispute. Thus, the matter is ripe for the Court's determination.

Executed on May 27, 2011, at Palo Alto, California.

*/s/ Thomas J. Friel*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by facsimile and/or U.S. First Class Mail on May 27, 2011.

*/s/ Thomas J. Friel*

941334/HN