**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| ColorQuick, L.L.C., <br><br>                    Plaintiff, <br><br>       v. <br><br> Vistaprint Limited, and <br> OfficeMax Incorporated, <br><br>                    Defendants. | Civil Action No. 6:09-cv-323-LED |

**DEFENDANT VISTAPRINT LIMITED'S MOTION FOR LEAVE TO FILE
MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT
<u>UNDER THE DOCTRINE OF EQUIVALENTS</u>**

Defendant Vistaprint Limited ("Vistaprint") respectfully requests leave of the Court to file a Motion of Summary Judgment of Non-Infringement under the Doctrine of Equivalents.[1] The central dispute remaining in this case is a straightforward matter of law that the parties agree is not properly before the jury. Because the underlying facts are undisputed, the Motion will greatly conserve judicial resources by disposing of ColorQuick, L.L.C.'s ("ColorQuick") only remaining infringement contention before seating a jury. Moreover, there is a compelling reason why Vistaprint did not bring its Motion earlier.

**I.     THE COURT SHOULD GRANT VISTAPRINT LEAVE TO FILE ITS MOTION**

Recent events have dramatically narrowed the scope of this case. On May 17, 2011, the Court recommended granting-in-part Vistaprint's Motion for Summary Judgment of Non-Infringement, holding that Vistaprint has not literally infringed the '149 patent as a matter

---

[1] A copy of Vistaprint's Motion of Summary Judgment of Non-Infringement under the Doctrine of Equivalents ("Motion") is attached as Exhibit A. L.R. CV-7(k).

of law. (Dkt. 202.) The recommendation narrowed the issues by eliminating all of ColorQuick's infringement theories but one: that Vistaprint has infringed the '149 patent under the doctrine of equivalents. Indeed, the dispute is even more narrow, as ColorQuick's sole infringement allegation concerning the doctrine of equivalents relates to *a single limitation* from the only independent claim.[2] Simply put, if ColorQuick is unable to meet its burden of demonstrating that Vistaprint practices this limitation under the doctrine of equivalents, its infringement claim cannot stand.

The parties filed dispositive motions without the benefit of the recommendation. The recommendation clarified the claim language and distills this dispute down to a straightforward legal question that justifies the Court's consideration of the Motion, even at this late stage. In the Report, the magistrate judge resolved a claim language dispute between the parties over the interpretation of step (c) of claim 1; clarifying that "the PDL image file to be revised in step (c) of Claim 1 must be the original PDL image file used to create the still image proxy." (Dkt. 202 at 8.) The magistrate judge's interpretation has significant impact on ColorQuick's sole remaining claim under the doctrine of equivalents, and the limitations to that doctrine.

The Motion centers on one such limitation to the doctrine of equivalents impacted by the Report. The Motion details the undisputed facts concerning "ensnarement", an issue that for the for the judge, not the jury, to decide. *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567

---

[2] ColorQuick asserts that Vistaprint practices step (c) of claim 1 under the doctrine of equivalents. The disputed step reads:

> (c) using the information about the manipulations to revise the PDL image file so as to match the PDL image file to the manipulations made to the image display of the still image proxy

F.3d 1314, 1324 (Fed. Cir. 2009). [3] Postponing a decision on this issue until seating a jury would be unfortunate; as the parties agree that this is a matter for the Court:

> ColorQuick contends that **the limitations on direct infringement under the doctrine of equivalents require determination by the Court, should not be submitted to the jury**, and the jury should not be advised of the defense.

(Dkt. 167 [Joint Pretrial Order] at 19 (emphasis added).) The consideration of the Motion before trial would avoid wasting the jury's and the Court's time if the limits imposed by the ensnarement doctrine render trial unnecessary.

ColorQuick will not suffer prejudice from the Court's consideration of the Motion. This is a narrow, straightforward issue concerning well-established Federal Circuit law and prior art references with which ColorQuick is intimately aware. ColorQuick will have a full opportunity to brief the issue before the Court and, should the Court determine a hearing is appropriate, to present oral argument. Accordingly, in light of the magistrate judge's recent recommendation, granting Vistaprint leave to file its Motion would be an appropriate measure to conserve judicial resources.

## II. CONCLUSION

For the reasons stated above, good cause exists to allow Vistaprint to file its Motion of Summary Judgment of Non-Infringement under the Doctrine of Equivalents. Vistaprint respectfully requests leave to file the Motion, which is filed herewith.

---

[3] Simply put, as detailed in the Motion, if the application of the doctrine of equivalents would ensnare the prior art, the doctrine cannot be used as the basis for infringement. *Wilson Sporting Goods Co. v. David Geoffrey & Assocs.*, 904 F.2d 677, 684 (Fed. Cir. 1990) *overruled in part on other grounds, Cardinal Chem. Co. v. Morton Int'l,* 508 U.S. 83 (1993).

|  |  |
|---|---|
| DATED: May 27, 2011 | COOLEY LLP |
|  | */s/ Thomas J. Friel* <br> Thomas J. Friel <br> Matthew P. Gubiotti <br> Brian P. Wikner <br> Five Palo Alto Square <br> 3000 El Camino Real <br> Palo Alto, CA 94306 <br> tfriel@cooley.com <br> mgubiotti@cooley.com <br> bwikner@cooley.com <br> (650) 843-5000 <br><br> Christopher Campbell <br> One Freedom Square <br> Reston Town Center <br> 11951 Freedom Drive <br> Reston, VA 20190 <br> ccampbell@cooley.com <br> (703) 456-8133 <br><br> Charles Ainsworth, Esq. <br> Parker, Bunt & Ainsworth, P.C. <br> 100 E. Ferguson, Ste. 1114 <br> Tyler, TX 75702 <br> charley@pbatyler.com <br> Tel: (903) 531-3535 <br> Fax: (903) 533-9687 <br><br> **Attorneys for Defendant Vistaprint Limited** |

5

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Defendants has conferred with Plaintiffs' counsel about the subject matter of this motion on May 26, 2011 and May 27, 2011 and that the parties were unable to resolve the dispute. Thus, the matter is ripe for the Court's determination.

Executed on May 27, 2011, at Palo Alto, California.

*/s/ Thomas J. Friel*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by facsimile and/or U.S. First Class Mail on May 27, 2011.

*/s/ Thomas J. Friel*