IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| COLORQUICK, L.L.C., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | No. 6:09-CV-323 |
| v. | § | |
| | § | JURY DEMANDED |
| VISTAPRINT LIMITED, and | § | |
| OFFICEMAX INCORPORATED, | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF COLORQUICK L.L.C.'S RESPONSE IN OPPOSITION TO DEFENDANT VISTAPRINT LIMITED'S MOTION FOR LEAVE TO FILE SUMMARY JUDGMENT OF NON-INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS AND MOTION TO SHORTEN TIME**

ColorQuick, L.L.C. ("ColorQuick") opposes Defendant Vistaprint Limited's ("Vistaprint") untimely request for leave to file yet another motion for summary judgment ("the Motion for Leave"). Vistaprint asks the Court for leave to file a Motion for Summary Judgment of Non-Infringement Under the Doctrine of Equivalents, even though the Court has already ruled on its Motion for Summary Judgment of Non-Infringement ("Non-Infringement MSJ"),[1] the Court's deadline for filing summary judgments expired over ten weeks ago, and ColorQuick's infringement theory related to the doctrine of equivalents has been in this case for several months. Further, Vistaprint asks the Court to shorten ColorQuick's time to respond to the new motion for summary judgment to just one week. ColorQuick respectfully submits that the Court should deny both motions.

---

[1] *See* Dkt. 132.

---

**PLAINTIFF COLORQUICK, L.L.C.'S RESPONSE IN OPPOSITION
TO DEFENDANT VISTAPRINT LIMITED'S MOTION FOR LEAVE
TO FILE MOTION FOR SUMMARY JUDGMENT**           **Page 1**

## I. SUMMARY OF ARGUMENT

Vistaprint cannot justify its failure to include its defense to infringement under the doctrine of equivalents in its Non-Infringement MSJ. Vistaprint has been aware that ColorQuick contended that step (c) of claim 1 was infringed under the doctrine of equivalents since at least November 22, 2010. If Vistaprint wanted summary adjudication on that issue, it should have made that argument in its Non-Infringement MSJ, filed on the Court's deadline for filing dispositive motions on March 14, 2010. But Vistaprint is now trying to weakly claim that the Court's recommendation regarding the Non-Infringement MSJ is, somehow, an excuse to get another bite at the apple before trial; Vistaprint's transparent argument is mere pretext. Unfortunately, this is not Vistaprint's first attempt to get another late bite at ColorQuick's claims related to the doctrine of equivalents, either. In its Motion *in Limine*, Vistaprint asked the Court to preclude ColorQuick's experts from testifying that step (c) is met by the doctrine of equivalents, which the Court rightly denied.[2]

Further, Vistaprint bases its argument on an affirmative defense *that it has never pleaded nor disclosed during discovery*—ensnarement.[3] Moreover, though ensnarement is a defense to infringement, Vistaprint did not raise it in responding to ColorQuick's Interrogatory No. 1, which asked for all facts and reasons why Vistaprint contends that it does not infringe each asserted claim.[4] Indeed, Vistaprint has not raised its ensnarement defense in a single pleading, discovery response, or deposition until filing the Motion for Leave. Nor has Vistaprint's expert offered an opinion related to the ensnarement defense or theory. Vistaprint simply should not be permitted to file an untimely motion for summary judgment based on a defense it has not pleaded

---

[2] *See* Dkt. 207 at 2.
[3] *See* Dkt. 212 at 2-3.
[4] *See* Dkt. 130, Wang Decl., at Ex. H.

---

**PLAINTIFF COLORQUICK, L.L.C.'S RESPONSE IN OPPOSITION
TO DEFENDANT VISTAPRINT LIMITED'S MOTION FOR LEAVE
TO FILE MOTION FOR SUMMARY JUDGMENT** **Page 2**

or raised in the case. Moreover, Vistaprint should be precluded from relying on the ensnarement defense at all, based on its failure to raise it until now.[5]

## II. BACKGROUND

In its First Amended Complaint of October 28, 2010, ColorQuick contended that "Defendant Vistaprint Limited has been directly infringing the '149 Patent, *literally or under the doctrine of equivalents*, under 35 U.S.C. § 271(g). . ."[6] And in its Supplement to First Amended Disclosures Under P.R. 3-1, which were served November 22, 2010, ColorQuick contended that "[i]f step (c) is not found to be literally infringed by Vistaprint, then it is infringed under the doctrine of equivalents."[7] And its expert, Ping Wong, opined about this contention in his report of December 10, 2010.[8]

In contrast, Vistaprint did not raise ensnarement as an affirmative defense in its answer, or at any time this case.[9] In fact, though it did plead eight affirmative defenses, including prosecution history estoppel, ensnarement was not among them.[10] And, in its supplemental response to ColorQuick's Interrogatory No. 1, which it served on the last day of discovery, Vistaprint did not raise or allude to the ensnarement defense.[11]

Vistaprint filed its Non-Infringement MSJ on March 14, 2011.[12] In its reply, Vistaprint expressly stated that it "has not moved for summary judgment of non-infringement under the

---

[5] Because of Vistaprint's motion, ColorQuick will be forced to file a motion in limine related to the ensnarement defense, which will be prepared and filed prior to trial.
[6] Dkt. 111 at ¶10.
[7] Dkt. 116, Kimble Decl. at ¶2, Ex. 1 at p. 16.
[8] *Id.*, Kimble Decl. at ¶26, Ex. 22 at p. 46.
[9] *See* Dkt. 112 at 3-8.
[10] *Id.*
[11] *See* Dkt. 140, Wang Decl., Ex. H.
[12] *See generally* Dkt. 132.

