**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| COLORQUICK, L.L.C., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | No. 6:09-CV-323 |
| v. | § | |
| | § | JURY DEMANDED |
| VISTAPRINT LIMITED, and OFFICEMAX INCORPORATED, | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

# PLAINTIFF COLORQUICK L.L.C.'S OBJECTIONS TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE DENYING PARTIAL SUMMAY JUDGMENT ON DEFENDANT'S VISATPRINT.COM INVALIDITY DEFENSE (Dkt. No. 196)

Pursuant to Rule 72(b) of the Federal Rule of Civil Procedure, 28 U.S.C. § 636(b)(1), and Appendix B to Local Rules of the Court, Plaintiff ColorQuick L.L.C. ("ColorQuick") respectfully objects to the magistrate judge's May 16, 2011 Report and Recommendation (the "Recommendation") denying ColorQuick's Motion for Partial Summary Judgment on Defendant's Vistaprint.com Invalidity Defense (the "Motion").[1]

Though the Recommendation offers no explanation for the denial, the magistrate judge appears to have overlooked a critical admission by Vistaprint Limited ("Vistaprint") that it has no evidence of pre-critical date use of Vistaprint.com that could invalidate the asserted ***method claims*** of U.S. Patent No. 6,839,149 ("the '149 patent") under 35 U.S.C. §§ 102(a), 102(b), or 102(g)(2). At the hearing, Vistaprint's lead trial counsel admitted:

[1] (Dkt. No. 196). ColorQuick's files these objections in order to preserve *de novo* review of the Court's decision on appeal. *See Douglass v. U.S. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**PLAINTIFF COLORQUICK L.L.C.'S OBJECTIONS TO REPORT AND RECOMMENDATION DENYING PARTIAL SUMMARY JUDGMENT ON DEFENDANT'S VISTAPRINT.COM INVALIDITY DEFENSE** **Page 1**

> And the problem is it's years later. And we don't know whether any of these individual customers themselves uploaded a PDL. It might have been some other file. And ***we don't know whether any of these customers actually did a manipulation, you know, moved it around, did anything that is required. We can't prove that . . . .***[2]

This honest, candid admission is further confirmation of the evidence (or, here, lack thereof) adduced during this case on the purported use of the precise steps found in the '149 patent by Vistaprint.com. It necessarily follows that the Recommendation is erroneous because the lack of such evidence is fatal to Vistaprint's theory that the Vistaprint.com system anticipates the asserted claims of the '149 patent. Accordingly, ColorQuick respectfully requests that the Court reject the Recommendation and grant the Motion for the reasons set forth below and in the briefs filed in support of the Motion (Dkt. Nos. 140, 141, 158, and 164).

### A. Standard of Review

Where, as here, a magistrate judge enters a report and recommendation on a motion for summary judgment pursuant to Rule 72(b) and 28 U.S.C. § 636(b)(1), the Court exercises *de novo* review.[3] In exercising its plenary power, the Court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."[4]

### B. Vistaprint Admits that It Has <u>No Evidence</u> of Pre-Critical Date Use of the Claimed Methods.

Again, Vistaprint admitted during the hearing held on May 13, 2011 that it "can't prove" that the method of claim 1 was practiced by anyone before the critical date of the '149 patent because "we don't know whether any of these individual customers themselves uploaded a

---

[2] (Transcript of Motions Hearing ("Transcript"), May 13, 2011, at 60).
[3] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).
[4] *See* Fed. R. Civ. P. 72(b)(3).

**PLAINTIFF COLORQUICK L.L.C.'S OBJECTIONS TO REPORT AND RECOMMENDATION DENYING PARTIAL SUMMARY JUDGMENT ON DEFENDANT'S VISTAPRINT.COM INVALIDITY DEFENSE** **Page 2**

PDL," and "we don't know whether any of these customers actually did a manipulation."[5] Vistaprint's glaring admission is simply a confirmation of the facts in evidence and the documents produced by Vistaprint in this case.

