IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| COLORQUICK, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 6:09-CV-323 |
| v. | § | |
| | § | JURY DEMANDED |
| VISTAPRINT LIMITED, and | § | |
| OFFICEMAX INCORPORATED, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF COLORQUICK L.L.C.'S OBJECTIONS TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE GRANTING-IN-PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT (Dkt. No. 202)**

Pursuant to Rule 72(b) of the Federal Rule of Civil Procedure, 28 U.S.C. § 636(b)(1), and Appendix B to Local Rules of the Court, Plaintiff ColorQuick L.L.C. ("ColorQuick") respectfully objects to the magistrate judge's May 17, 2011 Report and Recommendation (the "Recommendation") granting-in-part Vistaprint Limited's Motion for Summary Judgment of Non-infringement (the "Motion").[1]

**A. Standard of Review**

Where, as here, a magistrate judge enters a report and recommendation on a motion for summary judgment pursuant to Rule 72(b) and 28 U.S.C. § 636(b)(1), the Court exercises *de novo* review.[2] In exercising its plenary power, the Court may "accept, reject, or modify the

---

[1] (Dkt. No. 196). ColorQuick files these objections in order to preserve *de novo* review of the Court's decision on appeal. *See Douglass v. U.S. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).
[2] *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

**PLAINTIFF COLORQUICK L.L.C.'S OBJECTIONS TO REPORT AND RECOMMENDATION GRANTING-IN-PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**  Page 1

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."[3]

### B.     The Court's Construction of Claim 1

Claim 1 of ColorQuick's U.S. Patent No. 6,839,149 ("the '149 patent") requires:

1. An automated computer-implemented method of preparing production data for a print job, the production data including an electronic document defined by a page description language (PDL), the electronic document being stored in a PDL image file, the method comprising:

(a)   creating a still image proxy of the PDL image file;
(b)   electronically manipulating an image display of the still image proxy and recording information about the manipulations; and
(c)   using the information about the manipulations to revise the PDL image file so as to match the PDL image file to the manipulations made to the image display of the still image proxy.[4]

In the Recommendation, the magistrate judge construed this claim so that "'the PDL image file' recited in step (c) of Claim 1 is the same 'PDL image file' recited in step (a)."[5]

### C.     There Is a Genuine Question of Fact About Whether Vistaprint's System Revises the PDL Image File From Which the Still Image Proxy Is Created.

The magistrate judge erred in holding that "Vistaprint cannot literally infringe Claim 1 because it does not revise the PDL image file used to generate the still image proxy."[6] The summary judgment evidence shows that ColorQuick disputes this conclusion, and that there is a genuine issue of material fact about whether it is correct. "[A] trial court cannot reach a conclusive finding of noninfringement if the record shows some evidence supporting a finding of noninfringement and some evidence to the contrary."[7] Thus, ColorQuick respectfully asks the

---

[3] *See* FED. R. CIV. P. 72(b)(3).
[4] (Dkt. 202 at 6).
[5] (*Id.* at 5).
[6] (*See id.* at 8).
[7] *See AFG Indus., Inc. v. Cardinal IG Co., Inc.*, 375 F.3d 1367, 1371 (Fed. Cir. 2004).

**PLAINTIFF COLORQUICK L.L.C.'S OBJECTIONS TO REPORT AND RECOMMENDATION GRANTING-IN-PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**     Page 2

Court to reject the Recommendation in this regard, and allow the jury to determine whether Vistaprint can literally infringe Claim 1.[8]

The genuine issue of material fact is whether the PDL image file generated in Vistaprint's DrawDocs module is, in fact, a revision of the PDL image file that used to create the still image proxy in Vistaprint's PAPICS module. For example,[9] Vistaprint's corporate representative testified that DrawDocs "utilize[s]" the high-resolution PDF generated by PAPICS "[b]y referring to it in the document."[10] And further, the '149 patent inventor Jeremy Herr testified that, in ColorQuick's embodiment of the '149 patent, "the binary data that represents that file gets transmitted around and copied a lot of times. So whether it is 'the' file or a copy of the file, it doesn't really much matter to me."[11] Thus, there is a genuine dispute of material fact about whether the binary data that comprises the PDL image file generated by PAPICS is revised by DrawDocs.

At the hearing ColorQuick expressly made this argument:

"[A] computer file holds binary data. And it's useless unless it is open[ed] in an application so that the data can be used in some way. And so it is loaded into memory.

\*\*\*\*

". . . [S]o what's the computer file? And I mean there's no question the image that was uploaded that was then converted by PAPICS is stored in this PDL image file. There's a proxy. Changes are made to the proxy. Those are recorded in XML. And then the PDL and the XML data is used to produce a PDF that is printed."[12]

---

[8] *In re Gabapentin Patent Litig.*, 503 F.3d 1254, 1259-62 (Fed. Cir. 2007) (summary judgment of noninfringement is improper when a genuine issue of fact exists regarding direct infringement).
[9] ColorQuick expressly incorporates the facts and arguments from its briefs, and all attachments thereto) to the magistrate judge (Dkts. 142 and 163) herein by reference.
[10] (Dkt. 163 at 2).
[11] (Dkt. 142 at 14).
[12] (Transcript of Motions Hearing ("Transcript"), May 13, 2011, at 37).

**PLAINTIFF COLORQUICK L.L.C.'S OBJECTIONS TO REPORT AND RECOMMENDATION GRANTING-IN-PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**       **Page 3**

Thus, ColorQuick should be allowed to present this evidence to the jury so that it can determine whether Vistaprint revises the binary data that comprises the PDL image file, and therefore literally infringes step (c) of Claim 1.

**D.      Conclusion**

For the reasons discussed above and in ColorQuick's briefs on the Motion, ColorQuick respectfully requests that the Court reject the Recommendation granting-in-part Vistaprint's Motion for Summary Judgment of Non-Infringement, but otherwise adopt the Recommendation denying-in-part the remainder of Vistaprint's Motion for Summary Judgment of Non-Infringement. Because trial is scheduled to begin June 13, 2011, ColorQuick respectfully requests that the Court rule upon these issues before then.

Dated: May 31, 2011          Respectfully submitted,

                             /s/ Justin B. Kimble
                             Michael W. Shore
                             State Bar No. 18294915
                             Alfonso Garcia Chan
                             State Bar No. 24012408
                             Patrick J. Conroy
                             State Bar No. 24012448
                             Justin B. Kimble
                             State Bar No. 24036909
                             Derek N. Johnson
                             State Bar No. 24060027
                             Timothy T. Wang
                             State Bar No. 24067927
                             **SHORE CHAN BRAGALONE**
                             **DEPUMPO LLP**
                             901 Main Street, Suite 3300
                             Dallas, Texas 75202
                             (214) 593-9110 Telephone
                             (214) 593-9111 Facsimile

                             ATTORNEYS FOR PLAINTIFF
                             COLORQUICK, L.L.C.

## CERTIFICATE OF SERVICE

       I hereby certify that on this date I electronically filed **PLAINTIFF COLORQUICK L.L.C.'S OBJECTIONS TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE GRANTING-IN-PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT (Dkt. No. 202)** with the clerk of court for the United States District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

May 31, 2011                  /s/ Justin B. Kimble
Date