**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| ColorQuick, L.L.C.,<br><br>                      Plaintiff,<br><br>    v.<br><br>Vistaprint Limited, and<br>OfficeMax Incorporated,<br><br>                      Defendants. | Civil Action No. 6:09-cv-323-LED |

**DEFENDANT VISTAPRINT LIMITED'S OPPOSITION TO COLORQUICK'S
EMERGENCY MOTION TO STRIKE DEFENDANT'S SECTION 282 STATEMENT**

ColorQuick's "Emergency" Motion to Strike Defendant's Section 282 Statement does not reflect any emergency whatsoever. ColorQuick's surprise at Vistaprint's Section 282 Statement ("Statement") is wholly feigned: the Statement discloses nothing new, because it is identical to Vistaprint's Second Amended Initial Disclosures ("Initial Disclosures") (Declaration of Brian Wikner ("Wikner Decl."), Ex. A), served December 30, 2010, and Defendants' Amended Joint P.R. 3-3 Invalidity Contentions ("Invalidity Contentions") (Wikner Decl., Ex. B), filed October 28, 2010. Vistaprint served the statement as a belt-and-suspenders reiteration of the exact same disclosures made months earlier. Vistaprint had already fulfilled the disclosure requirements of 35 U.S.C. § 282 through its disclosures pursuant to the Eastern District of Texas Patent Rules. Moreover, the Statement's disclosure of knowledgeable witnesses in no way supersedes Vistaprint's Trial Witness List, which Vistaprint has repeatedly acknowledged it remains bound by in futile meet-and-confer efforts with ColorQuick.

When ColorQuick objected to Vistaprint's service of the Statement, Vistaprint explained that it contained no new disclosures and did not alter the issues or witnesses identified in Vistaprint's pretrial submissions. Vistaprint went so far as to offer to withdraw the Statement in its entirety, but ColorQuick refused. Without indicating to Vistaprint's counsel what relief it was seeking as to the Statement, ColorQuick jumped the gun and filed an unnecessary motion intent on reraising unrelated issues that this Court has already rejected in ColorQuick's dispositive motions, *Daubert* motions, and motions in *limine*. Its instant motion is yet another attempt to win by default. ColorQuick's motion should be denied.

**I.    ARGUMENT**

**A.    ColorQuick Failed to Meet and Confer in Good Faith**

As an initial matter, ColorQuick failed to meet and confer in good faith as required by L.R. CV-7(h). Upon learning that ColorQuick intended to file this emergency motion, Vistaprint reached out to ColorQuick's counsel in an attempt to resolve what it viewed as simple misunderstanding about the scope of the Statement. (Wikner Decl. ¶ 3 and Ex. C.) Despite Vistaprint's representations that its Statement contained no new information, that Vistaprint had no intention of calling any witnesses other than those specifically identified on its Trial Witness List (*id.*), and that Vistaprint would go so far as to withdraw the Statement, ColorQuick refused. (Wikner Decl. ¶¶ 4-5 and Ex. C.) After hearing Vistaprint's explanations, ColorQuick never identified what prejudice it believed remained and, moreover, never identified to Vistaprint the relief it sought prior to filing its emergency motion, despite claiming to have done so in the certificate of conference. (Wikner Decl. ¶¶ 6-7 and Ex. C.) ColorQuick was clearly intent on filing its emergency motion despite the reality that no prejudice existed, and in doing so, failed to meet and confer on its motion in good faith.

### B. Vistaprint's § 282 Disclosure Was Already Satisfied by this Court's Patent Local Rule Disclosures

Vistaprint did not need to serve an additional § 282 statement because its disclosures pursuant to the Eastern District of Texas Patent Rules already satisfied the disclosure requirements of 35 U.S.C. § 282. It is well established that patent local rule disclosures are intended to satisfy the notice function of § 282 and, moreover, provide the patentee with far greater than 30 days' notice. *See Computer Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 624 (E.D. Tex. 2007) (indicating 3-3 disclosures were adopted to meet the notice required by 35 U.S.C. § 282 and must contain the information required by the statute); *see also* 35 U.S.C. § 282 ("In actions involving the validity or infringement of a patent the party asserting invalidity or noninfringement shall give notice ***in the pleadings or otherwise*** in writing to the adverse party at least thirty days before the trial . . . .") (emphasis added). In accordance with the Federal Rules of Civil Procedure and the Local Patent Rules, Vistaprint long ago disclosed the *same information* reiterated in its Section 282 Statement. (Wikner Decl., Exs. A & B (Vistaprint's Amended Initial Disclosures and Amended P.R. 3-3 Invalidity Disclosure).) The individuals listed in the Statement are the *same individuals* listed in Vistaprint's Amended Initial Disclosures, served December 30, 2010, as having knowledge of the prior art, and the prior art references listed in the Statement were all listed in Vistaprint's Amended Invalidity Contentions, served October 28, 2010.

