IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| COLORQUICK, L.L.C., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | No. 6:09-CV-323 |
| v. | § | |
| | § | JURY DEMANDED |
| VISTAPRINT LIMITED, and | § | |
| OFFICEMAX INCORPORATED, | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF COLORQUICK L.L.C.'S REPLY IN SUPPORT OF OBJECTIONS TO REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE DENYING PARTIAL SUMMARY JUDGMENT ON DEFENDANT'S VISTAPRINT.COM INVALIDITY DEFENSE (Dkt. No. 196)**

ColorQuick respectfully submits this reply in support of its Objections to Report and Recommendation of U.S. Magistrate Judge Denying Partial Summary Judgment of Defendant's Vistaprint.com Invalidity Defense (the "Objections").

## I. ARGUMENTS AND AUTHORITIES

**A. Vistaprint Concedes that Vistaprint.com Is Not Prior Art Under 35 U.S.C. § 102(a).**

Despite having argued at length in its Opposition to ColorQuick's Motion that Vistaprint.com was a valid prior art reference under § 102(a),[1] Vistaprint *now concedes* that § 102(a) is inapplicable.[2] Accordingly, the Court should reject that portion of the Recommendation and grant ColorQuick's Motion that Vistaprint.com is not prior art under

---

[1] (Dkt. 146 at 11-14).
[2] (Dkt. 226 at 2 n.3). Vistaprint confusingly admits that Vistaprint.com is not "an on-sale bar" under § 102(a), but § 102(a) does not contain the "on-sale bar," which is found in § 102(b). Because Vistaprint asserts that § 102(a) is now "moot," Vistaprint has admitted that Vistaprint.com is not prior art under that subsection. (*Id.*).

Case 6:09-cv-00323-LED-JDL Document 231 Filed 06/07/11 Page 2 of 6 PageID #: 6375

§ 102(a).

**B.     Vistaprint's Alleged Commercial Exploitation of Vistaprint.com Cannot Establish Public Use of the Claimed Methods Under 35 U.S.C. § 102(b).[3]**

Relying on *Invitrogen Corp. v. Biocrest Mfg., L.P.*,[4] Vistaprint erroneously argues that the sole test for public use under § 102(b) is "whether the purported use (1) was accessible to the public; or (2) was commercially exploited."[5] But, a product does not become prior art under § 102(b) simply because it was commercially exploited at some earlier date. To anticipate under § 102(b), *the claimed invention* must be both "ready for patenting" and in "public use" prior to the critical date of the patent.[6]

Here, Vistaprint has admittedly proffered *no evidence* that Vistaprint.com was used to perform each step of the claimed methods prior to the critical date of the '149 patent. The spreadsheet produced by Vistaprint showed, at most, that users allegedly uploaded files on Vistaprint.com in February and March 2001. There is *no indication whatsoever* from this spreadsheet that Vistaprint.com performed any step of the claimed methods.[7] Indeed, as it did at the hearing, Vistaprint again concedes that "it is impossible to know" whether such use actually occurred.[8] Unfortunately for Vistaprint, it bore the burden of demonstrating such third-party use by clear and convincing evidence.[9] Because it failed to do so, and failed to do so with any

---

[3] While hardly a surprise at this point, Vistaprint is now, apparently, trotting out yet another new defense for the first time and attempting to assert an on-sale bar defense under § 102(b), despite the fact that such a defense was never previously pleaded or disclosed. (Dkt. 226 at 2 n.3). In fact, in its response to ColorQuick's Motion, Vistaprint asserted that "*[t]he sole issue is thus whether [Vistaprint.com] was publicly used in the United States prior to the critical date* . . . ." (Dkt. 146 at 9 (emphasis added)).
[4] 424 F.3d 1374 (Fed. Cir. 2005).
[5] (Dkt. 226 at 4).
[6] *Invitrogen*, 424 F.3d at 1379-80.
[7] (Dkt. 146, Stevenson Decl., Ex. 1).
[8] (Dkt. 226 at 6).
[9] *See Minn. Mining & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1306 (Fed. Cir. 2002); *Civix-DDI, LLC v. Cellco P'ship*, 387 F. Supp. 2d 869, 896 (N.D. Ill. 2005).

corroborating evidence,[10] its public use defense under § 102(b) fails as a matter of law.[11]

