**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| ColorQuick, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> Vistaprint Limited, and OfficeMax Incorporated, <br><br> Defendants. | Civil Action No. 6:09-cv-323-LED |

**DEFENDANT VISTAPRINT LIMITED'S RESPONSE IN OPPOSITION TO
COLORQUICK'S OBJECTIONS TO REPORT AND RECOMMENDATION
GRANTING-IN-PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
OF NON-INFRINGEMENT (DKT. NO. 202)**

Magistrate Judge Love correctly determined that there is no factual issue as to whether Vistaprint "revises the PDL image file" as required by each asserted claim of the '149 patent. The operation of Vistaprint.com is undisputed. The PDL file generated by Vistaprint's PAPICS software module is written to Vistaprint's database only once; it is *never changed or modified*. Yet, ColorQuick nonsensically insists that this file is somehow "revised" through the creation of an entirely different file by an entirely different software module. There is no genuine issue of fact here. ColorQuick's Objections[1] to Magistrate Judge Love's recommendation should be overruled, and the Court should adopt the report's conclusion of no literal infringement.

---

[1] ColorQuick's Objections to Report and Recommendation Granting-in-Part Defendant's Motion for Summary Judgment of Non-Infringement ("Objections" or "Objs."). (Dkt. 217.)

**I.     ARGUMENT**

Magistrate Judge Love correctly determined that Vistaprint does not directly infringe the '149 patent as a matter of law. This is because Vistaprint does not "revise" the "PDL image used to generate the still image proxy," as required by claim 1, the only independent claim at issue. (*See* Report and Recommendation Granting-in-Part Defendant's Motion for Summary Judgment of Non-Infringement ("Recommendation") at 7.[2]) By ColorQuick's own admission (and the ordinary meaning of the term), "revising" requires a changing or modifying of the original PDL image file. (Wikner Decl., Ex. 6 at 21 (Pl. ColorQuick L.L.C.'s Opening Claim Construction Brief, *ColorQuick L.L.C. v. Eastman Kodak Co.*, Case No. 6:06-cv-390-LED (E.D. Tex. Apr. 16, 2008)) (Dkt. 134-3).)

The operation of Vistaprint.com is undisputed. Vistaprint's PAPICS module generates a PDF computer file, which is written to Vistaprint's databases only once and thereafter can only be *read* in subsequent processes; it is *never changed or modified*. (*See* Mot. Summ. J. of Non-Infringement at 11 (Dkt. 132).) Any customer manipulations to the still image proxy are recorded as XML descriptions for later use, but are never applied to the PAPICS-created PDF computer file. (*Id.*) At print time, Vistaprint's DrawDocs software module reads the XML instructions, generated from the saved XML descriptions, and generates a ***new*** print-ready PDF computer file of the customer's entire design. (*Id.*) Thus, DrawDocs never "revises," *i.e.* "changes or modifies," the PDF file generated by the PAPICS system, as required by the claims.

ColorQuick nonsensically argues that Vistaprint "revises the PDL image file" when Vistaprint's DrawDocs system generates ***a new computer file*** in PDF format that reflects the customer's manipulations to the still image file. (Objs. at 3 ("The genuine issue of material is

---

[2] The Magistrate Judge held that "the PDL image file to be revised in step (c) of Claim 1 must be the original PDL image file used to create the still image proxy, as discussed in step (a)." (Recommendation at 7-8.) ColorQuick did not object to this construction in its Objections.

whether the PDL image file *generated* in Vistaprint's DrawDocs module is … a revision of the PDL image file that [sic] used to create the still image proxy in Vistaprint's PAPICS module.") (emphasis added).) ColorQuick insists that, although the PDF file created by Vistaprint's PAPICS system is never changed or modified, it is still somehow "revised" through this creation of a new file by DrawDocs. As the Magistrate Judge correctly held, there is no issue of fact here. Vistaprint.com does not "revise" the PDF file by any reasonable definition of the term.

The "evidence" cited by ColorQuick in its objection comes nowhere near establishing a genuine issue of material fact. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.") It is of no relevance to the '149 patent whether DrawDocs "'utilize[s]' the high-resolution PDF generated by PAPICS '[b]y referring to it in the document." (*See* Objs. at 3.) The only relevant issue is whether DrawDocs *revises* the PDF, which it undisputedly does not. Jeremy Herr's ruminations on the importance of "whether it is 'the' file or a copy of the file" are likewise irrelevant. (*Id.*) As the Magistrate Judge held, "'the PDL image file' recited in step (c) of Claim 1 is the same 'PDL image file' recited in step (a)." (Recommendation at 5.) (As noted above, ColorQuick did not object to this construction.) If Herr had wanted the '149 patent to capture technology creating entirely new PDL files, he should have drafted the claims differently. Even ColorQuick's argument at the motions hearing, quoted in ColorQuick's Objections, shows that there is no issue of material fact. ColorQuick argued that "[c]hanges are made to the proxy" and that these recorded changes are "used to *produce* a PDF that is printed," (Transcript of Motions Hearing at 37, May 13, 2011 (emphasis added)), not that they are used to *revise* the PDL as required by the '149 patent.

ColorQuick is left grasping at straws. Having tried (and failed) to persuade the court to consider the irrelevant question of whether Vistaprint "revises the original PDL *image*," (Opp'n at 14 (Dkt. 142) (emphasis in original)),[3] ColorQuick has switched strategies. ColorQuick now urges the Court to consider a different, equally irrelevant question—whether Vistaprint "revises the binary data that comprises the PDL image file." (Objs. at 4.) This is simply not what the patent claims. ColorQuick's latest attempt to rewrite the '149 patent must be rejected.[4]

## II. CONCLUSION

There is no issue of fact as to whether Vistaprint "revises the PDL image file," as required by the '149 patent. The evidence cited by ColorQuick fails even to suggest otherwise, and the operation of Vistaprint.com is undisputed. For the reasons stated above and in Vistaprint's prior motions, the Court should overrule ColorQuick's objections and adopt the Recommendation.

---

[3] ColorQuick does not object to the Magistrate Judge's conclusion that the claim requires revising the original PDL image *file*. (*See* Recommendation at 8 ("The Court's construction necessarily rejects ColorQuick's argument that all that must be revised is the original PDL *image*." (emphasis in original)).)

[4] In addition, ColorQuick failed to articulate this argument before the Magistrate Judge. The Court should therefore hold that the argument was waived. *See Freeman v. County of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998); *Roberts v. Unitrin Specialty Line Ins. Co.*, Civ. A. No. 3:06-CV-0380-B, 2008 WL 3832223, at *3 n.3 (N.D. Tex. Aug. 14, 2008).

4

DATED:  June 9, 2011                            COOLEY LLP

*/s/ Brian P. Wikner*
Brian P. Wikner
Thomas J. Friel
Matthew P. Gubiotti
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
tfriel@cooley.com
mgubiotti@cooley.com
bwikner@cooley.com
(650) 843-5000

Christopher Campbell
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA 20190
ccampbell@cooley.com
(703) 456-8133

Charles Ainsworth, Esq.
Parker, Bunt & Ainsworth, P.C.
100 E. Ferguson, Ste. 1114
Tyler, TX 75702
charley@pbatyler.com
Tel: (903) 531-3535
Fax: (903) 533-9687

**Attorneys for Defendant Vistaprint Limited**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by facsimile and/or U.S. First Class Mail on June 9, 2011.

*/s/ Brian P. Wikner*