# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| ColorQuick, L.L.C., | |
| Plaintiff, | Civil Action No. 6:09-cv-323-LED |
| v. | |
| Vistaprint Limited, and OfficeMax Incorporated, | |
| Defendants. | |

### DEFENDANT VISTAPRINT LIMITED'S SURREPLY IN OPPOSITION TO COLORQUICK'S EMERGENCY MOTION TO PRECLUDE DEFENDANT'S <u>ENSNAREMENT DEFENSE TO INFRINGEMENT</u>

ColorQuick's reliance on new case law is misplaced. In both *National Presto* and *Fiskars*, the defendant never alleged ensnarement until ***after*** trial. These cases have nothing to say about whether Vistaprint should be able to argue ensnarement at trial. Moreover, Vistaprint satisfied these cases' requirements by coming forward with evidence that Vistaprint.com Release 5.1 and other prior art occupied the space that ColorQuick now seeks to commandeer through the doctrine of equivalents. In short, these new cases change nothing. ColorQuick has long been aware that the prior art, most notably the accused system, limit its equivalents claim. Equity dictates that ColorQuick's latest Emergency Motion should be denied.

**I.   ARGUMENT**

Neither *National Presto* nor *Fiskars* has anything to say about whether a defendant should be permitted to argue ensnarement at trial. Defendants in those cases failed to allege

ensnarement before (or during) trial at all. In *National Presto*, the defendant raised ensnarement only *after* trial, when it argued that the court was obliged to consider the issue—presumably without the aid of any witness testimony or other evidence. *See Nat'l Presto Indus., Inc. v. West Bend. Co.*, 76 F.3d 1185, 1192 (Fed. Cir. 1996). ColorQuick's reliance on *Fiskars* is even less persuasive. Contrary to ColorQuick's assertion, *Fiskars* never even addresses the burden of proof for ensnarement, because the defendant in *Fiskars* did not allege ensnarement at all. *See Fiskars, Inc. v. Hunt Mfg. Co.*, 221 F.3d 1318, 1323 (Fed. Cir. 2000) (noting that the defendant "did not allege . . . that a hypothetical claim covering its device would be unpatentable" and "simply argue[d] that [the plaintiff] had the burden of . . . establishing that [the defendant's] device was *not in the prior art*") (emphasis added). The court held only that "[i]t is an affirmative defense of the accused infringer to allege and to show that it is *practicing the prior art*." *Id.* (emphasis added). Though *Streamfeeder*'s requirement that a defendant "come forward" with potentially invalidating prior art references is not a cumbersome one, *see Streamfeeder, LLC v. Sure-Feed Sys., Inc.*, 175 F.3d 974, 983 (Fed. Cir. 1999), Vistaprint agrees that raising ensnarement for the first time *after trial* does not meet this standard.

Vistaprint has checked every box required under *National Presto* and *Fiskars*. These cases stand for the unremarkable premise that Vistaprint must "show that the accused device is in the prior art," *Nat'l Presto*, 76 F.3d at 1192, or "come forward with evidence to establish" "that it is practicing the prior art," *Fiskars*, 221 F.3d at 1323. Vistaprint *long* ago offered evidence that the accused Vistaprint.com system is in the prior art. (*See* Mot. Summ. J. Invalidity, Undisputed Facts ¶¶ 2-25 (Dkt. 135) (citing extensive deposition testimony and numerous documents produced by Vistaprint).) And because the accused product in this case is itself the potentially ensnared prior art—unlike in *National Presto* or *Fiskars*—ColorQuick cannot reasonably claim

that it is unprepared to address the issue at trial. ColorQuick has accused Vistaprint.com since its initial Complaint, and had ample opportunity to conduct discovery on Vistaprint.com's functionality.

Vistaprint does not contend, as ColorQuick claims, (*see* Reply at 1 (Dkt. 251)), that *every* plaintiff in a doctrine of equivalents case must prove that the hypothetical claim does not ensnare the prior art. In cases like *National Presto* and *Fiskars*, where ensnarement was never raised at all before or during trial, *Streamfeeder* clearly does not require that the plaintiff disprove ensnarement. *See* 175 F.3d at 983. But that is not the case here. Vistaprint came forward, as required, with evidence of prior art references that were potentially ensnared by ColorQuick's proposed hypothetical claim. It did so in its P.R. 3-3 invalidity contentions more than a year ago, (Wikner Decl., Ex. 1 (Dkt. 242-2)), in the report of technical expert David Zwang, (Kimble Decl., Ex. F (Dkt. 137)), and in its Motion for Summary Judgment of Non-Infringement under the Doctrine of Equivalents (Dkt. 212-1) itself. (*See also* Opp'n at 5-6 (Dkt. 242).) Because Vistaprint has come forward with potentially ensnared prior art as required by *Streamfeeder*, it would be error for the Court not to consider ensnarement.

## II. CONCLUSION

For the reasons stated above and in Vistaprint's Opposition to ColorQuick's Emergency Motion to Preclude Defendant's Ensnarement Defense to Infringement, the Court should deny ColorQuick's Emergency Motion to Preclude Defendant's Ensnarement Defense to Infringement.

|  |  |
|---|---|
| DATED: June 11, 2011 | COOLEY LLP |
|  | */s/ Brian P. Wikner* |
|  | Brian P. Wikner |
|  | Thomas J. Friel |
|  | Matthew P. Gubiotti |
|  | Five Palo Alto Square |
|  | 3000 El Camino Real |
|  | Palo Alto, CA 94306 |
|  | tfriel@cooley.com |
|  | mgubiotti@cooley.com |
|  | bwikner@cooley.com |
|  | (650) 843-5000 |
|  |  |
|  | Christopher Campbell |
|  | One Freedom Square |
|  | Reston Town Center |
|  | 11951 Freedom Drive |
|  | Reston, VA 20190 |
|  | ccampbell@cooley.com |
|  | (703) 456-8133 |
|  |  |
|  | Charles Ainsworth, Esq. |
|  | Parker, Bunt & Ainsworth, P.C. |
|  | 100 E. Ferguson, Ste. 1114 |
|  | Tyler, TX 75702 |
|  | charley@pbatyler.com |
|  | Tel: (903) 531-3535 |
|  | Fax: (903) 533-9687 |
|  |  |
|  | **Attorneys for Defendant Vistaprint Limited** |

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by facsimile and/or U.S. First Class Mail on June 11, 2011.

*/s/ Brian P. Wikner*