IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

DATE: 6/13/11

| JUDGE<br>JOHN LOVE | REPORTER: Kimberly Julian<br>LAW CLERK: Anna Phillips |
|---|---|
| COLORQUICK, LLC<br>Plaintiff<br><br>vs.<br>VISTAPRINT LIMITED<br>Defendant | CIVIL ACTION NO: 6:09cv323<br><br>JURY SELECTION, OPENING STATEMENTS & MOTIONS HEARING |
| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |
| Refer to Attorney Sign-In Sheet Attached | Refer to Attorney Sign-In Sheet Attached |

On this day, came the parties by their attorneys and the following proceedings were had:

**OPEN:** 9:08 am          **ADJOURN:** 3:27 pm

| TIME: | MINUTES: |
|---|---|
| 9:08 am | Jury panel seated in the courtroom. Case called. Parties announced ready to proceed. |
|  | The Court welcomed the jury panel, introduced himself and thanked them for their service today. Jury will be selected today, then the jury that is picked will then be excused today and asked to call tomorrow on when to report next for trial. There are two possible dates, June 15 or 20, to return before Judge Davis for trial. The Court gave additional overview of the trial. |
| 9:16 am | The Court conducted voir dire of the panel. Jury panel members stood and gave personal information. |
| 9:24 am | Mr. Conroy introduced himself, his staff, trial team and witnesses that will be called. The Court asked the jury if anyone knew of these people. No response. |
|  | Mr. Ainsworth introduced himself, his trial team and other parties to the case and witnesses that will be called. The Court asked the jury if anyone knew of these individuals. No response. |
|  | The Court continued voir dire of the panel. |

DAVID J. MALAND, CLERK

FILED: 6/13/11

BY: *Mechele Morris*, Courtroom Deputy

PAGE 2 - Proceedings Continued

| TIME: | MINUTES: |
|---|---|
| 9:40 am | Mr. Conroy began his voir dire on behalf of the plaintiff. |
| 10:05 am | Mr. Ainsworth began voir dire of the panel on behalf of the defendant. |
| 10:36 am | The Court excused the jury and will take up matters with the attorneys. Jury panel to return at 11:15. |
| 10:38 am | The Court asked to see counsel at the bench. (Conference held). |
| | The Court asked two panel members to stay behind for further questioning. Jury panel excused until 11:15. |
| 10:40 am | The Court further questioned remaining panel members. |
| 10:43 am | All panel members excused. The Court will allow each side 7 strikes. The Court will then take up objections to slides, then motion #282. |
| 10:46 am | Recess for 15 minutes. |
| 11:07 am | Court resumed. Strikes have been made and there were no challenges for cause. The Court will take up plaintiff's objection to slide 26 of opening slides. The Court will hear from plaintiff. We can take up the objections now. |
| 11:09 am | Mr. Kimble made objections to slides referring to Mr. Keane and Mr. Coursol as being inventors of Vistaprint. |
| 11:10 am | Mr. Campbell responded and gave objections on behalf of the defendant. They have taken out the word "inventor" on this slide. Further discussion on the objections. |
| | Mr. Conroy responded and further argued slides. |
| | The Court overruled the objection. |
| | Mr. Campbell made further objections regarding the law. Mr. Conroy responded. Mr. Campbell further responded. |
| | The Court overruled the second objection regarding the law. We will move on to the #223 Motion to Strike defendant's section 282 statement. Let's hear a response from Colorquick. |
| 11:14 am | Mr. Kimble began argument on motion #223 on behalf of the plaintiff. They did not comply with disclosure rules. Discussion made on prior art defense. This was not done in their invalidity contentions. Discussion made as to why this issue is just now being raised. He didn't know they contended invalidity under 102g until motion for summary judgment in March. |
| 11:19 am | Mr. Campbell responded. Discussion made on joint pretrial statement, local rules and section 282. They did not file statement late. It was clear in early April they contended there was prior use of the system. Reference made to Atd vs. Lydall case regarding period to file 282 statement. The local patent rule disclosures satisfy 282. Discussion made on invalidity contentions, 3-3a. Defendant's made identification of prior inventor's. |
| 11:24 am | The Court asked where in contentions where prior inventor is identified. |

