**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| COLORQUICK, L.L.C., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | No. 6:09-CV-323 |
| v. | § | |
| | § | JURY DEMANDED |
| VISTAPRINT LIMITED | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF COLORQUICK L.L.C.'S TRIAL BRIEF IN SUPPORT OF EXCLUDING
RELEASE 5.1 OF VISTAPRINT.COM AS AN ANTICIPATORY REFERENCE**

Patrick J. Conroy
State Bar No. 24012448
Justin B. Kimble
State Bar No. 24036909
Derek N. Johnson
State Bar No. 24060027
Timothy T. Wang
State Bar No. 24067927
Daniel F. Olejko
PA Bar No. 205512

**SHORE CHAN BRAGALONE
DEPUMPO LLP**
901 Main Street, Suite 3300
Dallas, Texas 75202
(214) 593-9110 Telephone
(214) 593-9111 Facsimile

ATTORNEYS FOR PLAINTIFF
COLORQUICK, L.L.C.

ColorQuick, L.L.C. ("ColorQuick") respectfully submits this trial brief in support of excluding Release 5.1 of Vistaprint.com as an anticipatory reference under 35 U.S.C. § 102 in response to the Court's June 16, 2011 order.[1] Because the Court previously determined that the accused instrumentality does not literally perform step (c) of the asserted claims, and Vistaprint Limited ("Vistaprint") argues that Release 5.1 of Vistaprint.com functions the same way as the accused instrumentality, Release 5.1 cannot anticipate the asserted claims of the '149 patent.[2]

## I. BACKGROUND

On May 15, 2011, the Court recommended granting in part Vistaprint's Motion for Summary Judgment of Non-Infringement, finding that the accused instrumentality, Vistaprint.com, did not literally infringe step (c) of the asserted claims of the '149 patent.[3] In particular, the Court agreed with Vistaprint that Vistaprint.com "cannot literally infringe Claim 1 because it does not revise the PDL image file used to generate the still image proxy."[4] Instead, the Court found that Vistaprint.com "creates a *new* PDL image file that incorporates the manipulations made to the image display of the still image proxy, rather than revising the original PDL image file."[5] As a result, ColorQuick's sole issue for trial is whether Vistaprint.com infringes the asserted claims of the '149 patent under the doctrine of equivalents.[6]

On June 13, 2011, the first day of trial, counsel for Vistaprint confirmed that it intended to rely on Release 5.1 of Vistaprint.com as an anticipatory reference to invalidate the '149

---

[1] (Dkt. 269 at 1-2).
[2] The Court's order suggests that, regardless of its determination regarding anticipation, Release 5.1 of Vistaprint.com may be used as a prior art reference for obviousness under 35 U.S.C. § 103. However, Vistaprint's expert, David Zwang, never opined that Release 5.1 renders the asserted claims obvious, either alone or in combination with other prior art. (*See* Dkt. 137, Kimble Decl. at ¶ 9, Ex. F (Zwang Invalidity Report at 31-84). Thus, any testimony by Mr. Zwang regarding Vistaprint.com as rendering the asserted claims obvious is precluded under the parties' stipulated motions *in limine*. (Dkt. 182 at 2).
[3] (Dkt. 202 at 8-9).
[4] (*Id.* at 8).
[5] (*Id.* at 9).
[6] ColorQuick filed objections to the Court's report and recommendation, which were subsequently overruled by the district court. (Dkt. 250 at 1-2).

---

patent.[7] In response, the Court raised the following issue:

> Since the Court is granting summary judgment as to literal infringement as to the accused system, and your contention is that 5.1 is the same as the accused system that just came earlier, then how can it anticipate the claim?
>
> In other words, I don't see that there's any literal anticipation, just there's no literal infringement. So it seems like your argument is, as to 5.1, that the allegation they're now making as an equivalent ensnares 5.1.[8]

Thus, the Court expressed concern regarding Vistaprint's inconsistent positions regarding non-infringement and invalidity based on different versions of Vistaprint.com. As the Court later explained:

> Well, the element that I found to be met only possibly by the Doctrine of Equivalents is not in the prior art, 5.1. . . . I said you have to have the same file, the same PDL file. I said that's not literally in what's accused. . . .
>
> There's an equivalent that they're alleging meets that element. Now, if the prior art is the same -- as you've already told me -- as the accused system, then that element can't be in there literally. In other words, you don't have the same file. . . . [B]ut I don't know that that's an anticipating reference. If it doesn't literally infringe, I don't know how it anticipates.

