**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| COLORQUICK, L.L.C., § <br> § <br> *Plaintiff,* § <br> § No. 6:09-CV-323 <br> v. § <br> § JURY DEMANDED <br> VISTAPRINT LIMITED, and § <br> OFFICEMAX INCORPORATED, § <br> § <br> *Defendants.* § | |

**COLORQUICK, L.L.C.'S EMERGENCY MOTION *IN LIMINE* TO EXCLUDE ANY EVIDENCE, TESTIMONY, OR REFERENCE TO RELEASE 5.1 OF VISTAPRINT.COM AS AN OBVIOUSNESS REFERENCE**

Patrick J. Conroy
State Bar No. 24012448
Justin B. Kimble
State Bar No. 24036909
Derek N. Johnson
State Bar No. 24060027
Timothy T. Wang
State Bar No. 24067927
Daniel F. Olejko
PA Bar No. 205512

**SHORE CHAN BRAGALONE
DEPUMPO LLP**
901 Main Street, Suite 3300
Dallas, Texas 75202
(214) 593-9110 Telephone
(214) 593-9111 Facsimile

ATTORNEYS FOR PLAINTIFF
COLORQUICK, L.L.C.

ColorQuick, L.L.C. ("ColorQuick") respectfully submits this emergency motion *in limine* and requests that the Court exclude any evidence, testimony, or reference to Release 5.1 of Vistaprint.com as an obviousness reference under 35 U.S.C. § 103. Vistaprint Limited ("Vistaprint") has now finally conceded that Release 5.1 of Vistaprint.com cannot anticipate the asserted claims of the '149 patent. Nevertheless, when asked by ColorQuick during the parties' meet and confer today (the Sunday before trial), whether Vistaprint would agree that Release 5.1 (and any other reference to Vistaprint.com) was no longer relevant to the validity case, Vistaprint's counsel maintained that it was a viable single-source § 103 reference. It never ends, apparently. Indeed, when asked for the basis of that assertion, Vistaprint could not point to any portion of its expert's report that disclosed this invalidity theory. All Vistaprint's counsel could muster is a meritless argument that Release 5.1 as a single-source obviousness reference is somehow self-evident from its expert report. On the contrary, and what is clear from a review of Vistaprint's expert report, Vistaprint's expert failed to opine that Release 5.1 is anything more than an anticipatory reference under 35 U.S.C. § 102. Accordingly, the Court should exclude any evidence, testimony, or reference Release 5.1 as an obviousness reference under FED. R. CIV. P. 37(c)(1), as violative of the parties' Agreed Motions in Limine Nos. 2 and 9,[1] and this Court's local rules related to expert disclosures and preliminary invalidity contentions.

## I.  BACKGROUND

Vistaprint's expert, David Zwang, served his expert report on the invalidity of the '149 patent on December 11, 2010.[2] Mr. Zwang specifically opined that Release 5.1 of Vistaprint.com was an anticipatory reference: "It is my opinion that the Vistaprint.com system, as of at least

---

[1] (Dkt. No. 182).
[2] (Dkt. 137, Kimble Decl. at ¶ 9, Ex. F (Zwang Invalidity Report)).

February 2001, practiced each and every limitation of the asserted claims of the '149 patent."[3] Significantly, Mr. Zwang did not, as he did with numerous other references, opine that Release 5.1 "renders all asserted claims of the '149 patent . . . invalid for obviousness."[4] Even in the 259 pages of charts attached to Mr. Zwang's report in Appendix C, which Vistaprint purportedly contends that it can rely upon at trial,[5] Mr. Zwang never mentions Vistaprint.com as a single-source obviousness reference.[6] Vistaprint's newly-minted claim is found nowhere in its invalidity contentions or in its expert reports.

