**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| ColorQuick, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> Vistaprint Limited, and OfficeMax Incorporated, <br><br> Defendants. | Civil Action No. 6:09-cv-323-LED |

**DEFENDANT VISTAPRINT LIMITED'S OPPOSITION TO COLORQUICK L.L.C.'S EMERGENCY MOTION *IN LIMINE* TO EXCLUDE ANY EVIDENCE, TESTIMONY, OR REFERENCE TO RELEASE 5.1 OF VISTAPRINT.COM AS AN OBVIOUSNESS REFERENCE**

ColorQuick's fourth emergency motion[1] is another iteration of ColorQuick's preferred litigation tactic: advancing a improperly severe reading of Rule 37 to seek exclusion of Vistaprint's defenses, one after the other, even in the absence of prejudice. There is no basis to exclude Vistaprint's obviousness defense with respect to Vistaprint.com Release 5.1.

Vistaprint explicitly disclosed Vistaprint.com as an obviousness reference in its 3-3 invalidity contentions, and David Zwang's opinion on anticipation necessary entailed an opinion on obviousness: after all, "anticipation is the epitome of obviousness." *Johns Hopkins Univ. v. CellPro, Inc.*, 152 F.3d 1342, 1357 n.21 (Fed. Cir. 1998). Indeed, ColorQuick's technical expert Ping Wah Wong acknowledged that Zwang opined on obviousness, and offered his own opinions as to obviousness rebutting Zwang's opinions. And, the Court has already held that its exclusion

---

[1] ColorQuick, L.L.C.'s Emergency Motion *in Limine* to Exclude Any Evidence, Testimony, or Reference to Release 5.1 of Vistaprint.com as an Obviousness Reference (Dkt. 280).

of Vistaprint.com Release 5.1 as an anticipatory reference "would not bar Vistaprint from presenting Release 5.1 as part of an obviousness inquiry." June 16, 2011 Order (Dkt. 269).

ColorQuick's motion also improperly conflates exclusion of Zwang's testimony with exclusion of Vistaprint's obviousness theory in its entirety. Even apart from Zwang's testimony, there will be sufficient evidence from fact witnesses and ColorQuick's own expert to support a finding of obviousness. Expert reports limit the scope of experts' testimony; they do not limit a party's entire case. ColorQuick's Emergency Motion should be denied.

I.  ARGUMENT

    A.    **Vistaprint Identified Vistaprint.com as an Obviousness Reference in Its Invalidity Contentions**

ColorQuick uses its latest "emergency" motion to ***again*** litigate the sufficiency of Vistaprint's P.R. 3-3 invalidity contentions.[2] ColorQuick has apparently filed so many motions on this issue that it has lost track of its position as to Vistaprint's invalidity contentions. Though ColorQuick now argues that the contentions failed to disclose Vistaprint.com as an obviousness reference, it stated in a prior motion that the very same contentions disclosed Vistaprint.com ***only*** as an obviousness reference. (*See* Plaintiff ColorQuick, LLC's Motion to Strike, in Part, the Opinions of David L. Zwang (Dkt. 137) at 3-4 ("Defendants' contention as to the Vistaprint.com system is, apparently, merely an obviousness contention.").)

Vistaprint clearly identified Vistaprint.com as an obviousness reference in its P.R. 3-3 invalidity contentions. (*See* Defendants' Joint P.R. 3-3 Invalidity Contentions (Dkt. 242-2) at 7-

---

[2] This issue has been extensively and repeatedly briefed by ColorQuick, and the Court has rejected ColorQuick's arguments each time. (*See* Plaintiff ColorQuick, LLC's Motion to Strike, in Part, the Opinions of David L. Zwang on the Purported Invalidity of U.S. Patent No. 6,839,149 (Dkt. 137) at 3-4; Order (Dkt. 194) (denying Motion to Strike); Plaintiff ColorQuick L.L.C.'s Motion for Partial Summary Judgment on Defendant's Vistaprint.com Invalidity Defense and Brief in Support (Dkt. 140) at 13; Report and Recommendation (Dkt. 196) (recommending denying Motion for Partial Summary Judgment); Plaintiff ColorQuick's Omnibus Motions in Limine (Dkt. 192) at 6-7; Order (Dkt. 207) (denying ColorQuick's Motion in Limine No. 2); ColorQuick's Reply in Support of Emergency Motion to Strike Vistaprint's 282 Statement (Dkt. 233); Order (Dkt. 262) (denying ColorQuick's request to strike prior art references and witnesses).)

