**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| COLORQUICK, L.L.C., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | No. 6:09-CV-323 |
| v. | § | |
| | § | JURY DEMANDED |
| VISTAPRINT LIMITED, and | § | |
| OFFICEMAX INCORPORATED, | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S EMERGENCY
MOTION TO PRECLUDE EXPERT TESTIMONY BY ALAN RATLIFF**

Patrick J. Conroy
State Bar No. 24012448
Justin B. Kimble
State Bar No. 24036909
Derek N. Johnson
State Bar No. 24060027
Timothy T. Wang
State Bar No. 24067927
Daniel F. Olejko
State Bar No. 205512
**SHORE CHAN BRAGALONE
DEPUMPO LLP**
901 Main Street, Suite 3300
Dallas, Texas 75202
(214) 593-9110 Telephone
(214) 593-9111 Facsimile

ATTORNEYS FOR PLAINTIFF
COLORQUICK, L.L.C.

ColorQuick, L.L.C. ("ColorQuick") respectfully submits this sur-reply in opposition to Vistaprint Limited's ("Vistaprint") Emergency Motion to Preclude Expert Testimony by Alan Ratliff ("Motion to Preclude").

## I. ARGUMENTS AND AUTHORITIES

**A. Vistaprint's Motion Is Procedurally Improper and Moot in Light of the Court's Prior Rulings.**

Vistaprint makes no attempt to rebut ColorQuick's arguments that the Motion to Preclude is both procedurally improper and moot. Rather than provide any good cause for its untimely motion—which is required to justify its attempt to modify the Court's scheduling order—it brazenly dismisses ColorQuick's arguments as "confusing" and "unpersuasive." But, the facts are clear. Vistaprint has been in possession of Mr. Ratliff's report since December 2011. Nevertheless, it waited until well after the Court's March 2011 deadline for the filing of *Daubert* motions to challenge the reliability of Mr. Ratliff's opinion. The Court should not permit such flagrant abuse of judicial authority, especially at this late stage of the case when the prejudice to ColorQuick self-evident. Furthermore, Vistaprint's Motion to Preclude is now clearly moot—the Court has considered and rejected these very arguments when it denied Vistaprint's motion for judgment as a matter of law.[1]

**B. Mr. Ratliff's Analysis Does Not Employ the Entire Market Value Rule.**

As discussed in ColorQuick's response brief, Mr. Ratliff's analysis did not employ the entire market value rule. Indeed, both Mr. Bakewell and Mr. Ratliff use the ***exact same royalty base***. Vistaprint's counsel admitted this very fact at the pretrial hearing before Magistrate Judge Love. Nevertheless, Vistaprint continues to confusingly assert that ColorQuick failed to properly apportion the royalty base as required by the entire market value rule. This case is in no way

---

[1] (Trial Tr., June 22, 2011, afternoon, 1:00 P.M., at 203).

_____
**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S EMERGENCY**
**MOTION TO PRECLUDE TESTIMONY BY ALAN RATLIFF**                       **Page 1**

similar to *Lucent Techs., Inc. v. Gateway, Inc.*,[2] which involved a royalty base that comprised revenues related to an entire software product (Microsoft Outlook), when the patented invention only related to an insignificant function (a date picker), with little or no evidence of actual use.[3] Vistaprint's reliance on *Lucent Techs., Inc. v. Microsoft Corp.*,[4] is distinguishable for the same reasons—it again involved a disputed royalty base that comprised revenues related to the entire software product, which failed to account that the patented technology was just a small feature of a larger product. Here, there is simply no dispute as to the royalty base, which accounted only for sales of products created by the patented technology.

C. **Mr. Ratliff Properly Considered Industrial Surveys in Arriving at a Royalty Rate; His Conclusion that There Are No *Acceptable*, Non-Infringing Alternatives Is Supported by Dr. Wong's Uncontradicted Testimony.**

Mr. Ratliff's testimony makes clear that, while he considered industrial surveys as part of his analysis under the *Georgia-Pacific* factors, he did not adopt the rates present in the surveys in calculating his royalty rate, but instead used them as just one data point and made downward adjustments:

> We also had data available on internet and software licenses. They have what's called a mean and a median. The median sort of takes out all the extremes, sort of gets down to what the midpoint in the licenses.
>
> So looking at that midpoint, looking at major technology, again, I tried to see what kind of range of rates those studies suggested, but, again, I knew those studies included things more than just a single patent.
>
> Again, using the published data, I made downward adjustments and based on the range of rates there again, something hovered in the range of 4 to 6 percent generally. ***So, again, didn't use that directly, but I knew it; put it on the side as another data point***.[5]

---

[2] 580 F.3d 1301 (Fed. Cir. 2009).
[3] *Id.* at 1317-18 1323.
[4] No. 3:07-cv-02000H (S.D. Cal. June 16, 2011).
[5] (Trial Tr., June 21, 2011, afternoon, at 144).

---

Furthermore, Mr. Ratliff was entitled to rely on Dr. Wong's opinion that EPS was not an *acceptable*, non-infringing alternative:

> Well, maybe that can be summed up in one quick statement, which is we have – or I have never heard in my entire career any company anywhere around the world, and I mean a technology company, that would describe what it is doing today and go back to technologies of 10 years ago.[6]

Vistaprint has presented absolutely *no evidence* to the contrary.

## II.   CONCLUSION

For the foregoing reasons and the reasons stated in its response brief, ColorQuick respectfully urges the Court to deny Vistaprint's Emergency Motion to Strike the Testimony of Alan Ratliff.

---

[6] (*Id.* at 32).

___

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S EMERGENCY
MOTION TO PRECLUDE TESTIMONY BY ALAN RATLIFF**                              **Page 3**

Dated: June 23, 2011  Respectfully submitted,

*/s/ Justin B. Kimble*
Patrick J. Conroy
State Bar No. 24012448
Justin B. Kimble
State Bar No. 24036909
Derek N. Johnson
State Bar No. 24060027
Timothy T. Wang
State Bar No. 24067927
Daniel F. Olejko
State Bar No. 205512
**SHORE CHAN BRAGALONE DEPUMPO LLP**
901 Main Street, Suite 3300
Dallas, Texas 75202
(214) 593-9110 Telephone
(214) 593-9111 Facsimile

ATTORNEYS FOR PLAINTIFF
COLORQUICK, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed **PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S EMERGENCY MOTION TO PRECLUDE TESTIMONY OF ALAN RATLIFF** with the clerk of court for the United States District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

June 23, 2011  */s/ Justin B. Kimble*
Date