---

doctrine of equivalents," so Vistaprint was clearly aware of ColorQuick's contentions regarding the doctrine of equivalents at that time.[13]

On May 17, 2011, the Court recommended that Vistaprint Non-Infringement MSJ be granted-in-part on literal infringement, finding that "Vistaprint cannot literally infringe step (c) of claim 1.[14]

### III. ARGUMENT AND AUTHORITIES

It is fundamental that affirmative defenses must be pleaded, or they will be waived.[15] Ensnarement, like prosecution history estoppel, limits the scope of equivalency a patentee is allowed to assert, but it "has no bearing on the validity of the actual claims."[16] Thus, ensnarement, like prosecution history estoppel, is an affirmative defense that must be pleaded. Though Vistaprint pleaded prosecution history estoppel as an affirmative defense, it did not plead ensnarement.[17] Furthermore, Vistaprint did not raise ensnarement as a defense in its response to ColorQuick's interrogatory asking for the bases for Vistaprint's claim that it does not infringe the asserted claims.[18] Had Vistaprint raised the ensnarement defense in its answer, ColorQuick could have taken discovery with a view to the defense, and elicited testimony from its expert.[19] Vistaprint's attempt to raise the defense for the first time just two weeks before trial is another of the many examples of Vistaprint's "litigation by ambush" in this case.[20]

Vistaprint has no excuse for waiting until the eleventh hour to introduce ensnarement into the case. It could have included the defense in its Non-Infringement MSJ, which discussed its

---

[13] Dkt. 157 at 6.
[14] *See* Dkt. 202 at 9.
[15] *See* Fed. R. Civ. P. 8(c); *see also John R. Sand & Gravel Co. v. U.S.*, 552 U.S. 130 (2008).
[16] *See DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1323 (Fed. Cir. 2009) (citing *Wilson Sporting Goods Co. v. David Geoffrey & Assoc.*, 904 F.2d 677, 683 (Fed. Cir. 1990)).
[17] *See supra* n. 8.
[18] *See supra* n. 10.
[19] *See DePuy Spine, Inc.*, 567 F.3d at 1324 (relying in part on expert testimony in determining ensnarement).
[20] *See Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007).

___

defense to ColorQuick's infringement claims at length. It attempts to use the Court's recommendation as justification, but this fails because Vistaprint has known that ColorQuick contended that Vistaprint infringed step (c) of claim 1 under the doctrine of equivalents since at least November 22, 2010.[21] In contrast, ColorQuick will be substantially prejudiced if Vistaprint is allowed to file the new motion for summary judgment, as it (1) would be forced to respond on an expedited basis just two weeks before trial, and (2) was not allowed to gather discovery on ensnarement or include a rebuttal to ensnarement in its expert's report.

## IV.  CONCLUSION

This is not the first time Vistaprint has laid behind the log in this case. Given that trial begins in less than two weeks, ColorQuick respectfully urges the Court to (1) quickly deny Vistaprint's Motion for Leave to file another motion for summary judgment (Dkt. 212), (2) deny Vistaprint's Motion to Shorten Time (Dkt. 213), and (3) preclude Vistaprint from submitting argument or evidence regarding ensnarement at trial or before the Court.

---

[21] *See supra* n. 6.

Dated: May 30, 2011

Respectfully submitted,

*/s/ Justin B. Kimble*
Michael W. Shore
State Bar No. 18294915
Alfonso Garcia Chan
State Bar No. 24012408
Patrick J. Conroy
State Bar No. 24012448
Justin B. Kimble
State Bar No. 24036909
Derek N. Johnson
State Bar No. 24060027
Timothy T. Wang
State Bar No. 24067927
**SHORE CHAN BRAGALONE DEPUMPO LLP**
901 Main Street, Suite 3300
Dallas, Texas 75202
(214) 593-9110 Telephone
(214) 593-9111 Facsimile

ATTORNEYS FOR PLAINTIFF
COLORQUICK, L.L.C.

## CERTIFICATE OF SERVICE

      I hereby certify that on this date I electronically filed **PLAINTIFF COLORQUICK L.L.C.'S RESPONSE IN OPPOSITION TO DEFENDANT VISTAPRINT LIMITED'S MOTIONS FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT UNDER THE DOCTRINE OF EQUIVALENTS** with the clerk of court for the United States District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.


May 30, 2011                       */s/ Justin B. Kimble*
Date                                         Justin B. Kimble