As demonstrated in the Motion and related briefing, Vistaprint failed to offer any evidence, other than the uncorroborated testimony of its own witnesses, demonstrating *actual use* of Vistaprint.com in a way that could invalidate the asserted claims of the '149 patent.[6] In response to the Motion, Vistaprint merely proffered a spreadsheet showing alleged customer uploads in February and March 2001.[7] But that spreadsheet critically fails to demonstrate that any upload was or involved a PDL file, that any upload was electronically manipulated, or that a PDL file was revised to match the manipulations.[8] Likewise, Vistaprint's expert, David Zwang, cited no evidence demonstrating that Vistaprint performed each and every step of the asserted claims.[9] Instead, Vistaprint improperly attempted to side-step the issue by claiming that ColorQuick accused all prior versions of Vistaprint.com of infringement.[10]

It is well established, however, that in order to overcome the presumption of validity, "prior use must be proven by clear and convincing evidence."[11] Vistaprint's attempt to avoid its burden of proof is contrary to well-settled precedent, which requires sufficient evidence to

---

[5] (Transcript at 60-61). Vistaprint's counsel attempted to downplay the admission by arguing that actual use is not required to prove an on-sale bar under 35 U.S.C. § 102(a). (*Id.* at 72). But, Vistaprint never pleaded or disclosed an invalidity defense based on § 102(a)'s on-sale bar. (Dkt. 112 at 4; Dkt. 140, Declaration of Timothy Wang at ¶¶ 4-5, Exs. C-D). Neither did it claim an on-sale bar in its Motion for Summary Judgment of Invalidity. (Dkt. No. 135). The on-sale bar is also not included in the Jury Instructions or Verdict Form submitted by Vistaprint. (Dkt. No. 167).
[6] (*See* Dkt. 140 at 8, 10; Dkt. 141 at 10, 12; Dkt. 158 at 5-6; Dkt. 164 at 2-3).
[7] (*See* Dkt. 146, Declaration of Martijn Stevenson, at ¶ 5-6, Ex. 1).
[8] (*See* Dkt. 158 at 5-6).
[9] (*See id.* at 6-8).
[10] (Dkt. 135 at 12; Dkt. 146 at 8, 17; Dkt. 155 at 3).
[11] *Minn. Mining & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1306-07 (overturning a jury finding of invalidity because there was no direct evidence of the use of the prior art); *see also Civix-DDI, LLC v. Cellco P'ship*, 387 F. Supp. 2d 869, 896 (N.D. Ill. 2005).

**PLAINTIFF COLORQUICK L.L.C.'S OBJECTIONS TO REPORT AND RECOMMENDATION DENYING PARTIAL SUMMARY JUDGMENT ON DEFENDANT'S VISTAPRINT.COM INVALIDITY DEFENSE**     **Page 3**

corroborate any assertion of prior use under § 102.[12] Mere capability is insufficient.[13] The lack of any actual use is fatal to Vistaprint's contentions that the Vistaprint.com system in 2001 anticipates the *method claims* of the '149 patent as prior use under § 102(a) or § 102(b) or prior invention under § 102(g)(2).[14] Therefore, this Court should reject the Recommendation and grant ColorQuick's Motion.

The very cases that Vistaprint relied upon in opposing the Motion either contradict or offer no comparable facts to support to its position. In *Vanmoor v. Wal-Mart Stores, Inc.*, the patentee accused the very same caulking cartridges that were indisputably sold before the patent-in-suit's critical date.[15] Similarly, in *Cummings v. Adidas USA*, it was undisputed that the accused Nike shoes were sold both before and after the critical dates.[16] Further, in *Evans Cooling System, Inc. v. General Motors Corp.*, the plaintiff admitted that "GM uses an aqueous reverse

---

[12] *See Lacks Indus., Inc. v. McKechnie Vehicle Components USA, Inc.*, 322 F.3d 1335, 1350-51 (Fed. Cir. 2003) (holding that oral testimony of three employees was insufficient to demonstrate prior use); *Minn. Mining & Mfg.*, 303 F.3d at 1306-07; *Juicy Whip, Inc. v. Orange Bang, Inc.*, 292 F.3d 728, 743 (Fed. Cir. 2002) (holding that oral testimony of six interested witness was insufficient to demonstrate prior use); *Oney v. Ratliff*, 182 F.3d 893, 896 (Fed. Cir. 1999) ("The uncorroborated oral testimony of Mr. Ratliff, as the inventor, and his close associates would be insufficient to prove invalidity."); *Finnigan Corp. v. Int'l Trade Comm'n*, 180 F.3d 1354, 1367-70 (Fed. Cir. 1999) (holding that each section of § 102 requires sufficient corroborating evidence, regardless of whether oral testimony is from an interested or disinterested witness); *Woodland Trust v. Flowertree Nursery, Inc.*, 148 F.3d 1368, 1371-73 (Fed. Cir. 1998) (uncorroborated oral testimony of persons related to or associated with a defendant cannot provide clear and convincing evidence of prior knowledge and use); *Advanceme Inc. v. RapidPay, LLC*, 509 F. Supp. 2d 593, 609-10 (E.D. Tex. 2007) ("[W]here the defendant is attempting to prove its own prior public use of a claimed invention without any contemporaneous documentary support revealing the alleged prior use, and with contradictory testimony in the record, courts have found testimony to be insufficiently corroborated.").