ColorQuick cites no caselaw supporting the proposition that Vistaprint's P.R. 3-3 disclosures, combined with its initial disclosures, fail to satisfy Vistaprint's obligations under 35 U.S.C. § 282. *Biotec Biologische Naturverpackungen GMBH & Co. v. Biocorp, Inc.*, No. CV 98-5691 ER (AWx), 1999 WL 35014902 (C.D. Cal. July 23, 1999) and *Minemyer v. B-Roc Representatives, Inc.*, No. 07 C 1763, 2009 WL 3757378 (N.D. Ill. Oct. 29, 2009) are

inapplicable because, in contrast to this District, there are <u>no local patent rules</u> in the Central District of California, and there were none in the Northern District of Illinois at the time of *Minemyer*.[1] The defendant in *Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC*, an appeal from the Eastern District of Texas, apparently did not include the allegedly invalidating prior art in its rule 3-3 disclosures. *See* 350 F.3d 1327, 1347 (Fed Cir. 2003) (plaintiff's claim of prior disclosure of invalidating prior art was based on reexamination filing and amorphous "'Advisory to the Court re: Patent Re Examination' [sic]"). Finally, in *ATD Corp. v. Lydall, Inc.*, the dispute was not over a late or defective § 282 disclosure at all: the plaintiff had indisputably complied with § 282 by filing a disclosure a month before the first pre-trial conference, but the plaintiff's disclosures failed to comport with the Federal Rules of Civil Procedure. 159 F.3d 534, 550-51 (Fed. Cir. 1998). ColorQuick's cited cases are simply inapposite to present situation: ColorQuick had notice, pursuant to the Patent Local and Federal Rules, of all information contained in Vistaprint's § 282 statement well in advance of 30 days before trial.

        **C.**      **Vistaprint's Section 282 Statement Has Caused No Prejudice to ColorQuick**

"[S]ection 282 does not dictate an arbitrary or absolute rule barring introduction of relevant, material evidence on the purely formalistic fact that notice of reliance was lacking," and a district court has discretion to admit even evidence disclosed outside the 30-day window where no prejudice resulted. *See Eaton Corp. v. Appliance Valves Corp.*, 790 F.2d 874, 879 (Fed. Cir. 1986) (affirming admission of evidence not formally noticed where no prejudice resulted); *Trans-World Mfg. Corp. v. Al Nyman & Sons, Inc.*, 750 F.2d 1552, 1561-62 (Fed. Cir. 1984)

---

[1] The Northern District of Illinois adopted its Local Patent Rules on September 28, 2009. (Wikner Decl., Ex. D (N.D. Ill. Gen. Order 09-0022).) The rules govern only cases filed after their effective date. N.D. Ill. P.R. 1-1.

(affirming admission of prior art disclosed 23 days prior to trial, where plaintiff "has not demonstrated or even asserted any specific prejudice it suffered because of the shorter notice").

ColorQuick has in no way been prejudiced by Vistaprint's § 282 Statement. As described above, the Statement merely reiterates disclosures made previously and, unlike the cases cited above, does not introduce evidence not previously disclosed. Moreover, the Statement is not intended to, and obviously does not, supersede the more restrictive pretrial disclosures that Vistaprint has already made, including its trial witness and trial exhibit lists. Vistaprint stated as much during its meet-and-confer with ColorQuick's counsel. (Wikner Decl. ¶ 3 and Ex. C.) Vistaprint, of course, may only—and only intends to—present at trial witnesses disclosed on its witness list, exhibits disclosed on its exhibit list, and prior art included in its expert report. There is no prejudice here because there is nothing new or surprising here. ColorQuick has merely seized on this Statement as a pretext for filing yet another motion rehashing the same old arguments and attempting to win by default. Vistaprint was clearly in "substantial compliance with the letter and the spirit" of § 282, *see Eaton*, 790 F.2d at 879, and for that reason ColorQuick's motion should be denied.

## II. CONCLUSION

For the reasons stated above, ColorQuick's Emergency Motion to Strike Defendant's Section 282 Statement should be denied.

| | |
|---|---|
| DATED:  June 7, 2011 | COOLEY LLP |
| | |
| | */s/ Brian P. Wikner* |
| | Brian P. Wikner |
| | Thomas J. Friel |
| | Matthew P. Gubiotti |
| | Five Palo Alto Square |
| | 3000 El Camino Real |
| | Palo Alto, CA 94306 |
| | tfriel@cooley.com |
| | mgubiotti@cooley.com |
| | bwikner@cooley.com |
| | (650) 843-5000 |
| | |
| | Christopher Campbell |
| | One Freedom Square |
| | Reston Town Center |
| | 11951 Freedom Drive |
| | Reston, VA 20190 |
| | ccampbell@cooley.com |
| | (703) 456-8133 |
| | |
| | Charles Ainsworth, Esq. |
| | Parker, Bunt & Ainsworth, P.C. |
| | 100 E. Ferguson, Ste. 1114 |
| | Tyler, TX 75702 |
| | charley@pbatyler.com |
| | Tel: (903) 531-3535 |
| | Fax: (903) 533-9687 |
| | |
| | **Attorneys for Defendant Vistaprint Limited** |

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by facsimile and/or U.S. First Class Mail on June 7, 2011.

*/s/ Brian P. Wikner*