Realizing this lapse, Vistaprint now attempts to point to evidence that the pre-critical date version of Vistaprint.com was allegedly ***capable*** of performing each step of the claimed method, arguing that capability, paired with commercial exploitation, is sufficient to anticipate as prior use.[12] However, none of Vistaprint's cited pre-critical-date evidence shows that the pre-critical-date software was capable of performing each step of the claimed methods as detailed in the '149 patent.[13] And, its post-critical-date evidence purporting to show such capability cannot retrospectively demonstrate that pre-critical-date version of Vistaprint.com was "ready for patenting."[14] Vistaprint failed to produce any evidence that ***a person skilled in the art*** would have been capable of practicing the invention before the critical date.[15] And, there is no evidence that Vistaprint.com functioned (i.e., was used) as required by the asserted claims of the '149

---

[10] *See Woodland Trust v. Flowertree Nursery, Inc.*, 148 F.3d 1368, 1371-73 (Fed. Cir. 1998) ("[W]hen an asserted prior use is not that of the applicant, § 102(b) is not a bar when that prior use or knowledge is not available to the public. . . . In view of the unsatisfactory character of testimony, arising from the forgetfulness of witnesses, their liability to mistakes, their proneness to recollect things as the party calling them would have them recollect them, aside from the temptation to actual perjury, courts have not only imposed upon defendants the burden of proving such devices, but have required that the proof shall be clear, satisfactory, and beyond a reasonable doubt. With the guidance of precedent, whose cautions stressed the frailty of memory of things long past and the temptation to remember the facts favorable to the cause of one's relative or friend, we conclude that this oral evidence, standing alone, did not provide the clear and convincing evidence necessary to invalidate a patent on the ground of prior knowledge and use under § 102(a).").

[11] *See Minn. Mining & Mfg.*, 303 F.3d at 1307 ("Although there is evidence in the record that samples of Ricoseal were sent to various corporations, there is no evidence of their use. The defendants have not directed this court to any record evidence showing that anyone ever used Ricoseal. We agree with 3M that there is no substantial evidence of use of the Ricoseal product; there is no direct evidence of its use. . . . As we have already concluded that there was insufficient evidence of any use of the Ricoseal product, claim 9 cannot be invalid on the basis of a prior public use under § 102(b).").

[12] (Dkt. 226 at 4-5).

[13] (Dkt. 135, Coursol Decl., Exs. 1-2 (discussing PAPICS's alleged ability to upload PDF documents in January-February 2001)).

[14] *See Space Systems/Loral, Inc. v. Lockheed Martin Corp.*, 271 F.3d 1076, 1080 (Fed. Cir. 2001) ("The fact that a concept is eventually shown to be workable does not retrospectively convert the concept into one that was 'ready for patenting' at the time of conception.").

[15] *See Carnegie Steel Co. v. Cambria Iron Co.*, 185 U.S. 403, 424 (1902); *see also Poly-America, Inc. v. Serrot Int'l, Inc.*, No. CIV.A. 300CV1457D, 2002 WL 1996561, at *2 (N.D. Tex. Aug. 26, 2002) ("The relevant inquiry to the 'ready for patenting' test is whether a person skilled in the art would have been capable of practicing the invention before the critical date.").

patent.[16]

## C. Vistaprint Cannot Show Prior Invention Under 35 U.S.C. § 102(g).

Likewise, there is no evidence, much less corroborating evidence,[17] that Vistaprint "successfully performed" the claimed methods prior to the '149 patent's priority date. Rather, Vistaprint's sole evidence on this point is an announcement regarding the release of Vistaprint.com.[18] But, that evidence does not show that Vistaprint "successfully performed" each step of the *claimed methods*, which is the key inquiry under § 102(g).[19]

## D. ColorQuick Does Not Accuse All Versions of Vistaprint.com of Infringement.

Vistaprint continues to ignore **the fact** that ColorQuick does not accuse the Vistaprint.com system of infringement, but rather, **only certain methods performed by it**, and that method claims are only infringed through performance, not by a sale of an apparatus that is capable of infringing use.[20] And, ColorQuick has never alleged that Vistaprint.com performed each step of the claimed method prior to the '149 patent's critical date. Nor has it ever conceded that Vistaprint.com "has operated *identically* with respect to the *claimed features* of the '149 patent since 2001."[21]

And, as discussed repeatedly in ColorQuick's prior briefing, *Vanmoor v. Wal-Mart*

---

[16] *See Poly-America, L.P. v. GSE Lining Tech., Inc.*, 383 F.3d 1303, 1308-09 (Fed. Cir. 2004) (holding that a process was not ready for patenting because there was "substantial evidence in the trial record that the Gundle die's 'choker slides' functioned as devices for throttling purposes and not . . . as required by the claims of the '112 patent.").