PAGE 3 - Proceedings Continued

| TIME: | MINUTES: |
|---|---|
|  | Mr. Campbell responded. Vistaprint's 282 statements are nothing new. Further discussion made on the prior inventor's. They gave the witnesses and stated there were prior uses out there. The 282 could not have come as a surprise. It was in the joint pretrial disclosure. |
|  | The Court will move on to the objections to individuals identified in the 282 as having corroborative evidence. |
|  | Mr. Campbell stated he will withdraw this statement. He responded to the individuals on the list. He is prepared to withdraw individuals from the 282 and be bound by witness list. This was not a surprise because these individuals are in initial disclosures. |
| 11:33 am | Mr. Kimble responded. They were not notified of individuals that they claim to be prior inventors until the 282 statement. Discovery would have went difference if disclosure was made. Discussion made on depositions of Mr. Keane and Mr. Coursol. |
|  | Mr. Campbell responded. Discussion made regarding Mr. Keen. Mr. Kimble further responded. Parties further argue motion. |
|  | The Court mentioned ensnarement issue. He asked parties if this is something as to if it would not be presented tot he jury by Vistaprint. The Court instructed parties not to discuss ensnarement in front of the jury during opening statements. |
| 11:41 am | Mr. Campbell responded and discussed ensnarement and DOE. One is prosecution and the other is prior art. |
|  | The Court stated that if the Court allows ensnarement, it is going to be a question of law. It will need to be addressed during parties nine hours, outside the presence of the jury. Court asked about the art relied upon for ensnarement. |
|  | Mr. Campbell responded and further argued ensnarement issues. |
|  | The Court further discussed 5.1 and anticipation of the claim. |
|  | Mr. Campbell further responded. Mr. Kimble further responded. |
|  | The Court's ruling is to allow the arguments, the statements to develop the way the parties want. The Court will not make restrictions on it. The Court asked if there is a prosecution history art is anticipating the claim? |
|  | Mr. Kimble responded. Ensnarement has not been fully fleshed out in this case. Further arguments made on this. |
|  | The Court will have to do at this point. He will allow arguments to proceed. No further restrictions will be given on this. The Court asked if there is a prosecution history estoppel argument. |
|  | Mr. Campbell responded. Mr. Kimble responded. |
|  | The Court stated to stay away from arguing prosecution history of estoppel and that will be a question for the Court. |
| 11:50 am | Recess for a few minutes and look at the 282 motion. |

PAGE 4 - Proceedings Continued

| TIME: | MINUTES: |
|---|---|
| | Court resumed. The Court denied the motion to the extent of the three grounds that Mr. Kimble brought up. The two not involving 102g, is denied. 102g is still being considered. The Court will give ruling this afternoon. The Court instructed parties not to discuss prior inventorship under 102g in opening statements. |
| 11:59 am | Jury panel brought in and seated. The Clerk called the names of the jury chosen. |
| | The Court thanked the remaining panel not chosen and excused them. |
| 12:05 pm | The jury sworn in by the clerk. The Court gave further instructions to the jury. |
| 12:12 pm | Patent video played to the jury. |
| 12:29 pm | The Court continued with further instructions to the jury. |
| 12:49 pm | Rule invoked. Robert Keane, David Zwang, Mark Weiss and Jeremy Herr sworn in. The court instructed parties of the rule. The Court excused jury until 1:45. |
| | Mr. Conroy stated they have discussed claims 7 and 10 and will drop. |
| | Mr. Campbell responded. |
| 12:51 pm | Recess until 1:45. |
| 1:51 pm | Court resumed. The Court recognized Mr. Conroy for purposes of opening statements on behalf of the plaintiff. |
| | The Court recognized Mr. Freil for purposed of opening statements on behalf of the defendant. |
| 2:53 pm | The Court directed jury to check back with the Court tomorrow to find out when to report next. Jury excused. |
| | Recess for 5 minutes. |
| 3:04 pm | Court resumed. The Court would like to hear further on the issue on this ensnarement motion. The Court has heard a lot already but wanted to hear a little further. The Court does not understand the papers on the burden of proof. The Court cannot find disclosure regarding ensnarement. The Court is at a loss as to why it is in the case. This issue has not been handled well by either side. The Court would like a response. |
| 3:07 pm | Mr. Kimble responded and argued motion #228. Discussion made on them not bearing the burden. He is baffled as to why it is here now. |
| 3:13 pm | Mr. Campbell responded and argued motion on behalf of the defendant. Discussion made on the two limitations on the DOE. The burden goes to the plaintiff. The discussion is the prior art in the case. They have been forthcoming with the art to the plaintiff. |

PAGE 5 - Proceedings Continued

| TIME: | MINUTES: |
|---|---|
| 3:21 pm | The Court denied both motions to preclude expert. The Court ordered that both experts to be made available for an hour deposition on issue of ensnarement. The issue will be presented to the Court as a matter of law during the nine hours for trial. The Court discussed the hypothetical claim and will need this to resolve this issue. The Court ordered parties to submit by Wednesday by noon, agreed hypothetical claim. This will be only for the Court to look at. The Court went back to the motion on 102G. Court denied motion that Colorquick brought in all other respects, but the Court granted the motion on 102g. The Court discussed jury instructions and them being voluminous. The Court ordered parties to make another attempt to narrow the instructions. |
| 3:25 pm | Mr. Campbell responded. He discussed area where instructions may expand regarding prior art that was not considered by USPTO during prosecution and Supreme Court's i4i case that just came out. |
|  | The Court asked parties to put proposals down and it will be looked at. |
|  | Mr. Campbell asked if depositions occur after submission of hypothetical claim. |
|  | The Court will push back the hypothetical claim issue to tomorrow by 5:00. |
| 3:27 pm | There being nothing further, Court is adjourned. |