Subsequently, the Court ordered the parties to submit briefing on the issue.[9]

## II. ARGUMENTS AND AUTHORITIES

### A. Legal Standards.

It is well settled that "[a]nticipation . . . requires identity of invention: the claimed invention must be the same as that of the reference, in order to anticipate."[10] The "classic test" for anticipation is "[t]hat which would *literally* infringe if later in time anticipates if earlier than the date of invention."[11] In other words, just like literal infringement, anticipation requires the accused infringer to show that each step of the asserted claim is **literally** present in a single prior

---

[7] (Tr. of Trial, June 13, 2011, at 32-33).
[8] (*Id.* at 34).
[9] (Dkt. 269).
[10] *Glaverbel Societe Anonyme v. Northlake Mktg. & Supply, Inc.*, 45 F.3d 1550, 1554 (Fed. Cir. 1995).
[11] *Lewmar Marine, Inc. v. Barient, Inc.*, 827 F.2d 744, 747 (Fed. Cir. 1987) (emphasis in original).

art reference.[12] Indeed, the Federal Circuit has rejected any notion of anticipation by equivalents:[13] "All infringements of a device do not 'anticipate' in this sense. Some may be infringements under the doctrine of equivalents which, if one wished to draw a parallel, is somewhat akin to obviousness."[14] For anticipation, "[t]here must be **no difference** between the claimed invention and the reference disclosure, as viewed by a person of ordinary skill in the field of the invention."[15] "The corollary of th[e] rule is that absence from [a prior art] reference of any claimed element negates anticipation."[16]

**B.     Release 5.1 of Vistaprint.com Cannot Anticipate Because It Lacks a Required Element of the Asserted Claims.**

Here, the Court determined that the accused instrumentality, Vistaprint.com, does not literally infringe the asserted claims because it does not perform step (c). Rather than revising the PDL image file used to generate the still image proxy as required by step (c), the Court concluded that Vistaprint.com "creates a *new* PDL image file that incorporates the manipulations made to the image display of the still image proxy." Thus, under the Court's ruling, *step (c) is*

---

[12] *See Silicon Graphics, Inc. v. ATI Techs., Inc.*, 607 F.3d 784, 796 (Fed. Cir. 2010) ("To show that a patent claim is invalid as anticipated, the accused infringer must show by clear and convincing evidence that a single prior art reference discloses each and every element of a claimed invention."); *Zenith Elecs. Corp. v. PDI Commc'n Sys., Inc.*, 522 F.3d 1348, 1363 (Fed. Cir. 2008) ("Anticipation requires a showing that each element of the claim at issue, properly construed, is found in a single prior art reference."); *Richardson v. Suzuki Motor Co., Ltd.*, 868 F.2d 1226, 1236 (Fed. Cir. 1989) ("The district court correctly instructed the jury that an invention is anticipated if the same device, including all the claim limitations, is shown in a single prior art reference. Every element of the claimed invention must be literally present, arranged as in the claim."); *Lewmar Marine*, 827 F.2d at 747 ("Anticipation under 35 U.S.C. § 102 requires the presence in a single prior art disclosure of each and every element of a claimed invention.").

[13] *See Richardson*, 868 F.2d at 1236 ("The jury had erroneously been instructed that anticipation may be shown by equivalents, a legal theory that is pertinent to obviousness under Section 103, not to anticipation under Section 102."); *Lewmar Marine*, 827 F.2d at 747-48; *Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1548 (Fed. Cir. 1983) ("The opinion says anticipation may be shown by less than 'complete anticipation' if one of ordinary skill may in reliance on the prior art 'complete the work required for the invention', and that 'it is sufficient for an anticipation 'if the general aspects are the same and the differences in minor matters is only such as would suggest itself to one of ordinary skill in the art.' Those statements relate to obviousness, not anticipation.").

[14] *Lewmar Marine*, 827 F.2d at 748 (emphasis added).

[15] *Scripps Clinic & Research Found. v. Genentech, Inc.*, 927 F.2d 1565, 1576 (Fed. Cir. 1991) (emphasis added), *overruled on other grounds by Abbott Labs. v. Sandoz, Inc.*, 566 F.3d 1282 (Fed. Cir. 2009) (en banc).

[16] *Kloster Speedsteel AB v. Cruicible Inc.*, 793 F.2d 1565, 1571 (Fed. Cir. 1986), *overruled on other grounds by Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337 (Fed. Cir. 2004) (en banc).

*absent from Vistaprint.com*.

Despite this fact, Vistaprint nevertheless intends to argue that the prior versions of Vistaprint.com, including Release 5.1, perform the same as the instrumentality accused of infringement (i.e., Vistaprint.com as of January 2005). Vistaprint's counsel made this abundantly clear at the hearing:

> THE COURT: Okay. Hold on.
>
> There's an equivalent that they're alleging meets that element. Now, if the prior art is the same -- as you've already told me -- as the accused system, then that element can't be in there literally. In other words, you don't have the same file.
>
> MR. CAMPBELL: That's right.[17]

Thus, under Vistaprint's own invalidity theory, Release 5.1 of Vistaprint.com *cannot literally practice step (c) of the asserted claims*.[18] Vistaprint should not be permitted to twist its interpretation of the asserted claims, like a "nose of wax," to avoid infringement, but find anticipation.[19] Accordingly, Release 5.1 is not an anticipatory reference because it does not perform this required element of the asserted claims.[20]