Prior to trial, the parties submitted a Joint Stipulation Relating to the Presentation of Evidence and Argument at Trial, agreeing to numerous "stipulations relating to the presentation of evidence and argument at trial."[7] Therein, the parties specifically "agreed that the testimony of experts shall be limited to the factual and legal bases identified in their respective expert reports."[8] Based on this stipulation, ColorQuick later withdrew its motion *in limine* to exclude any evidence, testimony, or reference related to prior art references or theories not specifically opined upon by David Zwang and W. Christopher Bakewell.[9]

On June 13, 2011, the first day of trial, counsel for Vistaprint confirmed that it intended to rely on Release 5.1 of Vistaprint.com as an anticipatory reference to invalidate the '149 patent.[10] However, the Court expressed concern regarding Vistaprint's inconsistent positions

---

[3] (*See id.* at ¶ 116).
[4] (*See, e.g.*, *id.* at ¶ 414).
[5] As discussed in ColorQuick's emergency motion for clarification, Vistaprint's attempt to rely on Appendix C in support of its invalidity defense violates the parties' stipulated motions *in limine*, Vistaprint's prior representations to the Court, and the expert disclosure requirements of FED. R. CIV. P. 26(a)(2). (Dkt. 273 at 3-4). Nevertheless, *even under* Vistaprint's tortured interpretation where their expert can opine on anything disclosed in the 259 pages of charts attached to their expert's report, there is no reference to Release 5.1 of Vistaprint.com as a single source § 103 reference.
[6] (*See generally id.*, Kimble Decl. at ¶ 2, Ex. A (Appendix C to Zwang's Invalidity Report)).
[7] (Dkt. 182 at 1).
[8] (*Id.* at 2).
[9] (Dkt. 207 at 1).
[10] (Tr. of Trial, June 13, 2011, at 32-33).

---

**COLORQUICK'S EMERGENCY MOTION *IN LIMINE* TO EXCLUDE ANY EVIDENCE, TESTIMONY, OR REFERENCE TO RELEASE 5.1 OF VISTAPRINT.COM AS AN OBVIOUSNESS REFERENCE**     Page 2

regarding non-infringement and anticipation based on different versions of Vistaprint.com.[11] In response, Vistaprint's counsel never argued that it was entitled to rely on Release 5.1 as a reference for obviousness under § 103, but instead maintained that it was "entitled to rely on [Release 5.1] both for purposes of invalidity under 102, as well as to show that's a limitation on the Doctrine of Equivalents."[12]

Subsequently, the Court ordered briefing on the issue.[13] In response, Vistaprint for the first time *conceded* that Release 5.1 cannot anticipate the asserted claims.[14] Nevertheless, Vistaprint also surprisingly asserted that it "will present Release 5.1 as part of an obviousness inquiry before the jury,"[15] despite the fact that Mr. Zwang has never opined on Release 5.1 as a reference for obviousness purposes, either alone or in combination with other prior art. During the parties' meet-and-confer regarding the instant motion, Vistaprint clarified that it intends to rely on Release 5.1 as a single-source obviousness reference.

## II.   ARGUMENTS AND AUTHORITIES

### A.   Legal Standards.

"A party's right to present evidence is not unlimited, and does not trump all other considerations."[16] Expert reports must include a complete statement of the expert's opinions, the basis and reasons for them, and any data or other data or other information considered when forming them.[17] Rule 26(a)(2) "imposes [a] . . . duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to

---

[11] (*Id.* at 34).
[12] (*Id.* at 37).
[13] (Dkt. 269).
[14] (Dkt. 277 at 1-2).
[15] (*Id.*).
[16] *E.E.O.C. v. Big Lots Stores, Inc.*, Civil Action No. 9:08-CV-177, 2009 WL 3617603, at *2 (E.D. Tex. Oct. 29, 2009).
[17] FED. R. CIV. P. 26(a)(2).