8 (citing Vistaprint.com as a "product[] or method[] used and sold prior to the priority date of the '149 patent" that "invalidate[d] the asserted claims under 35 U.S.C. § 102 *and 103*" (emphasis added)); Defendants' Joint P.R. 3-3 Invalidity Contentions, App'x A (Dkt. 137) at 1 ("Vistaprint.com, first publicly available and in use on or about April 2000, anticipates *and/or renders obvious, alone or in combination with other prior art*" (emphasis added)).)

Because Vistaprint unambiguously disclosed Vistaprint.com in its invalidity contentions, the parties' Agreed Motion in Limine No. 2 (which precludes reference to invalidity theories that were not properly disclosed), (*see* Dkt. 182 at ¶ 2), is not implicated.

### B. Zwang Offered an Opinion on Obviousness in His Expert Report

In his expert report, David Zwang offered a detailed analysis of how Release 5.1 anticipates the '149 patent. (*See* Zwang Expert Report (Dkt 137) at 31-84.) "[A] disclosure that anticipates under § 102 also renders the claim invalid under § 103, for 'anticipation is the epitome of obviousness.'" *Johns Hopkins Univ.*, 152 F.3d at 1357 n.21 (quoting *Connell v. Sears, Roebuck & Co.,* 722 F.2d 1542, 1548 (Fed. Cir. 1983)). Zwang's opinion that Release 5.1 renders obvious the '149 patent was therefore necessarily subsumed in his opinion that Release 5.1 anticipated the '149 patent, even absent explicit reference to obviousness. Even ColorQuick's *own expert* appreciated that Zwang opined on obviousness in his report. (*See* Declaration of Brian P. Wikner in Support of Defendant Vistaprint Limited's Opposition to ColorQuick L.L.C.'s Emergency Motion *in Limine* to Exclude any Evidence, Testimony, or Reference to Release 5.1 of Vistaprint.com as an Obviousness Reference ("Wikner Decl."), Ex. A (Wong Rebuttal Report) at ¶ 50 ("I disagree with Mr. Zwang's opinion that Vistaprint.com anticipates or renders obvious the asserted claims of the '149 patent.").) Indeed, Wong offered his *own* opinion on why the '149 patent was not obvious to rebut Zwang. (*See id.* at 16-21.)

### C. In the Alternative, Zwang Should Not Be Precluded from Testifying as to Obviousness, Because Any Failure to Disclose Was Harmless

Even if the Court finds that Zwang did not opine on obviousness in his report, the Court should not preclude Zwang from opining on obviousness at trial, because the absence of explicit reference to obviousness was harmless. *See* Fed. R. Civ. P. 37(c)(1). All four factors used by courts to evaluate harmlessness favor Vistaprint. *See CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268, 280 (5th Cir. 2009).

First, Zwang did not explicitly refer to obviousness in his report because his opinion on obviousness was subsumed in his opinion on anticipation. Because ColorQuick had accused the prior art of infringement, the '149 patent was anticipated as a matter of law. *See Evans Cooling Sys., Inc. v. Gen. Motors Corp.*, 125 F.3d 1448, 1451 (Fed. Cir. 1997); *Vanmoor v. Wal-Mart Stores, Inc.*, 201 F.3d 1363, 1366 (Fed. Cir. 2000). Only after the Court's grant of summary judgment for Vistaprint on ColorQuick's literal infringement theory did it become clear that Vistaprint would be compelled to resort to obviousness analysis. This is a simple case of changed circumstances; equity dictates that Zwang not be held to an unnecessarily strict reading of his report. The Court acknowledged this in its June 16, 2011 Order (Dkt. 269), in which it held that its exclusion of Vistaprint.com Release 5.1 as an anticipatory reference "would not bar Vistaprint from presenting Release 5.1 as part of an obviousness inquiry."