[13] *See Carnegie Steel Co. v. Cambria Iron Co.*, 185 U.S. 403, 424-25 (1902) ("A mechanical patent is anticipated by a prior device of like construction and capable of performing the same function; but it is otherwise with a process patent. The mere possession of an instrument or piece of mechanism contains no suggestion whatever of all the possible processes to which it may be adapted. If the mere fact that a prior device might be made effective for the carrying on of a particular process were sufficient to anticipate such process, the absurd result would follow that, if the process consisted merely of manipulation, it would be anticipated by the mere possession of a pair of hands." (citation omitted)).

[14] (Dkt. No. 135 at 6).

[15] *Vanmoor v. Wal-Mart Stores, Inc.*, 201 F.3d 1363, 1366 (Fed. Cir. 2000).

[16] *Cummings v. Adidas USA*, 716 F. Supp. 2d 323, 334 (S.D.N.Y. 2010).

flow cooling system in its LT1 engine,"[17] the same product whose pre-critical date sale was clearly established on the record.[18] In sum, actual prior sales of the accused product were clearly demonstrated and undisputed in all three cases. But here, Vistaprint admits that it has no evidence of actual use of the allegedly invalidating methods by anyone before the critical date of the '149 patent.

And further, for § 102(g), in the case of a method claim, the alleged prior inventor also must show that the method was "successfully performed" before the filing date of the patent.[19] "Under section 102(g), any anticipatory process must have complete identity with [the claimed method]."[20] Vistaprint does not even attempt to meet this burden. Instead, Vistaprint falsely contends—as explained below—that ColorQuick accused the entire Vistaprint.com system of infringement, and simply concludes that "no further showing" is necessary.[21] But, as with a showing of prior use under § 102(a) and (b), an assertion of prior invention under § 102(g) requires sufficient corroborating evidence.[22]

---

[17] *See Evans Cooling Sys., Inc. v. Gen. Motors Corp.*, 125 F.3d 1448, 1451 (Fed. Cir. 1997).
[18] *Id.* at 1450.
[19] *See Corona Cord Tire Co. v. Dovan Chem. Corp.*, 276 U.S. 358, 383 (1928) ("A process is reduced to practice when it is successfully performed."); *Shurie v. Richmond*, 699 F.2d 1156, 1159 (Fed. Cir. 1983) ("Generally, the invention of a process is completed, or reduced to practice, when it is successfully performed."); *Levi Strauss & Co. v. Golden Trade, S.r.L.*, Nos. 92 Civ. 1667, 90 Civ. 6291, 90 Civ. 6292, 1995 WL 710822, at *19 (S.D.N.Y. Dec. 1 1995).
[20] *Levi Strauss*, 1995 WL 710822, at *20.
[21] (Dkt. 155 at 9).
[22] *See Thomson S.A. v. Quixote Corp.*, 166 F.3d 1172, 1174-75 (Fed. Cir. 1999); *Cooper v. Goldfarb*, 154 F.3d 1321, 1330 (Fed. Cir. 1998) ("In order to establish an actual reduction to practice, an inventor's testimony must be corroborated by independent evidence."); *Price v. Symsek*, 988 F.2d 1187, 1194 (Fed. Cir. 1993) ("[A]n inventor's testimony, standing alone, is insufficient to prove conception—some form of corroboration is required."); *Coleman v. Dines*, 754 F.2d 353, 359 (Fed. Cir. 1985) ("Conception must be proved by corroborating evidence which shows that the inventor disclosed to others his 'complete thought expressed in such clear terms as to enable those skilled in the art' to make the invention.").

### C. ColorQuick Does Not Accuse All Versions of Vistaprint.com of Infringement.

Seeking to remedy its lack of evidence for actual use, Vistaprint now hinges its entire invalidity case relating to Vistaprint.com on a false proclamation that "[b]ecause ColorQuick has accused *all versions* of Vistaprint.com of infringing all asserted claims of the '149 patent (including versions comprising the Old Studio present in Release 5.1), the '149 patent is invalid as a matter of law."[23] But ColorQuick asserts *method claims* against Vistaprint. In its First Amended Complaint, ColorQuick alleges that:

> "Defendant Vistaprint Limited has been directly infringing the '149 Patent, literally or under the doctrine of equivalents, under 35 U.S.C. § 271(g) by importing into, and selling or offering for sale within, the United States products (e.g., brochures, flyers, business cards) which are made by processes that fall within the scope of claims 1-5, 7, and 9-12 of the '149 Patent."[24]