[17] *See Thomson S.A. v. Quixote Corp.*, 166 F.3d 1172, 1174-75 (Fed. Cir. 1999) ("[C]orroboration is required . . . when the testifying inventor is asserting a claim of derivation or priority of his or her invention and is a named party, an employee of or assignor to a named party, or otherwise is in a position where he or she stands to directly and substantially gain by his or her invention being found to have priority over the patent claims at issue.").

[18] (Dkt. 135, Coursol Decl., Ex. 1).

[19] *See Shurie v. Richmond*, 699 F.2d 1156, 1159 (Fed. Cir. 1983) ("Generally, the invention of a process is completed, or reduced to practice, when it is successfully performed. . . . Richmond has met [this] requirement[] for the reduction to practice of the process before us. The parties stipulated that Richmond performed the operation defined by the process count within the United States on December 8, 1970.").

[20] *See Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 & n.12 (Fed. Cir. 2006).

[21] (Dkt. 226 at 3).

*Stores, Inc.*[22] and *Cummings v. Adidas USA*[23] are each distinguishable from the present case.[24] Thus, ColorQuick's citation to *IXYS* and *ResQNET.com* in support of that position in its Objections merely supplements its previous position and does not raise any new legal argument.

**E.    ColorQuick's Objections Properly Raised Legal Issues that Were Before the Magistrate Judge.**

Vistaprint accuses ColorQuick of "impermissibly 'us[ing] the magistrate judge as a mere sounding-board' for the effectiveness of its arguments."[25] However, ColorQuick's Objections raised the same legal issues that were before the magistrate judge in considering the parties' cross-motions for summary judgment.[26] While ColorQuick's objections do contain supplemental citations, that legal authority simply bolsters the arguments made in its prior briefing. Vistaprint cites to absolutely no authority for its proposition that a party's citation to supplemental legal authority in its objections is improper. Rather, Vistaprint simply relies on *Freeman v. County of Bexar*,[27] and *Roberts v. Unitrin Specialty Line Insurance Co.*,[28] which stand for the unremarkable proposition that a party cannot raise new legal issues in its Objections.[29]

## II.    CONCLUSION

For the reasons discussed above, in ColorQuick's Objections, and in ColorQuick's briefs on its Motion, ColorQuick respectfully requests that the Court reject the Recommendation and grant ColorQuick's Motion (Dkt. 140) as a matter of law.

---

[22] 201 F.3d 1363 (Fed. Cir. 2000).
[23] 716 F. Supp. 2d 323 (S.D.N.Y. 2010).
[24] (Dkt. 141 at 11). As explained in ColorQuick's Objections, *Evans Cooling Systems, Inc. v. General Motors Corp.*, 125 F.3d 1448 (Fed. Cir. 1997), is also distinguishable. (Dkt. 216 at 4-5).
[25] (Dkt. 226 at 1).
[26] (*See generally* Dkt. 140; Dkt. 141; Dkt. 158; Dkt. 164).
[27] 142 F.3d 848 (5th Cir. 1998).
[28] No. 3:06-CV-0380-B, 2008 WL 3832223 (N.D. Tex. Aug. 14, 2008).
[29] *See Freeman*, 142 F.3d at 852 ("*Cupit* holds only that waiver may bar a party from raising new legal objections to the district court."); *Roberts*, 2008 WL 3832223, at *3 n.3 ("This Court was not required to consider new [legal] arguments raised by Roberts in her Objections.").

Dated: June 7, 2011                                    Respectfully submitted,

                                              */s/ Justin B. Kimble*
                                              Michael W. Shore
State Bar No. 18294915
Alfonso Garcia Chan
State Bar No. 24012408
Patrick J. Conroy
State Bar No. 24012448
Justin B. Kimble
State Bar No. 24036909
Derek N. Johnson
State Bar No. 24060027
Timothy T. Wang
State Bar No. 24067927
**SHORE CHAN BRAGALONE DEPUMPO LLP**
901 Main Street, Suite 3300
Dallas, Texas 75202
(214) 593-9110 Telephone
(214) 593-9111 Facsimile

ATTORNEYS FOR PLAINTIFF
COLORQUICK, L.L.C.

## CERTIFICATE OF SERVICE

      I hereby certify that on this date I electronically filed **PLAINTIFF COLORQUICK L.L.C.'S REPLY IN SUPPORT OF OBJECTIONS TO REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE DENYING PARTIAL SUMMARY JUDGMENT ON DEFENDANT'S VISTAPRINT.COM INVALIDITY DEFENSE (Dkt. No. 196)** with the clerk of court for the United States District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

June 7, 2011                                    */s/ Justin B. Kimble*
Date