---

[17] (Tr. of Trial, June 13, 2011, at 36).
[18] *See Silicon Graphics*, 607 F.3d at 798 ("There was sufficient evidence to support a conclusion here that Lucas does not disclose the 'operating directly on the data in the floating point format' method step of claims 17 and 18 because the floating point values in Lucas are converted to integer (fixed point) values before they are stored in a frame buffer."); *Zenith Elecs.*, 522 F.3d at 1363-64 (vacating a district court's finding of anticipation because there was no evidence that "the final two limitations of claim 1 are anticipated by the J20525 television."); *Glaverbel Societe Anonyme*, 45 F.3d at 1555 (holding that alleged prior did not anticipate the asserted claims because they described "heating the refractory material with a flame and using the flame to project the material against the wall, whereas the '560 and '022 patents require an exothermic reaction wherein oxidation or burning occurs at the surface of the wall"); *Lewmar Marine*, 827 F.2d at 750 ("When claims 1 and 2 are properly interpreted, the American Eagle winch does not anticipate because shifting does not occur *only* upon crank reversal."); *Kloster Speedsteel*, 793 F.2d at 1571-72 (holding that the accused infringer failed to establish anticipation because the nothing in the alleged prior art disclosed "the actual size of the carbides" and other necessary elements including "chemical inhomogeneity [and] inability to achieve full density without sacrificing fine carbide size").
[19] *See Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001) ("A patent may not, like a 'nose of wax,' be twisted one way to avoid anticipation and another to find infringement.").
[20] ColorQuick does not concede, as Vistaprint contends, that Release 5.1 of Vistaprint.com functions the same as the accused instrumentality in any respect. Instead, ColorQuick maintains that Release 5.1 does not perform step (c).

## C. Vistaprint Cannot Argue "Anticipation by Equivalents" or Establish Inherency.

As noted above, the Federal Circuit has rejected any notion of "anticipation by equivalents."[21] Thus, Vistaprint cannot avoid the strict identity requirement for proving anticipation by simply arguing that there is an insubstantial difference between the alleged capabilities of Release 5.1 of Vistaprint.com and step (c) of the asserted claims. Equivalents is irrelevant for the purposes of proving anticipation under § 102.

Nor can Vistaprint show that Release 5.1 anticipates because it "inherently" discloses step (c) of the asserted claims. To establish inherency, the extrinsic evidence must make clear that the missing descriptive matter is ***necessarily present*** in the thing described in the reference, and that it would be so recognized by a person of ordinary skill in the field of the invention.[22] However, as Mr. Zwang made clear in his expert rebuttal report on infringement, Vistaprint.com allegedly "only creates new documents—it does not 'revise' individual document objects (including high-resolution PDFs of uploaded images)."[23] Indeed, he opined that "the 'high-resolution PDF' file is never revised at all."[24] Thus, there can be no dispute that Release 5.1 fails to disclose, inherently or expressly, step (c) of the asserted claims.[25]

## III. CONCLUSION

For the foregoing reasons, ColorQuick respectfully requests that the Court exclude Release 5.1 of Vistaprint.com as an anticipatory reference under § 102.

---

[21] *See, e.g., Richardson*, 868 F.2d at 1236.
[22] *See In re Robertson*, 169 F.3d 743, 745 (Fed. Cir. 1999).
[23] (Dkt. 137, Kimble Decl. at ¶ 10, Ex. G (Zwang Rebuttal Report on Infringement at ¶ 86)).
[24] (*Id.* at ¶ 87; *see also id.* at ¶ 88 ("[O]nce the PAPICS system creates a print-quality version of a customer upload in PDF format, that file is never written to by Vistaprint[.com].").
[25] *See Robertson*, 169 F.3d at 745 (reversing the Board's finding of anticipation based on inherency because there was no evidence that the prior art necessarily disclosed the missing limitation of the asserted claims).

Dated: June 19, 2011                    Respectfully submitted,

                                        /s/ Justin B. Kimble
                                        Michael W. Shore
                                        State Bar No. 18294915
                                        Alfonso Garcia Chan
                                        State Bar No. 24012408
                                        Patrick J. Conroy
                                        State Bar No. 24012448
                                        Justin B. Kimble
                                        State Bar No. 24036909
                                        Derek N. Johnson
                                        State Bar No. 24060027
                                        Timothy T. Wang
                                        State Bar No. 24067927
                                        Daniel F. Olejko
                                        PA Bar No. 205512

                                        **SHORE CHAN BRAGALONE DEPUMPO LLP**
                                        901 Main Street, Suite 3300
                                        Dallas, Texas 75202
                                        (214) 593-9110 Telephone
                                        (214) 593-9111 Facsimile

                                        ATTORNEYS FOR PLAINTIFF
                                        COLORQUICK, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed **PLAINTIFF COLORQUICK L.L.C.'S TRIAL BRIEF IN SUPPORT OF EXCLUDING RELEASE 5.1 OF VISTAPRINT.COM AS AN ANTICIPATORY REFERENCE** with the clerk of court for the United States District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

June 19, 2011                           /s/ Justin B. Kimble
Date                                    Justin B. Kimble