**COLORQUICK'S EMERGENCY MOTION *IN LIMINE* TO EXCLUDE ANY EVIDENCE,            Page 3
TESTIMONY, OR REFERENCE TO RELEASE 5.1 OF VISTAPRINT.COM AS AN
OBVIOUSNESS REFERENCE**

prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses."[18] "[I]f a party's expert witness . . . report is not 'a complete statement of all opinions to be expressed' that party has violated Rule 26.'"[19]

Expert opinions not properly disclosed under Rule 26(a)(2) are excludable at trial "unless the failure was substantially justified or is harmless."[20] Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness.[21] The Court should consider four factors in determining whether to exclude an undisclosed expert opinion under Rule 37(c): (1) Vistaprint's explanation for its failure to disclose the expert's opinion, (2) the importance of the expert's opinion, (3) the potential prejudice to ColorQuick in allowing the expert opinion, and (4) the availability of a continuance.[22]

**B.   The Court Should Exclude Any Testimony, Evidence, Reference to Release 5.1 of Vistaprint.com as an Obviousness Reference Under 35 U.S.C. § 103.**

Here, the parties stipulated "that the testimony of experts shall be limited to the factual and legal bases identified in their respective expert reports."[23] Thinking this would preclude Vistaprint from relying on invalidity theories not expressly disclosed in Mr. Zwang's report, ColorQuick withdrew its motion *in limine* that specifically sought to limit Mr. Zwang's testimony to the opinions expressed in his report.[24] Now that Vistaprint has finally admitted defeat and conceded that Release 5.1 cannot anticipate the asserted claims, it improperly seeks to shift its theory from one of anticipation to obviousness at the eleventh-and-a-half hour—on the

---

[18] FED. R. CIV. P. 26, advisory committee's notes (1993).
[19] *Current v. Atochem N. Am., Inc.*, Civil Action No. W-00-CA-332, 2001 WL 36101282, at *2 (W.D. Tex. Sept. 18, 2001).
[20] FED. R. CIV. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . ., the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless.").
[21] *Current*, 2001 WL 36101282, at *2.
[22] *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009).
[23] (Dkt. 182 at 2).
[24] (*See* Dkt. 207 at 1).

eve of ColorQuick's case-in-chief.

But, Mr. Zwang never previously opined that Release 5.1 renders obvious the asserted claims under 35 U.S.C. § 103, either as a single source or in combination with other prior art. Indeed, Mr. Zwang opined on Vistaprint.com solely as an anticipatory reference.[25] He did so, while at the same time, specifically opining that numerous other references rendered the asserted claims "obvious" as a single source, such as U.S. Patent No. 6,522,418, or as combinations, including U.S. Patent No. 6,717,686 in combination with U.S. Patent Application Publication 2003/0140315 and U.S. Patent No. 6,650,433 in combination with U.S. Patent Application Publication 2003/0140315.[26]

Vistaprint provides no explanation for its failure to have Mr. Zwang opine on Release 5.1 as an obviousness reference. Instead, Vistaprint apparently believes that it may raise any invalidity theory regarding any reference mentioned, even indirectly in a passing reference, in Mr. Zwang's expert report. However, the Federal Rules of Civil Procedure and the Court's local rules "have teeth."[27] They do not place "form over substance" as suggested by Vistaprint's counsel at trial,[28] but instead "put structure to litigation that otherwise would be unmanageable."[29] Here, ColorQuick cannot reasonably be expected to prepare its own expert, Dr. Ping Wong, to testify on theories of invalidity never opined by Mr. Zwang, nor can it be expected to effectively cross-examine Mr. Zwang on such theories. ColorQuick was entitled to rely on the opinions specifically presented in Mr. Zwang's report, as well as the representations of Vistaprint's counsel, in preparing its case.