Second, use of Release 5.1 as an obviousness reference is important to Vistaprint's defense. Release 5.1 is ***the most central*** prior art reference in this case, because it illustrates the symmetry between Vistaprint's invalidity argument as to the prior art version of Vistaprint.com and ColorQuick's infringement argument as to the current version. Release 5.1 will also be the most understandable prior art reference for the jury, because it operates identically to the accused system, which will be discussed at length by both parties. Release 5.1 has also already been

4

raised before the jury in open court without objection. *See, e.g.*, Wikner Decl., Ex. B, Trial Tr. at 71:2-14, June 20, 2011 (morning session).

Third, there is no prejudice because ColorQuick has long known that Vistaprint contended that Vistaprint.com is an obviousness reference, and because Wong has already responded to Zwang's opinion that Release 5.1 renders obvious the '149 patent. (*See* Wikner Decl., Ex. A (Wong Rebuttal Report) at 16-21 (an entire section entitled "Vistaprint.com and its Related References Do Not Anticipate *or Render Obvious* the Asserted Claims of the '149 Patent" (emphasis added) which repeatedly discusses obviousness).[3])

Finally, a continuance will not be necessary because Wong has already opined on obviousness. But if the Court were to grant a continuance, it would cure any possible prejudice to ColorQuick.

### D. Even if Zwang Is Precluded from Testifying, the Court Should Not Preclude Argument and Testimony by Other Witnesses as to Obviousness

#### 1. ColorQuick's Proposed Application of Rule 37 Is Improper

ColorQuick attempts to stretch Rule 37(c)(1) beyond its permissible application and limit Vistaprint's entire case based on Vistaprint's expert disclosures. Granting ColorQuick's motion to exclude "any evidence, testimony, or reference to Release 5.1 of Vistaprint.com as an obviousness reference" would improperly exclude *testimony and evidence generally* about such prior art references or theories, rather than excluding *expert testimony* about such prior art

---

[3] Wong's opinions on the obviousness of Vistaprint.com Release 5.1 include the following:
- "On the basis of my review of Mr. Zwang's report, it is my opinion that Vistaprint.com in February 2001 ('Vistaprint.com') does not raise a genuine issue as to whether the asserted claims of the '149 patent are anticipated *or rendered obvious*." Wikner Decl., Ex. A (Wong Rebuttal Report) at ¶ 42.
- " Mr. Zwang did not specify the legal ground under which he concluded that Vistaprint.com anticipates *or render obvious* [sic] the '149 patent claims." *Id.* ¶ 43.
- "I disagree with Mr. Zwang's opinion that Vistaprint.com anticipates *or renders obvious* the asserted claims of the '149 patent." *Id.* ¶ 50.
- "[I]t is my opinion that the 2001 Vistaprint.com does not constitute a public use or knowledge that anticipates or renders obvious the asserted claims of the '149 patent." *Id.* ¶ 53.

5

references or theories. Such a result is contrary to the Federal Rules of Civil Procedure and to common sense.

Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In this context, "that information or witness" clearly refers to the expert's testimony on undisclosed topics. ColorQuick cites to no case in which a court excluded general discussion of a theory simply because it was not disclosed in an expert report, and Vistaprint's counsel was unable to locate any such cases. On the contrary, all available Eastern District of Texas decisions about expert witnesses and Rule 37(c)(1) relate to the proposed or actual exclusion of an expert report or expert testimony itself. *See, e.g.*, *Creative Internet Adver. Corp. v. Yahoo! Inc.*, Civ. A. No. 6:07cv354, 2009 WL 2382136, at *10 (E.D. Tex. July 30, 2009); *Avance v. Kerr-McGee Chem. LLC*, No. 5:04CV209, 2006 WL 3912472, at *2 (E.D. Tex. Dec. 4, 2006). ColorQuick's brazenness is apparently without parallel in the caselaw.