ColorQuick has not accused the entire Vistaprint.com system, but rather only certain methods that are now performed by it. ColorQuick has consistently maintained that Vistaprint's current use of its system infringes the methods of the '149 patent, but that Vistaprint did not (and could not) use the 2001 system in that way.[25] At the very least, Vistaprint admittedly cannot prove that anyone ever used the system in a way that would anticipate the asserted claims.[26]

In fact, numerous courts have distinguished the cases that Vistaprint relied upon to avoid its burden of proof. In *ResQNET.com, Inc. v. Lansa, Inc.*, the Court concluded that "in both *Evans Cooling Systems* and *Vanmoor*, the products on sale prior to the critical date were the same as the products alleged to infringe the plaintiffs' patents."[27] In contrast, the plaintiff in *ResQNET* never alleged that the accused product was the same product allegedly on sale prior to

---

[23] (Dkt. 155 at 3).
[24] (Dkt. 111 at ¶ 10).
[25] (Dkt. 141 at 2.)
[26] *See supra* note 2.
[27] *ResQNET.com, Inc. v. Lansa, Inc.*, 382 F. Supp. 2d 424, 437 (S.D.N.Y. 2005) (denying motion for summary judgment of invalidity of on-sale bar under § 102(b)).

**PLAINTIFF COLORQUICK L.L.C.'S OBJECTIONS TO REPORT AND RECOMMENDATION
DENYING PARTIAL SUMMARY JUDGMENT ON DEFENDANT'S VISTAPRINT.COM
INVALIDITY DEFENSE**                     **Page 6**

the critical date.[28] Also, in *IXYS Corp. v. Advanced Power Technology, Inc.*, the court concluded that:

> [t]he logical nexus that existed between infringement and invalidity in *Evans Cooling* is simply not present here. The court is loath to convert *Evans Cooling's* atypical-yet substantive-rule into merely a clever pleadings snare. Where a plaintiff may succeed on its claim without proving that the allegedly 'on sale' product itself infringes, granting summary judgment of invalidity based purely upon what defendant claims is an accusation of a related product is inappropriate.[29]

This case presents precisely the same type of facts that are distinguishable from the *Evans Cooling* progeny, and thus summary judgment in favor of ColorQuick should have been granted.

Here, ColorQuick only accuses certain methods that Vistaprint admits were performed with Vistaprint.com. ColorQuick does not accuse the system, but rather the methods performed with it. And even Vistaprint's suggestion that all versions of its website software function in the same way contradict its own admission that Vistaprint continuously released "upgraded versions of its website software approximately every two or three weeks."[30]

**D. Conclusion**

For the reasons discussed above and in ColorQuick's briefs on its Motion, ColorQuick respectfully requests that the Court reject the Recommendation and grant ColorQuick's Motion (Dkt. 140) as a matter of law because Vistaprint admits that it has no evidence of pre-critical date use of the asserted methods of the '149 patent. Because trial is scheduled to begin June 13, 2011, ColorQuick respectfully requests that the Court rule upon these issues before then.

---

[28] *Id.* at 437-38.
[29] *IXYS Corp. v. Advanced Power Tech., Inc.*, No. C 02-03942, 2004 WL 540513, at *5-6 (N.D. Cal. Mar. 18, 2004) (denying motion for summary judgment of invalidity).
[30] (Dkt. 135 at § IV, ¶ 7).

**PLAINTIFF COLORQUICK L.L.C.'S OBJECTIONS TO REPORT AND RECOMMENDATION DENYING PARTIAL SUMMARY JUDGMENT ON DEFENDANT'S VISTAPRINT.COM INVALIDITY DEFENSE** **Page 7**

Dated: May 31, 2011

Respectfully submitted,

*/s/ Justin B. Kimble*

Michael W. Shore
State Bar No. 18294915
Alfonso Garcia Chan
State Bar No. 24012408
Patrick J. Conroy
State Bar No. 24012448
Justin B. Kimble
State Bar No. 24036909
Derek N. Johnson
State Bar No. 24060027
Timothy T. Wang
State Bar No. 24067927
**SHORE CHAN BRAGALONE DEPUMPO LLP**
901 Main Street, Suite 3300
Dallas, Texas 75202
(214) 593-9110 Telephone
(214) 593-9111 Facsimile

ATTORNEYS FOR PLAINTIFF COLORQUICK, L.L.C.

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed **PLAINTIFF COLORQUICK L.L.C.'S OBJECTIONS TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE DENYING PARTIAL SUMMARY JUDGMENT ON DEFENDANT'S VISTAPRINT.COM INVALIDITY DEFENSE (Dkt. No. 196)** with the clerk of court for the United States District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

May 31, 2011
Date

*/s/ Justin B. Kimble*