While the exclusion of Release 5.1 of Vistaprint.com as an obviousness reference would

---

[25] (Dkt. 137, Kimble Decl. at ¶ 9, Ex. F (Zwang's Invalidity Report at 31-84)).
[26] (*Id.* at 150-244).
[27] *Intergraph Corp. v. Intel Corp.*, No. 2:01-CV-160 (TJW), 2002 WL 34534505, at *2 (E.D. Tex. June 18, 2002).
[28] (Tr. of Trial, June 13, 2011, at 23).
[29] *Intergraph*, 2002 WL 34534505, at *2.

certainly be important to ColorQuick, it carries less significance to Vistaprint since Mr. Zwang asserts that at least three other theories render the asserted claims obvious. If Vistaprint thought this new theory was important, it would have asked Mr. Zwang to opine on it in his expert report. At the very least, Vistaprint likely would have raised the issue at trial when confronted by the Court regarding its inconsistent anticipation and non-infringement arguments. Instead, it continued to insist, consistent with Mr. Zwang's report, that Release 5.1 was an anticipatory reference until realizing its mistake. Unfortunately for Vistaprint, it is simply too late in the game to fix.[30]

### III.   CONCLUSION

For the foregoing reasons, ColorQuick respectfully requests that the Court exclude any evidence, testimony, or reference to Release 5.1 of Vistaprint.com as an obviousness reference.

---

[30] *See CQ*, 565 F.3d at 280 (affirming a district court's decision to exclude previously undisclosed evidence, not essential to recovery, given the advanced stage of the litigation); *Air Turbine Tech.*, 410 F.3d at 713 (affirming a district court's decision to exclude expert testimony that exceeded the scope of his expert report); *Sensormatic Elecs. Corp. v. WG Sec. Prods., Inc.*, NO. CIV.A. 2:04-CV-167, 2006 WL 5111113, at *1 (E.D. Tex. June 5, 2006) (granting motion *in limine* to limit the expert testimony at trial to [the] expert reports, the opinions in them, and the evidence cited in the reports supporting those opinions).

Dated: June 19, 2011 　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*/s/ Justin B. Kimble*
　　　　　　　　　　　　　　　　　　　Patrick J. Conroy
　　　　　　　　　　　　　　　　　　　State Bar No. 24012448
　　　　　　　　　　　　　　　　　　　Justin B. Kimble
　　　　　　　　　　　　　　　　　　　State Bar No. 24036909
　　　　　　　　　　　　　　　　　　　Derek N. Johnson
　　　　　　　　　　　　　　　　　　　State Bar No. 24060027
　　　　　　　　　　　　　　　　　　　Timothy T. Wang
　　　　　　　　　　　　　　　　　　　State Bar No. 24067927
　　　　　　　　　　　　　　　　　　　Daniel F. Olejko
　　　　　　　　　　　　　　　　　　　State Bar No. 205512
　　　　　　　　　　　　　　　　　　　**SHORE CHAN BRAGALONE**
　　　　　　　　　　　　　　　　　　　**DEPUMPO LLP**
　　　　　　　　　　　　　　　　　　　901 Main Street, Suite 3300
　　　　　　　　　　　　　　　　　　　Dallas, Texas 75202
　　　　　　　　　　　　　　　　　　　(214) 593-9110 Telephone
　　　　　　　　　　　　　　　　　　　(214) 593-9111 Facsimile

　　　　　　　　　　　　　　　　　　　ATTORNEYS FOR PLAINTIFF
　　　　　　　　　　　　　　　　　　　COLORQUICK, L.L.C.

## CERTIFICATE OF CONFERENCE

　　　I certify that I conferred with counsel for Defendant on June 19, 2011, via telephone, with counsel for Defendant, about the contents of this motion, and that counsel indicated that Defendant opposed the relief set forth herein.

　　　　　　　　　　　　　　　　　　　*/s/ Justin B. Kimble*

## CERTIFICATE OF SERVICE

　　　I hereby certify that on this date I electronically filed **COLORQUICK'S EMERGENCY MOTION *IN LIMINE* TO EXCLUDE ANY EVIDENCE, TESTIMONY, OR REFERENCE TO RELEASE 5.1 OF VISTAPRINT.COM AS AN OBVIOUSNESS REFERENCE** with the clerk of court for the United States District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

June 19, 2011　　　　　　　　　　　　*/s/ Justin B. Kimble*
Date　　　　　　　　　　　　　　　　Justin B. Kimble