### 2. Sufficient Evidence Exists to Find Obviousness, Even Without Zwang's Testimony

Expert testimony is not required for a jury finding of obviousness. *See Perfect Web Techs., Inc. v. InfoUSA, Inc.*, 587 F.3d 1324, 1329 (Fed. Cir. 2009) ("[W]hile an analysis of obviousness always depends on evidence that supports the required *Graham* factual findings, it also may include recourse to logic, judgment, and common sense available to the person of ordinary skill that do not necessarily require explication in any reference or expert opinion."); *Fiber Sys. Int'l, Inc. v. Applied Optical Sys., Inc.*, No. 2:06-CV-473, 2009 WL 3571350, at *3 (E.D. Tex. Oct. 26, 2009) (denying motion for summary judgment on obviousness despite lack

of expert testimony). There are non-technical distinctions between revising a file and creating a new file, and ColorQuick does not contend that this issue requires expert testimony to understand. *See Fiber Sys. Int'l*, 2009 WL 3571350, at *3.

Even apart from Zwang's testimony, sufficient evidence exists for a jury to find that the '149 patent was obvious in light of Vistaprint.com Release 5.1. Vistaprint's fact witnesses will testify to secondary considerations of obviousness and to the distinction between revising a file and creating a new file. Wong's opinions on the function/way/result test are also evidence of obviousness. Though the analytical frameworks for infringement under the doctrine of equivalents and invalidity by obvious are distinct, a jury could conclude that creating a new file rather than revising an old file would be obvious based on Wong's testimony that

> Vistaprint is performing substantially the same function of matching the output PDL image file to the manipulations made to the image display of the still image proxy in substantially the same way. It uses the high-resolution PDF and the information about the manipulations as the input to generate the final PDF file. Vistaprint achieves the same result of matching manipulations regardless of whether it creates a separate PDF file or revises the high-resolution PDF file.

(Wong Expert Report, (Dkt. 142, Ex. A) at ¶ 68.) Finally, the jury can use common sense to assess whether the distinction between revising and creating would have been obvious. *See Perfect Web Techs.*, 587 F.3d at 1329.

## II. CONCLUSION

For the above reasons, ColorQuick L.L.C.'s Emergency Motion *in Limine* to Exclude Any Evidence, Testimony, or Reference to Release 5.1 of Vistaprint.com as an Obviousness Reference should be denied.

| | |
|---|---|
| DATED: June 20, 2011 | COOLEY LLP |
| | */s/ Brian P. Wikner*<br>Brian P. Wikner<br>Thomas J. Friel<br>Matthew P. Gubiotti<br>Five Palo Alto Square<br>3000 El Camino Real<br>Palo Alto, CA 94306<br>tfriel@cooley.com<br>mgubiotti@cooley.com<br>bwikner@cooley.com<br>(650) 843-5000 |
| | Christopher Campbell<br>One Freedom Square<br>Reston Town Center<br>11951 Freedom Drive<br>Reston, VA 20190<br>ccampbell@cooley.com<br>(703) 456-8133 |
| | Charles Ainsworth, Esq.<br>Parker, Bunt & Ainsworth, P.C.<br>100 E. Ferguson, Ste. 1114<br>Tyler, TX 75702<br>charley@pbatyler.com<br>Tel: (903) 531-3535<br>Fax: (903) 533-9687 |
| | **Attorneys for Defendant Vistaprint Limited** |

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by facsimile and/or U.S. First Class Mail on June 20, 2011.

                                                                                                                _/s/ Brian P. Wikner_____